

FILED by _____ D.C.

ELECTRONIC

**Apr. 30, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division

| | |
|---|---|
| CARIDAD MARQUEZ | ) Case No.: **12-cv-10041 MARTINEZ/MCALILEY** |
|     Defendant/Counter-Plaintiff , Pro se | ) |
| | ) Judge's Name: |
| vs. | ) |
| | ) Trial By Jury |
| WACHOVIA MORTAGE, F.S.B., | ) |
| f/k/a WORLD SAVINGS BANK, | ) |
| WELLS FARGO BANK, et. al | ) |
|     Plaintiffs/Counter-Defendants | ) |
| _____/ | |

## <u>COUNTER - CLAIM</u>

COMES NOW, the Defendant/Counter-Plaintiff, Caridad Marquez, Pro se brings this action upon the court for the violations of The Federal Civil Rights Act of 1871. There is nothing in the Constitution or the law derived from it that can justify a violation of anyone's Civil and Constitutional Rights. There is no evidence to justify that the Defendant/Counter-Plaintiff, Caridad Marquez has waived her Citizenship Immunity, neither is there evidence to justify that she has waived the Rights and Privileges of Equal Protection of the Law. Nor is there any reason to subject her to Servitude or Slavery, without giving up her Citizenship for breaking any law. There are no circumstances, nor are there justifications for depriving a living person of their right to due process of law and in support thereof states as follows:

1.    Caridad Marquez is named as the Defendant/Counter-Plaintiff filing this Counter Claim action according to Federal Rule 13 and Requires Joinder of Parties as stated in Rule 19. In a civil action originally filed on December 04, 2008 by Wachovia Mortgage, FSB, f/k/a, World Savings Bank. Wells Fargo Bank, et al., as Plaintiffs/Counter-Defendants, via the

Plaintiffs/Counter-Defendant's Legal Counsel Clay A. Holtsinger, Esq, of Kass, of Shuler, Solomon, Spector, Foyle & Singer, PA., From the Circuit Court of the Sixteenth Judicial Circuit for Monroe County Case No. 2008-CA-200972P.

2.      The Defendant/Counter-Plaintiff, Caridad Marquez is determine to file this Counter-Claim having, had, and due to the serious violations of the Defendant/Counter-Plaintiff's Civil Rights, and removed to this Court properly pursuant to Title 28 U.S.C. Chapter 89 § 1443. The Circuit Court of the Sixteenth Judicial Circuit of Monroe lack jurisdiction due the violation of the Civil Rights. *A court "cannot confer jurisdiction where none existed and cannot make a void proceeding valid." Gowdy v Baltimore and Ohio R.R. Company.: 385 III. 86, 92, 52 N.E. 2d 255 (1943)*.

3.      Pursuant to Title 28 U.S.C. § 1446(d), written notice of this removal will be provided to all adverse parties, and a copy of this notice of removal will be filed with the Clerk in Circuit Court of the Sixteenth Judicial Circuit and for Monroe County, Florida.

4.      The filing Notice of removal is timely, pursuant to Title 28 U.S.C. § 1446(b).

5.      The documents comprising "**Exhibit B-1 & Exhibit B-2**" is a copy of the Defendant/Counter-Plaintiff, Caridad Marquez's Affidavit of Truth which is made to support this Counter-Claim, "*the Court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)*" wherein trying to summarize OVER 300 pages of written motions in the Sixteenth Judicial Circuit Court which strangely, have not been properly heard by the Honorable Luis M. Garcia.

6.      The documents comprising "**Exhibit B-1 & Exhibit B-2**" is a copy of Affidavit of Truth trying to summarize the actions by Clay A. Holtsinger, Esq, Florida Bar No.: 294330 of

Kass, Shuler, Solomon, Spector, Foyle & Singer, PA., and Michelle De Vera, Esq. Florida Bar No.: 0036809, George G. Mahfood, Esq. Florida Bar No.:  0077356 of Broad And Cassel. whom have committed fraud and violated the US Constitution, Florida Constitution and Bill of Rights of the Defendant/Counter Plaintiff Caridad Marquez.   Said attorneys have also violated the "OATH" that they have taken.

7.      On the Plaintiffs/Counter-Defendants' Complaint filed December 04, 2008, in General Allegations Paragraph 5, they allege "Plaintiff now owns and is the holder of the Note and Mortgage",  and reiterate said statement in Count I Paragraph 13, in reference to the Defendant/Counter-Plaintiff's property so mention within said Complaint. Yet, clearly in Count II of Paragraph 19 they allege "The Note and Mortgage owned by Plaintiff, copies of which are attached to the Complaint, have been lost or misplaced."  And Count II Paragraph 22 "Plaintiff cannot reasonably obtain possession of the instruments because the whereabouts of the instruments cannot be determined."

8.      Being that the Plaintiffs/Counter-Defendants failed to file a timely "Enforcement Of Lost Instrument", nor act on it by having a proper hearing to "Enforcement Of Lost Instrument", the Plaintiffs/Counter-Defendants time of limitation ran out.  Hence, they could not proceed in that manner.  Please note "**Exhibit C**".

9.      On 01/10/2011 assuredly out of desperation the Plaintiffs/Counter–defendant's filed an alleged "Original Note & Mortgage", without informing or providing notice to the Plaintiff/Counter-Defendant .  Said, allege "Original Note & Mortgage" is an utter forgery and fraudulent document.

10.      The clerk staff of Monroe County, were disrespectful, rude, verbally abusive, there were times that they would refuse to provide the Defendant/Counter-Plaintiff Caridad

Marquez's own Case file to review, would not want to provide her copies of her own Case file at times as well.  The Judges' JA would not want to provide the Defendant/Counter-Plaintiff Caridad Marquez, proper assistance in obtaining Court Hearing dates.  Said staff would schedule a hearing date for the Defendant/Counter Plaintiff Caridad Marquez, then change the Court date without informing the Defendant/Counter Plaintiff Caridad Marquez.  Said staff was completely unprofessional and treated the Defendant/Counter-Plaintiff Caridad Marquez with utter deliberate indifference. When the Defendant/Counter-Plaintiff Caridad Marquez requested their names, said Monroe County staff refused to provide them and stated that they were under no obligation to do so.  Not only did they do this to the Defendant/Counter-Plaintiff Caridad Marquez, but to her legal counsel at the time James E. Orth, Jr.  Please note "**Exhibit D**".

11.     The Defendant/Counter-Plaintiff Caridad Marquez brings this action pursuant to *18 § 241 (Conspiracy against rights),  18 § 242  (Deprivation of rights under color of law),  42 § 1981 (Equal rights under the law), 42 § 1982. (Property rights of citizens),  42 USC § 1983 (Civil Action For Deprivation Of Rights), 42 § 1985 (Conspiracy to interfere with civil rights), 42 § 1986 (Action for neglect to prevent), 42 § 1987 (Prosecution of violation of certain laws), 42 § 1988 (Proceedings in vindication of civil rights), 42 § 1989 (United States magistrate judges; appointment of persons to execute warrants), 42 § 5532 (c) (Fraudulent concealment.), 28 USC § 1443 - Civil Rights Cases, 18 USC § 1521 - Retaliating Against A Federal Judge Or Federal Law Enforcement Officer By False Claim Or Slander Of Title, , Title 18 USC § 2 Principals,  Title 18 USC § 4 - Misprision of felony,  Title 18 USC § 6 Department and agency defined, Florida Statutes Title XLIV Chapter 760/ 760.021 - Discrimination In The Treatment Of Persons; Minority Representation Civil and INVOKES the jurisdiction of this Court pursuant to Amendment IV, Amendment V, Amendment VI,*

*Amendment XIII and Amendment XIV*.  At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this Court.

12.     Wachovia Mortgage, FSB, f/k/a World Savings Bank, Wells Fargo Bank, being the Plaintiffs/Counter-Defendants and Clay A. Holtsinger, Esq, Florida Bar No.: 294330  of Kass, Shuler, Solomon, Spector, Foyle & Singer, PA., and Michelle De Vera, Esq. Florida Bar No.: 0036809, George G. Mahfood, Esq. Florida Bar No.:  0077356 of Broad And Cassel, being the Plaintiffs/Counter-Defendants Legal Counsel have committed fraud, Civil Rights Violation and Constitutional Violations. The Jurisdiction in this matter has been challenged as a necessary requirement of due process of law.

13.     In this instant matter, this court failed, pursuant to Article III Section 2 of the Constitution of the United States of America as amended 1791 with the Bill of Rights, as they declared the Constitution Supreme Law of the Land, to conform to and function pursuant to this specific Article of the Constitution by ensuring that the matter involving the Defendants in error be presented and heard in a judicial proceeding conducted in a proper venue thereof, thereby insuring the in Court and the lawful deciding of this matter, trial by jury, be preserved. See *Johnson v. Zerbst, 304 U.S., 458, 468. "If the Bill of Rights is not complied with, the court no longer has jurisdiction to proceed.   The judgment... pronounced by a court without jurisdiction is void"*.

14.     The Honorable Luis M. Garcia acting as Judge of the Sixteenth Judicial Circuit, in contradiction to Article VI Section 2 of the National Constitution, has perjured his sworn and subscribed Official Oath by his actions on the record and thereby made this Honorable court

Constitutionally Defective and without lawful authority to render any decision, in open court and on the record by failing to ensure that:

15.     This proceeding be conducted in a court that conformed to and function in accordance with Article III Section 2 of the Federal Constitution as the only court that can hear matters of the People, *See Cooper v. Aaron, 358 U.S. Ct. 1401, 3 L. Ed. 2d 5 (1958) "State government officials are bound to comply with Supreme Court rulings and court orders based upon the Supreme Court's interpretation of the Constitution.  The United States Constitution is the Supreme Law of the Land per the Supremacy Clause of Article VI.  In Marbury v. Madison, the Federal Judiciary was declared the Supreme Authority with respect to Constitutional interpretation. Marbury v. Madison has been respected by this Court and the nation as a permanent and indispensable component of the American constitutional system of government."*

16.     In deciding and ruling on the Motion for Summary Judgment in this instant matter that it was done impartially and without bias. *See Rook v. Rook, 233 Va 92, 95, 353 SE2d 756, 758 (1987) "A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction"* the Honorable Luis M. Garcia, by his own actions, allowed the foregoing Constitutional failures and allowed fraud to be placed upon the court thereby leaving the court in want of subject matter jurisdiction at minimum and repeatedly so.  These failures of the court by said Judge's own actions, contradiction those to his sworn Oath and in direct opposition to the mandates of the National Constitution and established Rules of Procedure and Evidence, thereby rendered the court Constitutionally defective and without

Lawful Jurisdiction. *See State v. Sutton, 63 Minn. 147 65 NW 262 30 ALR 660, "When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it." See :  World Wide Volkswagon v. Woodsen. 444 U.S., 286. 291. "A judgment rendered in violation of due process is void." Johnson v. Zerbst, 304 U.S.,* 458, 468. *" If the Bill of Rights is not complied with, the court no longer has jurisdiction to proceed.  The judgment… pronounced by a court without jurisdiction is void…".*

12.     The Defendant/Counter-Plaintiff, Caridad Marquez was unable to criticize The Honorable Judge, Luis M. Garcia and cannot understanding how he allowed the violation of the Constitution and Laws. The Defendant/Counter-Plaintiff, Caridad Marquez calls upon this court under title 18 § 2382 and asks for protection from the Honorable Judge, Luis M. Garcia despite his outstanding professional career, he is acting inappropriately and against his Oath and principles.  For unknown reasons, the Judge is acting with serious deterioration in his behavior. The Judge has denied all the Defendant/Counter-Plaintiff, Caridad Marquez's  Motion Despite serious evidence of fraud and corruption. The Judge did not allow the Defendant/Counter-Plaintiff, Caridad Marquez to speak in her own defense as required by law. However, he has granted all or most of all the Plaintiffs/Counter-Defendants motions and pleadings. the Defendant/Counter-Plaintiff,  Caridad Marquez's Civil Rights have been blatantly violated.

13.     The Defendant/Counter-Plaintiff, Caridad Marquez begs this Honorable Court to enter an Order protecting said property, from the Plaintiffs/Counter-Defendants and their Legal counsel.  As well as to inform this Honorable Court, that the Defendant/Counter-Plaintiff, Caridad Marquez holds and has more interest in said property, than any other party.  And has filed a "Public Notice To Public And Private Concerns".   Please note "**Exhibit E & Exhibit F** ".

14.    The contention that the law provides no effective remedy for such a deprivation of rights affecting life and liberty, it may well be said — as in Mooney v. Holohan, 294 U.S. 103, 113 — that it "falls with the premise." To deprive a citizen of his only effective remedy would not only be contrary to the "rudimentary demands of justice" [21] but destructive of a constitutional guaranty specifically designed to prevent injustice.

## MEMORANDUM OF LAW

The elemental foundations and purpose of a Summary Judgment Hearing be complied with and upheld pursuant to Rule 56(c). *See Celotex Corp. v. Catrett 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), "Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. "*

Stump v. Sparkman, 435 U.S. 349 (1978) and Dennis v. Sparks, 449 U.S. 24 it was found that judges were really not acting in a malicious and corrupt manner and the proofs also showed that. Congress, by its words and meaning, enacted the Civil Rights Act of 1871 and that meaning included judges to be held responsible to an injured plaintiff for the deprivation of Constitutional Rights. Any judge making a case finding to the contrary is hereby challenged as unconstitutional and unlawful. No Court has ever challenged the Constitutionality of the Civil Rights Act of 1871, and therefore said Congressional enacted legislation stands as law. The only way to change an act of Congress is by an act of Congress. No judge can change it and any such findings and changes are not to be upheld in Federal Courts as lawful. No changes in the wording have ever been made to Title 42 U.S.C. 1981, 1985, 1986 and 1988 and therefore these Congressional enacted laws are enforceable in the Federal Courts. The only change made to Title 42 U.S.C.

1983 took place in 1979. At this time the words "or the District of Columbia" were inserted following "Territory". If any judges or persons representing judges had wanted to make a change this would have been an opportune time to do so. No action was ever taken to change the wording of the law and it remains as such today.

Judges are not immune for their no judicial activities, i.e., activities which are ministerial or administrative in nature." Santiago v. City of Philadelphia, 435 F. Supp. 136

It is the duty of the courts to be watchful for CONSTITUTIONAL RIGHTS of the citizen, against any stealthy encroachments thereon." Boyd v. U.S., 116 US 616, 635, (1885)

" The judicial branch has only one duty --- to lay the article of the Constitution which is involved beside the statue which is challenged and to decide whether the latter squares with the former. . .the only power it (the Court) has. . .is the power of judgment." U.S. v. Butler, 297 US (1936).

**WHEREFORE,** the Defendant/Counter-Plaintiff, Caridad Marquez, because the law and the facts are clear and unambiguous regarding the magnitude of the void in this ruling, in keeping with lawful precedent and to ensure that all of the civil rights are not further violated. The Defendant/Counter-Plaintiff, Caridad Marquez, respectfully prays and begs this Honorable Court to grant this Counter Claim and such other and further relief as this Court deems just and proper under the above circumstances.

By: *Caridad Marquez* ©                Date:  April 30, 2012
Caridad Marquez, Pro Se
7532 SW 122nd Court
Miami, Florida 33183
Telephone: (772)882-2430

<u>**CERTIFICATE OF SERVICE**</u>

I certify that service of the Notice of Removal will be made upon the following by

depositing a copy in the United States mail, this 30 day of April, 2012.


BROAD AND CASSEL
George G. Mahfood, Esq. - Florida Bar No.:  0077356
Michelle De Vera, Esq. - Florida Bar No.:  0036809
One Biscayne Tower, 21st Floor
Miami, Florida 33131
Tel. 305-373-9400
Fax. 305-995-6437

Kass, Shuler, Solomon, Spector, Foyle & Singer, PA.          Clerk of the Circuit Court
Clay A. Holtsinger, Esq. - Florida Bar No.: 294330           Circuit Civil Division
1505 N. Florida Avenue                                        88820 Overseas Highway
Tampa, Florida 33601                                          Plantation Key, Florida 33070
813-229-0900



By: _Caridad Marquez_                          Date:  April 30, 2012
    Caridad Marquez, Pro Se
    7532 SW 122nd Court
    Miami, Florida 33183
    Telephone: (772)882-2430

Exhibit B-1

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL
CIRCUIT IN AND FOR MONROE COUNTY, FLORIDA

WACHOVIA MORTGAGE FSB, f/k/a           Case No.: 2008-CA200972P
WORLD SAVINGS BANK, FSB

     Plaintiff,

vs.

CARIDAD MARQUEZ, et. al.

     Defendant, Pro se

_____/

## DEFENDANT AFFIDAVIT OF TRUTH IN OPOSITION TO SUMMARY JUDGMENT AND PROPOSED SALE

Defendant, CARIDAD MARQUEZ, proceeding Pro se, in the above mentioned matter pursuant

Florida Rules of Civil Procedures 1.100; 1.140 (b); 1.540 (b) (3) (b) (4) files this Affidavit in

Opposition to Summary Judgment and request the Court to cancel the sale, vacate Summary

Judgment based upon fraud on the Court and Plaintiff lack of legal standing to enforce this

foreclosure action an as grounds thereof states as follows:

    The undersigned Affiant Caridad Marquez (Authorized Representative), hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury U.S.C. Title 28 § 1746.and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if  called upon as a witness, Affiant will testify to their veracity.

## PLAIN STATEMENT OF FACTS

Please let it be known that I, Caridad Marquez am a victim to the forgoing injustice against my family and I over the property located at 33 Seagate BL, Key Largo, FL 33037 and these are the facts to the best of my knowledge.

01. On **December 4, 2008**, Wachovia Mortgage filed the Complaint in this action wherein the Wachovia Mortgage alleged the Promissory Note was lost, or destroyed prior to the filing of the lawsuit. Wachovia Mortgage sought reestablishment of the lost note, Case No. 2008-CA 972-P.  There are six reasons for this foreclosure complaint to be illegal:

02. On **February 6, 2009**, I filed an Answer.

03. On **October 04, 2010**, I sent Wachovia Mortgage, FSB "Legal Notice, Validation of Proof of Claim", Certified Mail #: 7009 0820 0001 8991 5092.

04. On **November 05, 2011**, I sent To Wachovia Mortgage a Demand For Debt Validation.

05. On **November 08, 2010**, I received a computer generated printout letter of Wachovia Mortgage, being extremely vague.

06. On **December 08, 2010**, I sent Wachovia Mortgage  a letter, Requesting (QWR) Demand Full Disclosure, Point by Point, Certified Number #:  7010 1060 0000 3079 0150.

07. On **December 08, 2010**, I sent Wachovia Mortgage, a Default Provision under The (QWR), Certified Number #:  7010 1060 0000 3079 0150.

08. On **January 10, 2011**, without leave of court or permission of my person, Wachovia Mortgage filed what it alleged to be the original promissory note and mortgage. Which means the Plaintiffs were lying, within their prior statements.

09. On or about **January 10, 2011**, I, by and through prior legal counsel, Kenneth Eric Trent, filed an Answer, Affirmative Defenses & Counterclaim in this action.

10. Wachovia Mortgage never responded if they are the true owners of the Note and Mortgage.

11. On **November 05, 2011**, I sent Wachovia Mortgage a Demand For Debt Validation.

12. On **November 14, 2011**, Wachovia Mortgage, received documentation Return Receipt No, RA 641 144 703 US. No Response was provided.

13. On **November 14, 2011**, I filed a Rebuttal To Witness List and Exhibit List.

14. On **December 21, 2011**, I filed a Motion To Set Aside All Actions Taken.

15. On **December 27, 2011**, I filed an Opposition to Summary Judgment.

16. On **December 27, 2011**, I Sent Wachovia Mortgage, a Request For Admissions,

17. On **December 27, 2011**, I sent Wachovia Mortgage, Request For Production of Documents.

18. On **December 27, 2011**, I sent Wachovia Mortgage, a Request For, First Set of Interrogatories To The Plaintiff.

19. On **December 27, 2011**, my last counsels James E. Orth, Jr. and George Gingo entered their appearance on behalf of my person.

20. On **January 4, 2012**, a hearing was held on the Wachovia Mortgage's Motion for Summary Judgment wherein both the Wachovia Mortgage's Counsel and my last Counsels James E. Orth, Jr. and George Gingo  were under the mutually mistaken belief that the original promissory note had been filed in the court's record on **January 10, 2011.**

21. No evidence was offered as the any facts surrounding the claim to reestablish a lost promissory note.

22. The Court withheld its ruling on the Wachovia Mortgage's Motion pending evidence of payment of the documentary tax stamp by Wachovia Mortgage.

23. On or about **January 17, 2012** my last counsels James E. Orth, Jr. and George Gingo appeared at the Courthouse to review the court file.  The Clerk of Court refused to allow my last counsels James E. Orth, Jr. and George Gingo access to the Court file. (Affidavit of James E. Orth, Jr. to be filed with the Court subsequent to the filing of Motion Requesting A Rehearing in order to preserve my rights to a rehearing.)  The Clerk of Court made a copy of the alleged Original Note as it was found on January 17, 2012.  (Affidavit of James E. Orth, Jr.)  There was no signature page on the document.  (Affidavit of James E. Orth, Jr.).

24. On **February 1, 2012**, a Pre-Trial conference was held in which my last Counsel James E. Orth, Jr. advised the Court and Wachovia Mortgage's Counsel that there was no signature page located in the Court file on the alleged original note.  The Court responded: "It will be a short trial then."

25. On **February 28, 2012**, three days prior to the scheduled trial, the Court granted a "Default Judgment" on the case.

26. No Motion for Default Judgment was presented to the Court.

27. The Court failed to rule on the Motion for Summary Judgment.

28. I am Objecting to the Order entered on **02/28/2012** and also The Wachovia Mortgage's "Motion To Correct Clerical Error In Final Judgment of Foreclosure, in which I am Objecting to said fact, due to the so mentioned in this motion.

29. On **03/07/2011**, I filed a Motion To Withdraw Legal Counsel of Record And Continue To Proceed Pro se.

30. On **03/07/2012.** I filed Defendant's Motion In Objection To Order Entered 02/28/2012; Defendant's Motion To Cancel The Sale; Vacate Summary Judgment And Requesting For Evidentiary Hearing.

31. On **03/07/2012,** I filed Defendant Motion In Opposition To Summary Judgment Order Entered 02/28/2012; Defendant's Motion To Cancel The Sale And Change of Title; Vacate Summary Judgment And Request For Evidentiary Hearing.

32. on **03/08/2012,** I filed Defendant Caridad Marquez's Motion For Rehearing of Plaintiff's Motion For Default Judgment of Foreclosure / Plaintiff's Motion For A Summary Final J judgment of Foreclosure; Petition To Vacate Summary Final Judgment of Foreclosure And Objection To Plaintiff's Motion To Correct Clerical Error In Final Judgment of Foreclosure.

33. On **03/08/2012 at 5:15PM,** I had an e-mail sent directing to Ms. Kathleen Lavelle – Administrative Assistant II, Requesting a Court Hearing date before March 27, 2012, with the Honorable Judge Luis Garcia.

34. On **03/09/2012 at 8:03AM,** Ms. Kathleen Lavelle replied to said e-mail and I quote: "The earliest hearing date available is April 10 @ 10:30 am. We have no dates set before that in March. Let me know how that works or not and we can look at other dates and times".

35. On **03/12/2012,** I filed a Motion Requesting An Emergency Hearing

36. On **03/12/2012 at 11:23AM,** I had an e-mail sent directing to Ms. Kathleen Lavelle –

Administrative Assistant II, Requesting that a Hearing be set for 04/10/2012 at 10:30AM, for a total of 20 minutes, as to permit both the above so mentioned motions to be heard, by the Honorable Judge Luis Garcia.

37. On **03/12/2012 at 1:37PM**, Ms. Kathleen Lavelle replied to said e-mail and I quote: "OK! I have scheduled in at 10:30 on April 10 for 2 motions. I need to know which 2 motions will be heard by the Judge. Please reply asap."

38. On **03/12/2012 at 1:52PM**, I had an e-mail sent directing to Ms. Kathleen Lavelle – Administrative Assistant II, providing the information requested.

39. On **03/12/2012 at 2:05PM**, Ms. Kathleen Lavelle replied to said e-mail and I quote: Thank you!

40. On **03/13/2012**, I reviewed the docket of said case over the internet, and verified that said Court hearing was scheduled for 04/10/2012 at 10:30AM.

41. On **03/15/2012**, I received a Notice of Hearing, in reference to the My Motions, with a new hearing date of 04/03/2012 at 11:30AM.

42. On **03/15/2012**, I reviewed the docket of said case over the internet again, and verified that said Court hearing date of 04/10/2012 at 10:30AM was removed from the docket.

43. The Plaintiff changed the Court Hearing date that I had already scheduled with Ms. Kathleen Lavelle, without the consent of my person.

44. I am unable to attend the Court Hearing date of 04/03/2012, because the I will be undergoing medical treatments outside of the State of Florida. Being that The Defendant had already arranged a Court Hearing date of 04/10/2012, as per the statement of Ms. Kathleen Lavelle – Administrative Assistant II, stating there were no hearings available until 04/10/2012.

45. I cannot change my medical treatment dates, and will not be able to attend said Court Hearing date of 04/03/2012.  Please note

46. **03/16/2011**, I filed a Motion To Reschedule Hearing For 04/03/2011 And Have It Returned Back To The Proper And Original Date of 04/10/2012 or Later.

47. On **03/19/2012**, James Orth Jr, Esq., Filed his Affidavit.

48. on **03/21/2012**, I filed an Affidavit of Caridad Marquez of Request & Notification, please note my previous motion filed 03/16/2012 as to not be repetitious.

49. Wachovia Mortgage is not the " originator Mortgage nor of the Note, searched" the loan originator World Savings Bank had given any assignment of mortgage to anyone due to their assets were behold in receivership until, 2008.

50. There is no such evidence as a recorded Assignment of Mortgage in Monroe County Clerk of Courts giving any standing to World Savings Bank. See Public Records.

51. There is no such evidence as an Original Note and Mortgage.

52. It is a fact Lis Pendens were recorded by the same Attorney Kass Shuler ,Clay A. Holtsinger.

53. The Law Offices  Kass Shuler, Solomon, Spector; foreclosure proceedings were improper and also signed by the Attorney.

54. Wachovia Mortgage has failed in response request of Caridad Marquez to Validate the Debt.

55. Pursuant to section 90.953, Florida Statutes, (2002), Florida's code of evidence, the plaintiff in a mortgage foreclosure must present the original promissory note; a duplicate of a note is not admissible. Plaintiff filed a complaint without proper standing and made material misrepresentations in their pleadings.

56. The **"Lost Promissory Note"** lawsuit is reaching high levels of popularity, especially in the present backlash against mortgage-backed securities. The reason is that the original note is long gone as it has been most likely sold, or most likely assigned or securitized in a stream of transactions. **Without the original Note, the deed of trust is a "nullity" and there is no proof the borrower ever incurred the debt.**

57. On December 4, 2008, the Plaintiff filed the Complaint in this action wherein the Plaintiff alleged the Promissory Note was lost, or destroyed. Plaintiff sought reestablishment of the lost note. The filing of the alleged Original Promissory Note on January 10, 2011 was in violation of the Florida Rules of Civil Procedure and case law. The filing of a supposedly original promissory note after an Answer has been filed in the action without leave of Court or permission of the Defendant violated 1.190(a) Fla. R. Civ. P.

58. On January 10, 2011, without leave of court or permission of the Defendant, the Plaintiff filed what it alleged to be the original promissory note. In Feltus v. U.S. Bank National Association, --- So.3d ----, 2012 WL 246464 (2nd DCA Jan 20, 2012) the District Court of Appeals held that where:

"U.S. Bank's reply of June 4, 2010, was the only pleading in which it alleged that the note was no longer lost, and it was the only pleading to which a copy of the alleged original note was attached [] [t]he reply could not serve as an amended complaint because U.S. Bank had not secured leave of court or Feltus's written consent to amend its complaint after Feltus filed her answer and affirmative defenses. See Fla. R. Civ. P. 1.190(a). A pleading filed in violation of rule 1.190(a) is a nullity, and the controversy should be determined based on the properly filed pleadings. Warner–Lambert Co. v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983)."

59. On January 4, 2012, a hearing was held on the Plaintiff's Motion for Summary Judgment wherein both the Plaintiff's Counsel and Defense Counsel were under the mutually mistaken belief that the original promissory note had been filed in the court's record on January 10, 2011.

60. No evidence was offered as the any facts surrounding the claim to reestablish a lost promissory note. Defendant denies the authenticity of affidavits and documents presented in support to this foreclosure action. Plaintiff violated Public Notary Laws in the State of Florida by creating and allowing creating false documents on its behalf and filing it with the Clerk of the Court.

61. The Plaintiff has the burden to conclusively establish the nonexistence of a disputed issue of material fact and entitlement to judgment as a matter of law rests squarely with the movant. **Gee v. U.S. Bank,**72 So.3d 211, 214 (5th DCA 2011) In Gee, the Court held that "because U.S. Bank's motion did not address any facts or law pertaining to its entitlement to summary judgment on its claims to reestablish the lost instruments; the trial court erred in entering summary judgment on these grounds." Id.

62. **Here, this case is squarely on point with Gee,** The Plaintiff failed to allege any facts in Support of its assertion that the original promissory note **was LOST PRIOR** to the filing of this action in support of its motion for summary judgment. The Plaintiff failed to offer any evidence to support a claim that the original promissory note **was LOST AFTER** the case was initiated.

63. The Plaintiff failed to offer any facts at summary judgment or within the affidavits in support thereof to establish the elements to reestablish a lost instrument and Summary Judgment hereon must be denied.

64. Here, the Defendant filed an Answer to the Complaint on February 6, 2009. Here, the Defendant filed a responsive pleading and defended the action. No Motion for Default Judgment was presented to the Court. Default Judgment was inappropriate. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1)mistake, inadvertence, surprise. 1.540(b) Fla. R.Civ.P.

65. Plaintiff defaulted the term of 2 weeks given to pay Documentary Taxes by Court order dated January 4, 2012 **(See court order).** It was ratified on hearing February 1, 2012 when

Honorable Judge Garcia his Assistant verified that taxes still pending to be paid therefore Judgment should be reversed. In fact Documentary Taxes were paid February 9, 2012 check # 57891 from

66. The Plaintiff failed to offer any facts at summary judgment or within the affidavits in support thereof to establish the elements to reestablish a lost instrument and Summary Judgment thereon must be denied.

67. Here, the Defendant filed an Answer to the Complaint on February 6, 2009. Here, the Defendant filed a responsive pleading and defended the action. No Motion for Default Judgment was presented to the Court. Default Judgment was inappropriate. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1)mistake, inadvertence, surprise. 1.540(b) Fla. R.Civ.P.

68. The Plaintiff defaulted the term of 2 weeks given to pay Documentary Taxes by Court order dated January 4, 2012 **(See court order)**. It was ratified on hearing February 1, 2012 when Honorable Judge Garcia his Assistant verified that taxes still pending to be paid therefore Judgment should be reversed. In fact Documentary Taxes were paid February 9, 2012 check # 57891 from BROAD & CASSEL and cashed by MONROE COUNTY February 15, 2012 far away  from the terms of two weeks ordered by this Honorable Court .Can be verified with court transcripts hearing January 4, 2012 **(EXHIBIT A)**.

69.  Please note attachment in support of the Affidavit.  **(EXHIBIT B)**.

70. The Plaintiff gave false testimony to this Honorable Court when during the hearing on February 1, 2012 they showed to Honorable court a copy of one check to demonstrate that Documentary Taxes were paid. Defendant is requesting to plaintiff counsel to provide copy  of Court Transcripts but  Plaintiff refuses blatantly to produce it to mask their fraudulent behavior. **Pursuant FRCP 1.540 the court may relieve a party or a party's legal representative from a final judgment.**

71. The Plaintiff is claiming that they are the owner and holder of the note, which **is a fraudulent statement.** Never introduce evidence to support their allegations. Our case as a thousand cases in the State of Florida show an scheme of defraud in violation of Fla. St. 817.034(3)(c)(d) and (4)(a)(1)(c).This is a common mode operands for most of the Servicers like Plaintiff.

72. Pursuant to section 90.953, Florida Statutes, (2002), Florida's code of evidence, the plaintiff in a mortgage foreclosure must present the original promissory note; a duplicate of a note is not admissible. Plaintiff filed a complaint without proper standing and made material misrepresentations in their pleadings.

73. The **"Lost Promissory Note" lawsuit is reaching high levels of popularity, especially in the present backlash against mortgage-backed securities.** The reason is that the original note is long gone as it has been sold, or assigned or securitized in a stream of transactions. **Without the original Note, the deed of trust is a "nullity" and there is no proof the borrower ever incurred the debt.**

74. On December 4, 2008, the Plaintiff filed the Complaint in this action wherein the Plaintiff alleged the Promissory Note was lost, or destroyed. Plaintiff sought reestablishment of the lost note. The filing of the alleged Original Promissory Note on January 10, 2011 was in violation of the Florida Rules of Civil Procedure and case law.
    The filing of a supposedly original promissory note after an Answer has been filed in the Action without leave of Court or permission of the Defendant violated 1.190(a) Fla. R. Civ. P.

75. On January 10, 2011, without leave of court or permission of the Defendant, the Plaintiff filed what it alleged to be the original promissory note.  In Feltus v. U.S. Bank National Association, --- So.3d ----, 2012 WL 246464 (2nd DCA Jan 20, 2012) the District Court of Appeals held that where:

"U.S. Bank's reply of June 4, 2010, was the only pleading in which it alleged that the note was no longer lost, and it was the only pleading to which a copy of the alleged original note was attached [] [t]he reply could not serve as an amended complaint because U.S. Bank had not secured leave of court or Feltus's written consent to amend its complaint after Feltus filed her answer and affirmative defenses. See Fla. R. Civ. P. 1.190(a). A

pleading filed in violation of rule 1.190(a) is a nullity, and the controversy should be determined based on the properly filed pleadings. Warner–Lambert Co. v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983)."

76. On January 4, 2012, a hearing was held on the Plaintiff's Motion for Summary Judgment wherein both the Plaintiff's Counsel and Defense Counsel were under the mutually mistaken belief that the original promissory note had been filed in the court's record on J January 10,2011.

77. No evidence was offered as the any facts surrounding the claim to reestablish a lost promissory note. Defendant deny the authenticity of affidavits and documents presented in support to this foreclosure action. Plaintiff violated Public Notary Laws in the State of Florida y creating and allowing creating false documents on its behalf and filing it with the Clerk of the Court.

78. The Plaintiff has the burden to conclusively establish the nonexistence of a disputed issue of material fact and entitlement to judgment as a matter of law rests squarely with the movant. **Gee v. U.S. Bank,**72 So.3d 211, 214 (5th DCA 2011) In Gee, the Court held that "because U.S. Bank's motion did not address any facts or law pertaining to its entitlement to summary judgment on its claims to reestablish the lost instruments; the trial court erred in entering summary judgment on these grounds." Id.

79. **Here, this case is squarely on point with Gee,** The Plaintiff failed to allege any facts in Support of its assertion that the original promissory note **was LOST PRIOR** to the filing Of this action in support of its motion for summary judgment. The Plaintiff failed to offer any evidence to support a claim that the original promissory note **was LOST AFTER** the case was initiated.

80. The Plaintiff failed to offer any facts at summary judgment or within the affidavits in support thereof to establish the elements to reestablish a lost instrument and Summary Judgment thereon must be denied.

81. Here, the Defendant filed an Answer to the Complaint on February 6, 2009. Here, the Defendant filed a responsive pleading and defended the action. No Motion for Default Judgment was presented to the Court. Default Judgment was inappropriate. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1)mistake, inadvertence, surprise. 1.540(b) Fla. R.Civ.P.

82. Plaintiff defaulted the term of 2 weeks given to pay Documentary Taxes by Court order dated January 4, 2012 **(See court order).** It was ratified on hearing February 1, 2012 when Honorable Judge Garcia his Assistant verified that taxes still pending to be paid therefore Judgment should be reversed. In fact Documentary Taxes were paid February 9, 2012 check # 57891 from BROAD & CASSEL and cashed by MONROE COUNTY February 15, 2012 far away from the terms of two weeks ordered by this Honorable Court Can be verified with court transcripts hearing January 4, 2012 **(EXHIBIT A).**

83. The Plaintiff gave false testimony to this Honorable Court when during the hearing on February 1, 2012 they showed to Honorable court a copy of one check to demonstrate that Documentary Taxes were paid. Defendant is requesting to plaintiff counsel to provide copy of Court Transcripts but Plaintiff refuses blatantly to produce it to mask their fraudulent behavior. **Pursuant FRCP 1.540the court may relieve a party or a party's legal representative from a final judgment.**

84. Plaintiff is claiming that they are the owner and holder of the note, which **is a fraudulent statement.** Never introduce evidence to support their allegations. Our case as a thousand cases in the State of Florida show an scheme of defraud in violation of Fla. St. 817.034(3)(c)(d) and (4)(a)(1)(c).This is common mode operands for most of the Servicers like Plaintiff.

85. The Summary Judgment should be reversed because the Plaintiff did not file the note and mortgage at the time of filing the complaint opposed to the statutory requirements of being included with the filing of the complaint. In an attempt to cover up their sham pleading Plaintiff

made the false statement that supposedly Original Note and Mortgage was filed in this Court on January 10, 2011 almost one year later after the complaint was filed. Procedurally is illegal and Contrary to plaintiff Assertions Court Records do not show any of this documents are in the Court file corroborated personally by Defendant and their counsel.

86. On or about January 17, 2012, Defendants' counsel appeared at the Courthouse to review the court file. The Clerk of Court refused to allow Defense Counsel access to the Court file.(Affidavit of James E. Orth, Jr filed in order to preserve the Defendant's rights. **As Exhibit B)** The Clerk of Court made a copy of the alleged Original Note as it was found on January 17,2012. (Affidavit of James E. Orth, Jr.) There was no signature page on the document.(Affidavit of James E. Orth, Jr.)17- On February 1, 2012, a Pre-Trial conference was held in which Defense Counsel James E. Orth, Jr. advised the Court and Plaintiff's Counsel that there was no signature page located in the Court file on the alleged original note**. The Court responded: "It will be a short trial then** on February 28, 2012, three days prior to the scheduled trial, the Court granted a "Default Judgment" on the case.

87. Original Promissory Note and Mortgage should be filed at least twenty days before of the hearing, as required by rule 1.510(c) and 1.510(e).Failure to abide by these rules also require reversing the order of summary judgment Verizo, **28 So. 3d at 977-78 Mack vs. Commercial Indust. Park, Inc. 2d 800(Florida 4**[th]** DCA 1989).It never happened in this case.**

88. This court overlooked the fact that Plaintiff was filing a complaint **without** present or file the Note and without having being recorded a valid assignment prior or at the time Plaintiff filed the complaint at least to prove has minimum standing to attempt the Foreclosure in completely opposition to statutory requirements.

89. The Supreme Court of Florida required as of February 11, 2010, that all residential foreclosure Complaint be verified .**Booker vs. Sarasota, Inc. 707So 2d 886-889(Florida 1**[st]** DCA1998).**The trial court held, when considering motion for summary judgment in an

action of a Promissory Note, was, **not permitted to simply assume that the plaintiff was the holder** of the note in the absence of verified evidence of proof. **I request this be done and receive proof of same.**

90. Plaintiff Affidavits in support to Summary Judgment do not support the plaintiff assertion that it owns and hold the note and mortgage. Affiant declaration Defendant objected as **"incompetent hearsay"** by persons with no personal knowledge. Affidavits presented in support to summary judgment fails to support Plaintiff Complaint offering contradictory evidence of Plaintiff assertions. **Florida Rules of Evidence 90.802 Hearsay Rule states "hearsay is inadmissible''.** The Affidavits rely on unverified, unauthenticated, inadmissible hearsay records of an alleged predecessor in interest and cannot support summary judgment.

91. **Plaintiff does not own the Note and has failed to endorse the note, to show a certificate of Corporate succession, and/or to execute an assignment of mortgage. Plaintiff made** various breaches of duty as they relate to accounting, assignments and substitution of trustee.

92. For a mortgage loan to be included into this trust it MUST include a recorded Assignment **(Which it never had)** as wells an Original Note, both endorsed or "Pay to the order of'', as trustee **with a full chain of endorsement from originator to trustee.** Under the Plaintiffs own filed bogus documents, their assignment was not executed. **A Broken Chain of Assignments renders the "Deed of Trust" Void and Unenforceable under UCC 3-201, 3-204 & 3-302.**

**UCC 3-204 provide in part:(d) If an <u>instrument</u> is payable to a holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection**

93. Bank's put mortgages into securitized Trusts which are then sold to investors. **The Bank use Securitized Trusts as a tax shelter**, and many times Banks do not record their Assignment with the Comptroller's office. Most likely is that they sold the Note to

investors and no longer have possession or even ownership. **These banks which have not paid taxes, did not record an assignment proving ownership, sold the Note to investors and still try to foreclose on your property to get a windfall should be punished.**

94. The promissory note is not, nor was it ever, indorsed to Wachovia Mortgage. As such, by operation law, The Plaintiff cannot be a "holder" of the subject note and mortgage. Based upon the fact that the Plaintiff cannot be a "holder" **and admits it is only a servicer** at best, the Plaintiff's affidavits fail to support the Complaint's assertion that it owns and holds the note and mortgage. Reviewing the records does not constitute Personal knowledge thereof. Simply stating that affidavit is made on personal knowledge is legally insufficient. **Iglesias vs. City of Miami Beach, 487 So. 2d 1205 (Fla. 3d DCA).**

95. **It should be noted:**

**NOWHERE WITHIN THE AFFIDAVITS DID THEY ALLEGE THAT THE DOCUMENTS REVIEWED WERE TRUE AND UNDER PERJURY OR PENALTY AS REQUIRED BY LAW IN A FORECLOSURE ACTION.**

On February 11, 2010 Florida Supreme Court amended FRCP 1.110(b) and provide in part 'the document" shall include an oath, affirmation or the following statement: "Under penalty of perjury". The primary purpose is to incentive for the Plaintiff to appropriately investigate and verify its ownership of the note or right to enforce the note. Plaintiff affidavit do not meet this criteria therefore procedurally is incorrect.

96. Plaintiff made **various breaches of duty as they relate to accounting, assignments and substitution of trustee.**

**Florida Statutes 673.4041"Impostors; fictitious payees" (2) provide in part: the following rules apply until the instrument is negotiated by special endorsement (b) An endorsement by any person in the name of the payee stated in the instrument is effective as the endorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection.(3) Under subsection (1) or subsection (2), an endorsement**

is made in the name of a payee if:(a) It is made in a name substantially similar to that of the payee.

The note contains no blank endorsement. As such, by operation of law, the Plaintiff cannot be "holder" of subject note and mortgage.

97. Florida Statutes 673.4051"Employer's responsibility for fraudulent endorsement" provide in Part: (b) "Fraudulent endorsement" means":

1-In the case of an instrument payable to the employer, a forged endorsement purporting to be that of the employer; or

2. In the case of an instrument with respect to which the employer is the issuer, a forged endorsement purporting to be that of the person identified as payee. Fraud in the factum makes a note void ab initio.

98. The plaintiff lack of ownership of the mortgage and promissory note in this case goes to the heart of its claim of standing, permeates the entire proceeding and subverts the integrity of the action. Metropolitan Dade County v. Martinsen, 736so. 2d 794 (Fla. 3rd DCA 1999). Court may not assume the truth of allegations in a pleading which is contradicted by Affidavit Data Disc, Inc. vs. Systems Tech Assocs. Inc. 557 F 2d 1280(9th 1977).

99. Plaintiff is neither an owner nor a holder and thus has failed to state cause of action. The Plaintiff has failed to submit sufficient admissible evidence to support ownership and holdership. Failure to state a cause of action, unlikely technical deficiencies, is a fatal pleading deficiency. "Lascar Intern. Inc. v. Carballo, 957 So. 2d 1191, 1193 (Fla. 3rd DCA 2007).

100. Base on information and belief the Note has been securitized. I did not authorized the Securitization. The securitization converts the note in unenforceable instrument. The law does not prohibit sell or transfer the note but do not authorize to convert into a security. When the note is securitized changes from enforceable instrument to

unenforceable instrument therefore cannot be transferred and least likely sold. **Plaintiff is trying to change their status and pretend to be a holder after was securitized.**

101. Securitization documents represent a **CLAIM of ownership** and no evidence such actually exists. **The <u>ORIGINAL NOTE</u> should always be brought to Court whenever it is questioned in a proceeding.** Plaintiff does not own and hold the note. The Mortgage /Note and documents in support it claims are a fraudulent document. Defendant demand strict, clear and convincing evidence **Pursuant to Florida Statutes 673.3081about authenticity all documents.**

102. I deny the authenticity, terms and conditions and authority of all signatures on my note pursuant UCC 3-308. This includes my signature as I understood that I was loaned from the lender named within the four corners of the document. The substance of the transaction I executed was quite different. I was deceived by fraud or trickery into signing a document when I wasn't aware. **This is really fraud in the factum. Fraud makes a note voidable.**

**673.3081 Proof of signatures and status as holder in due course provide in part:**

**(1) In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument..**

103. **This Affidavit also serves as a LAWFUL NOTICE. I request and demand Plaintiff present an Original Mortgage and Note with the ORIGINAL BLUE INK paperwork I** signed the day of closing the loan . If the NOTE can't be produced with me blue ink signature, there is no note that can be lawfully collected against me. Anything less than the ORIGINAL document is a forgery and not admissible as legal tender. Certified copies will not be accepted.

104. **The <u>ORIGINAL NOTE</u> should always be brought to Court whenever it is questioned in a proceeding.** Plaintiff does not own and hold the note. The Mortgage /Note and documents in support it claims are a fraudulent document. Defendant demand strict, clear and convincing evidence **Pursuant to Florida Statutes 673.3081about authenticity all documents**

105. **Summary judgment is appropriate only upon record proof not assumptions.** Is a reversible error for a Court to enter summary judgment when there is a relevant discovery

pending...**Kimball v. Public Supermarket, Inc 901 So. 2d 293, 295 (Fla. 2d DCA2005)**.Plaintiff in order to mask their illegal actions refused to provide the discovery requested by Defendant. Under FRCP incomplete answers is treated as no answer.

106. Owner of loan are undisclosed investors who purchased the mortgage .True balance of the loan is unknown .Default most likely does not exist by virtue of advances and insurance payments. The homeowner, the servicer, nor the trustee will be able to determine loan status until a complete accounting of all debits and credits, including but not limited to, all 3rd party payment proceeds.

107. In the case of residential mortgages, a **"Creditor"** is a legal entity or group of entities persons under the law who has advanced money for the funding of mortgage loans. The **creditor in this instance can be generically described as an Investor**. Plaintiff has never been the real party in interest.

108. Plaintiff failed to produce documentary evidence that they are the real party in interest therefore their status limits their authority to act or take any action in this case. When Plaintiff in a foreclosure action is not identified on the note or mortgage must introduce documentation but not limited to a trust or assignments executed before the action was commenced . 2007 WL 4034554 at *1 (N.D. Ohio 2007) ;demonstrating that it is the owner and the holder of the note. A separate entity cannot maintain suit on a note payable to another entity unless the requirements of Rule 1.210(a) of the Florida Rules of Civil Procedure are met.

109.The existence and identity of the real parties in interest was withheld in the closing and servicing of the loan. Participants fail to meet one of requirements for HDC status: 1) in good faith. **The unknown and undisclosed Investors constitute the only Creditor presumed to exist until contrary evidence is presented. So far Plaintiff never introduces any evidence to support their allegations that they are the" owner and holder "of the Note.**

**110.** Therefore if there remain any Creditors, pursuant to the Note, they are the unidentified Investors .All other parties are intermediary or representative or disinterested like Plaintiff. Total fees and profits generated by the creation to loan were actually never provided to the Borrower/Investors. The only way this could be accomplished was by preventing both the Borrower and the Investor from accessing the true information.

111. It is unlikely that any HDC exists. Hence the loan product sold to the subject homeowner included a Promissory Note that was evidence of a real obligation that arose when the transaction was funded but lost its negotiability in the securitization process, which thus bars anyone from successfully claiming HDC status

112.. I presume that the only reason why the Plaintiff would refuse to provide the identity of the Lender/Creditor is that they either doesn't know, don't care or are hiding something. It is my opinion that the answer can fairly be stated as all three.

113. Plaintiff do not have Constitutional Standing because funds proceeds from 3rd party payments; **the investor/creditor.**

114. The Plaintiff has the burden to proof that is the "owner and holder" and there is no evidence Of holdership, ownership and right to enforce, when applying the proper legal standard.
**<u>The Plaintiff does not legally own the Note or at least it has not been proven.</u>**

This Foreclosure is illegal, invalid and void is because Wachovia Mortgage  has no right nor standing to foreclose on this property. The Law firm that filed said complaint was The Law Offices of Kass, Shuler which has been on the news and news papers for their illegal foreclosure proceedings. The Attorney whom filed said complaint and instructed said case was Clay A Holtsinger.

In said Complaint  Wachovia Mortgage, F.S.B. alleges under "COUNT I" number five (5) that the Plaintiff or Wachovia  Mortgage owns and holds the Note & Mortgage, which is contradicting to the allegation on the Complaints Title and under  "COUNT II" allegations seventeen (17) and twenty (20) the Original Note and Mortgage lost, destroyed or stolen.

In this Case U.S. Wachovia Mortgage . does not have the Note and Mortgage and therefore claim in said Complaint under allegation number four (4) Wachovia Mortgage states that said Mortgage had been assigned to them; however the complaint and original summons failed to supply a copy of said assignment of Mortgage and None have ever been filed in the County Clerks Recorders Office which is a violation of Florida Statutes 559.715, 559.72 and once again proving that Wachovia Mortgage. has no Right or Standing to pursue a foreclosure action against me .

Wachovia Mortgage's Complaint  under allegation number eight (8) states that all conditions precedent to the acceleration of the Mortgage Note had occurred, however the Summons issued to  me, lacks any proof that said conditions had been met and also proves that it is a false statement.

Another clear indication of the Fraud and the Foreclosure Factory the Law Offices of Kass Shuler had, is that in this Case against me the Lis Pendens were recorded allegedly by the same person Clay A, Holtsinger . However, if you take a look at the signatures it is obvious that one was a forgery and it is unclear why it was recorded and documented, This is falsification of Documents and obvious lack of Control within said Law Firm.

On **October 04, 2010**, I sent Wachovia Mortgage & Wells Fargo Bank a Legal Notice of Validation of Debt/ Proof of Claim/ Qualified Written Request, Mortgage Fraud Complaints were also sent to the Federal Trade Commission and Florida State Attorney Bill McCollum, On **December 07, 2010** a Second RESPA request was sent as a chance to right their wrong through a Notary Presentment, as of this present day Defendant have not received any answer to said Legal Notice. Hence, making Plaintiff's failure to response a violation of Title 12 U.S.C. § 2605, Title 15 U.S.C. § 1692d (§806 Florida Fair Debt Collection Practice hereafter "FDCPA"), § 1692e (§807 FDCPA), §1692f (§ 808 FDCPA), § 1692g (§ 809 FDCPA), and § 1681i (§611 Fair Credit Reporting Act hereafter "FCRA"), §1681s-2 (§623 FCRA). Plaintiffs also failed to supply proof of claim upon a written presentment by a third party Notary in violation of Title 12 U.S.C.. Chapter 27 § 2605, Florida Statutes 673.5011(U.C.C. § 3-501) and Florida Statues 673.5021 ( U.C.C. § 3-502). However, again Wachovia Mortgage & Wells Fargo Bank failed to Validate said Debt in Violation of the Fair Debt Collection Practice Act, while continually proving to have NO standing to pursue this foreclosure.

The Florida Rule 1.110(b) is amended to require verification of mortgage foreclosure complaints involving residential real property. The primary purposes of this amendment are (1) to provide incentive for the plaintiff to appropriately investigate and verify its ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate; (2) to conserve judicial resources that are currently being wasted on inappropriately pleaded "lost note" counts and inconsistent allegations; (3) to prevent the wasting of judicial resources and harm to defendants resulting from suits brought by plaintiffs not entitled to enforce the note; and (4) to give trial courts greater authority to sanction plaintiffs who make false allegations.

Wachovia Mortgage., Kass Shuler. and now in continuing this foreclosure is committing Fraud, Corruption, Fabrication, and Misuse of Title. Wells Fargo Bank. have broken and failed to follow any and all protocols and procedures in an effort to enforce a foreclosure action without having any authority to do so in violation of all Florida Statute, Rules of Procedure, and Defendants legal rights to a proper and valid due process of Law.

Any action against my person must be fully described in writing, issued by a court of law, signed by a judge, and sworn on oath, no person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation, no person to be deprived of anything without due process; or abridging the freedom of speech, all rights belong to the people some are stated some are not, the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized, no law-abiding person shall be forced to act against his will, all government power comes from the consent of the people governed, all persons born or naturalized are US citizens and protected by US Constitution, all persons equally protected and restricted by law, no person to hold office if he rebels against or violates US Constitution (treason), no state shall make or enforce any law limiting rights of US Constitution, all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. no state shall deprive anyone of anything without fair trial, no state shall set anyone above the common man, no state shall work against US Constitution with anyone, no state shall declare war on a person (resort to force) in violation of Constitution, no state shall allow any person or group to make a law, judge on it, and punish under it, no person or group can make a law, judge on it, and punish under it, no controlling agency shall harass a US citizen (mixed war/treason), no controlling agency shall be formed in violation of US Constitution, the US to protect every citizen against personal attack or attack on rights, **"This Constitution is the Supreme Law of the Land"**, all law makers court officials and enforcement officers are bound by oath to the US Constitution. See Unites States Constitution Articles and Amendments.

Despite all this Evidence of Fraud and the Facts that Wachovia Mortgage & Wells Fargo Bank. has no Standing to Enforce this Foreclosure, Defense of Response to any of our Motion, therefore, this Complaint is Void, Null and should be dismissed with prejudice for Lack of Standing and Wachovia Mortgage & Wells Fargo Bank. failure to be the True Party In Interest.


## _CONCLUSION_

How in GOD's name has so much law, so many facts, so much FRAUD been totally ignored, just to serve the interests of the parties who created such Colossal Disaster?

In 99 percent of the residential foreclosure cases, plaintiffs are asking the court to accept promissory note copy as the original because it is presumed lost." Why are judges all across this country just ignoring all of this?

Plaintiff is neither an owner nor a holder and thus has failed to state cause of action. The

Plaintiff has failed to submit sufficient admissible evidence to overcome this Defendant

Statement. Plaintiff have manipulated the Judicial System with malice intent in order to obtain a

Judgment without evidence to support said claim, violating all protocols and procedure in an

effort to obtain what they sought after.

By: _____

Caridad Marquez, Pro se
7532 SW122 CT
Miami, Florida  33183

STATE OF FLORIDA          )
COUNTY OF MIAMI-DADE      )

    I hereby Certify that on this day, before me, an officer duly authorized to administer oath and take acknowledgements, personally appeared _____ known to me to be the person(s) described in and who executed the foregoing instrument, who acknowledged before me that they executed the same, and an oath was not taken ( Check one)  X Said person(s) are personally known to me. __Said person(s) provided the following type of Identification_____

Witness My Hand and OFFICIAL SEAL in the County
and State last aforesaid this:

____ day of _____, 2012

_____
Notary Signature

_____
Notary Printed Name

**NOTARY SEAL**

EFRAIN GALVEZ
MY COMMISSION # DD834791
EXPIRES: November 30, 2012
Fl. Notary Discount Assoc. Co.
1-800-3-NOTARY

*EXHbiT C*

## IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
## IN AND FOR MONROE COUNTY, FLORIDA

WACHOVIA MORTGAGE FSB, f/k/a
WORLD SAVINGS BANK, FSB

Case No.: 2008-CA-200972P

        Plaintiff,

v.

CARIDAD MARQUEZ, et. al.,

        Defendant,

_____/

Received by Monroe County Clerk's Office

12/27/11 By PLW

## DEFENDANTS, CARIDAD MARQUEZ'S, OPPOSITION TO PLAINTIFF'S MOTION
## FOR SUMMARY FINAL JUDGMENT OF FORECLOSURE

      Defendant, Caridad Marquez, files this Opposition to Plaintiff's Motion For Summary
Final Judgment, and in support thereof states:

### I.

### STANDARD

      Summary judgment is only proper when there are no genuine issues of material fact and
when the moving party is entitled to judgment as a matter of law.  Fla. R. Civ. P. 1.510(c);
Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000);

      "Given the vastly increased number of foreclosure filings in Florida's courts over the past
two years, which volume has taxed both litigants and the judicial system and increased the risk
of paperwork errors, it is especially important that trial courts abide by the proper standards and
apply the proper burdens of proof when considering a summary judgment motion in a
foreclosure proceeding." BAC Funding Consortium, Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.
3d 936, 939 (Fla. 2d DCA 2010).

      At summary judgment, the trial court cannot make factual findings.  In Berkow v.
Isaevna, 983 So.2d 1242, 1243 (Fla. 3rd DCA 2008) the Court held that at summary judgment,
the court cannot weigh testimony or make factual findings.  See also, Bitz v. Ed Knox Clu &
Associates, 721 So.2d 823, 824-825 (Fla. 3rd DCA 1998) (trial court elected to believe appellee's

Prepared with assistance of Counsel

representative." *See also* <u>Taylor v. Deutsche Bank Nat. Trust. Co.,</u> 44 So. 3d 618, 622 (Fla. 5th DCA 2010); <u>BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques</u>, 28 So. 3d 936, 938 (Fla. 2d DCA 2010).

Here, there is a factual dispute as to the standing of this Plaintiff to bring this action. The Plaintiff's Complaint alleged, "Plaintiff now owns and is the holder of the Note and Mortgage." (Complaint, para 5.)

Plaintiff's affidavits in support of summary judgment fail to support this assertion. In fact, Belinda Nova, alleged Vice President of Loan Documentation for Wells Fargo Bank, N.A., asserts in her Affidavit in Support of Summary Judgment that the Plaintiff is the "holder" of the note and mortgage. (Affidavit, p. 2, para. 5). This constitutes a legal conclusion and is not supported by facts within her affidavit. Further, nowhere in her Affidavit does she ever indicate the Plaintiff owns the subject note and mortgage. Ms. Nova asserts Plaintiff is the "holder" by the name change of World Savings Bank, FSB to Wachovia Mortgage, F.S.B and a subsequent merger with Wells Fargo Bank, N.A. However, no facts are asserted alleging the World Savings Bank, FSB owned and held the note and mortgage at the time of name change and the subsequent merger to Wells Fargo Bank N.A. On the contrary, an additional affidavit submitted by the Plaintiff reveals the Plaintiff does not own and hold the note and mortgage as alleged within the Complaint.

The Affidavit As To Amounts Due and Owing also fails to support the Plaintiff's complaint as to ownership of the note and mortgage and offers contradictory evidence to the Plaintiff's assertion of ownership. Within said affidavit, Claudia L. Herrera states, "Affiant is Vice President of Loan Documentation, of WELLS FARGO BANK, N.A., (hereinafter "Wells Fargo") the **servicer** of the mortgage loan that is the subject of the above-styled action." (emphasis added).

The Plaintiff submitted alleged business records along with Ms. Herrera's affidavit which further reveal the Plaintiff is intentionally attempting to withhold the true identity of the owner and holder of the note while failing to disclose to this court that its assertion of ownership is a fraudulent allegation. Within the documents attached to Ms. Herrera's Affidavit, we find the following:

Page 1, Investor 081

Multiple pages, the identity of the Investor is masked by a black marker.

Page 24, Investor number 24056

There remains a factual dispute as to the ownership of the note and mortgage. This Plaintiff does not own the note and has presented no admissible evidence to support its assertion that it obtained the servicing rights for the subject note and mortgage by way of name change and merger. Servicing rights are not negotiable instruments and are subject to contract law. The Plaintiff has not filed any evidence of a servicing contract and its right to service and foreclose this loan, and thus its standing to bring this suit remain in dispute.

**B. Inadmissible Hearsay and Lack of Factual Basis to Support of Conclusory Assertions**

Conclusory evidence is insufficient as evidence at trial and likewise insufficient to support entry of summary judgment. Supporting affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.." Florida Department of Financial Services v. Associated Industries Insurance Company, Inc., 868 So. 2d 600 (Fla. 1st DCA 2004)

Rule 1.510(e), Fla.R.Civ.P provides

The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be **admissible in evidence** ("summary judgment evidence") on which the movant relies. (emphasis added)

"Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Bifulco v. State Farm Mutual Auto. Insurance Company, 693 So.2d 707 (Fla. 4th DCA 1997)

An affidavit predicated upon inadmissible hearsay cannot be used in support of or opposition to a motion for summary judgment. Mullan v. Bishop of the Diocese of Orlando, 540 So.2d 174, 14 Fla. L. Weekly 691 (Fla. App. 5 Dist., 1989), citing Ham v. Heintzelman's Ford, 256 So.2d 264 (Fla. 4th DCA 1971) and Page v. Staley, 226 So.2d 129 (Fla. 4th DCA 1969)).

Prepared with assistance of Counsel

Plaintiff's Affiants Belinda Nova and Claudia L. Herrera both attempt to offer unauthenticated and non-notarized documents along with their affidavits. Specifically, Exhibit A of Ms. Nova's Affidavit is a letter from the Office of Thrift Supervision as well as a letter from the Comptroller of Currency. Ms. Nova fails to allege in her affidavit that she was ever employed by the Office of Thrift Supervision or the Comptroller of Currency or that she had personal knowledge and participation in the actual activities identified within the documents - therefore, she lacks any apparent or actual authority to authenticate a document of another entity. As these documents are neither notarized nor authenticated by the Office of Thrift Supervision, an Comptroller of Currency respectively, they constitute inadmissible hearsay pursuant to ss. 90-805 and 90.802 Fla. Stat. 2011. Thus, they cannot support the affiants' assertions of name change and merger.

Ms. Herrera's affidavit contains inadmissible hearsay records in support of her conclusory financial figures and factual assertion of default. The Complaint alleges the default occurred September 1, 2008. Wells Fargo Bank N.A. now asserts its authority by way of the name change of World Savings Bank FSB to Wachovia Mortgage, FSB on December 31, 2007 and a subsequent merger of Wachovia Mortgage FSB to Wells Fargo Bank N.A. on November 1, 2009. Both Affiants are Wells Fargo Bank N.A. employees pursuant to their affidavits.

Neither affiant asserts that she was ever employed by World Savings Bank FSB or Wachovia Mortgage FSB. The default occurred prior to the alleged merger of Wachovia Mortgage FSB with Wells Fargo Bank N.A. Thus, any records of Wells Fargo Bank N.A. must rely entirely upon the records of Wachovia Mortgage FSB. This results in 2 factual problems at summary judgment.

Any records which rely upon Wachovia Bank FSB constitute inadmissible hearsay. A recent Fourth District Court of Appeals case dealt with business records as inadmissible hearsay evidence. In Glarum v. LaSalle Bank National Association, ___ So.3d. ___, No. 4D10-1372, WL 5573941 (4th DCA Sep. 7, 2011), the Court reiterated that documentary evidence may be admitted into evidence as business records if the proponent of the evidence demonstrates the following through a record's custodian: (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in

the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record." (emphasis added)

In *Glarum*, the witness for the servicing company did not know who, how or when the data entries were made into the servicer's computer system. He could not state whether the records were made in the normal course of business. In fact, the witness relied on records supplied by Litton with whose procedures he was even less familiar. The Court held that the affidavit in *Glarum* constituted inadmissible hearsay evidence and reversed the summary judgment of foreclosure.

Here, as in *Glarum*, Wells Fargo Bank N.A. must necessarily rely entirely upon the accuracy of the records of a prior servicer, the data entry, time of entry, process of entry, and accuracy of entry. The Affidavits of Ms. Herrera and Ms. Nova rely on unverified, unauthenticated, inadmissible hearsay records of an alleged predecessor in interest and cannot support summary judgment.

Second, neither Affiant stated she knew the records were kept in the normal course of business by Wachovia Mortgage, FSB. In fact, Ms. Herrera's affidavit asserts that the records were "made at or near the time, by or from information provided by, persons with knowledge of the activity [] by Wells Fargo." (Herrera Affidavit, p. 1, para. 2) This information is clearly in conflict with the assertions of merger made subsequent to default.

Ms. Nova also makes a conclusory assertion that the Defendant did not "opt out" of the class action In Re: Wachovia Corporation "Pick a Payment Mortgage Marketing and Sales Practice Litigation", Case No. 5:09-md-02015-JF. Ms. Nova failed to assert any facts in support of that assertion and failed to provide any documentation in support of said factual conclusion.

Ms. Nova's affidavit failed to assert that the Plaintiff is entitled to enforce the subject note and mortgage. In fact, she merely makes a legal conclusion when she asserts: "Wells Fargo is the holder of the Promissory Note and Mortgage as a result of the name change and merger described in paragraph 2." (Nova Affidavit, p. 2, para. 5).

Florida statutes provide the legal definition of Holder where they provide:

"Holder" means: (a)    The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.  671.201(21) Fla. Stat. 2011.

The promissory note is not, nor was it ever, indorsed to Wachovia Mortgage, FSB or Wells Fargo Bank N.A.  Further, the note contains no blank indorsement.  As such, by operation of law, the Plaintiff cannot be a "holder" of the subject note and mortgage.  Based upon the fact that the Plaintiff cannot be a "holder" and admits it is only a servicer at best, the Plaintiff's affidavits fail to support the Complaint's assertion that it owns and holds the note and mortgage.

Ms. Herrera's personal knowledge was based solely upon the review of the documents upon which she asserts was testifying.  Reviewing the records does not constitute personal knowledge thereof.

It should be noted:

i. NOWHERE WITHIN THE AFFIDAVIT OF CLAUDIA HERRERA DID SHE ALLEGE THAT THE DOCUMENTS ATTACHED TO HER AFFIDAVIT AND IN SUPPORT THEREOF WERE TRUE AND CORRECT.

ii. Nowhere in her affidavit did she authenticate or otherwise state under oath that any of the information contained therein was true and correct.

iii. The Wells Fargo Bank FSB records in support of her affidavit **REFLECT THAT SUMMARY JUDGMENT WAS GRANTED IN THIS ACTION ON MAY 26, 2011.** (Herrera, document in support, p. 8)

iv. **"THIRD PARTY SALE"** occurred on June 7, 2011. (Herrera, document in support, p. 8)

v. **"SALE CONFIRMED"** (Herrera, document in support, p. 8)

vi. The final amount due on the subject loan as reflected on the alleged Wachovia Mortgage, FSB documents does not coincide with the principal amount reflected in Ms. Herrera's Affidavit nor the amount reflected within the Complaint. (Herrera, document in support, p. 41)

### C. Lack of Standing

"Standing has been equated with jurisdiction of the subject matter of litigation and has been held subject to the same rules, one of which is that jurisdiction of the subject matter (thus standing to bring suit) cannot be conferred by consent." Askew v. Hold the Bulkhead Save Our Bays, Inc., 269 So.2d 696, 698 (Fla. 2d DCA 1972); (See also Silver Star Citizen's Committee v. City Council of Orlando, 194 So.2d 681, 682 (Fla.4th DCA1967).) Standing requires that the party prosecuting the action have a sufficient stake in the outcome and that the party bringing the claim be recognized in the law as being a real party in interest entitled to bring the claim.

When exhibits are inconsistent with the Plaintiff's allegations of material fact as to who the real party in interest is, such allegations cancel each other out. Fladell v. Palm Beach County Canvassing Board, 772 So.2d 1240 (Fla. 2000); Greenwald v. Triple D Properties, Inc., 424 So. 2d 185, 187 (Fla. 4th DCA 1983); Costa Bella Development Corp. v. Costa Development Corp., 441 So. 2d 1114 (Fla. 3rd DCA 1983).

Florida Rule of Civil Procedure 1.130(b) provides in pertinent part: "Any exhibit attached to a pleading shall be considered a part thereof for all purposes." The Florida Supreme Court stated that the "determination of standing to sue concerns a court's exercise of [subject matter] jurisdiction to hear and decide the cause pled by the parties." Rogers & Ford Constr. Corp. v. Carlandia Corp., 626 So.2d 1350, 1352 (Fla.1993)  The jurisdictional question can be raised at any time and can never be time-barred.  DeClaire v. Yohanan, 453 So. 375 (Fla. 1984).

There remains a factual dispute as to whether the Plaintiff has standing to bring this action and its evidence is in direct conflict with its assertion of ownership and holdership. As stated above, Ms. Herrera admitted the Plaintiff is the servicer.  Ms. Nova only asserts the Plaintiff is the "holder" by virtue of name change and merger.  Neither position is supported by the evidence before this court and neither assertion supports paragraph 5 of the Complaint to wit: "Plaintiff now owns and is the holder of the Note and Mortgage."

As already indicated, the Plaintiff has failed to assert sufficient facts to support its assertion of standing, ownership, holdership, or right to service this note and mortgage.  In fact, based upon the Plaintiff's affidavits, the action must be dismissed for lack of standing as the Plaintiff does not own the note and mortgage, is not a "holder" under Florida law, and has no apparent or actual authority to bring this suit.

Prepared with assistance of Counsel

### D. Lack of Personal Knowledge of Affiants

An affidavit predicated upon inadmissible hearsay cannot be used in support of or opposition to a motion for summary judgment. Mullan v. Bishop of the Diocese of Orlando, 540 So.2d 174, 14 Fla. L. Weekly 691 (Fla. App. 5 Dist., 1989), citing Ham v. Heintzelman's Ford, 256 So.2d 264 (Fla. 4th DCA 1971) and Page v. Staley, 226 So.2d 129 (Fla. 4th DCA 1969)).

The Plaintiff's "Affidavit in Support of Motion for Final Summary Judgment" which was made by affiant Belinda Nova states: " I personal knowledge of the facts stated in this affidavit and of the documents which are attached to this affidavit."

However, nowhere within the affidavit does the Affiant indicate she was employed by Wachovia Mortgage, FSB during the period that the records were created, nor that she has any knowledge of how or when the documents were created.  There are no facts in support of her blanket conclusion that she has the requisite personal knowledge of accuracy of the records upon which she makes her affidavit.  It is clear that the Affiant did not prepare any of the records in this case and has no personal knowledge upon which to base her affidavit.

Simply stating that an affidavit is made on personal knowledge is legally insufficient. Iglesia v. City of Miami Beach, 487 So. 2d 1205 (Fla. 3d DCA 1986), rev. denied, 494 So. 2d 1151 (Fla. 1986).

The Plaintiff's "Affidavit As To Amounts Due and Owing" which was made by affiant Claudia L. Herrera states: "I acquired personal knowledge of the matters stated herein by personally examining these business records.  A copy of the business record(s) is/are attached."

One does not gain personal knowledge of the time of entry of data and records, by whom they were entered or how that person had knowledge of the accuracy of the data entry by simply reviewing the alleged records.  She provides no factual basis for how she confirmed the data was true and correct.  Ms. Herrera makes a blank conclusory statement with no supporting facts. Further, as already indicated, the records upon which she relied already show that summary judgment was granted in May of 2011 and the property was sold to a third party in June of 2011. In fact, a review of the Court docket and record indicates no activity took place in this action during the period of January 11, 2011 and September 1, 2011, no summary judgment was granted, and no judicial sale took place.  Clearly, the records upon which Ms. Herrera relied were

incorrect and could not support summary judgment without being subject to cross examination at trial.

Ms. Herrera's affidavit is not supported upon personal knowledge and must be struck.

Wherefore, the Plaintiff has not offered facts sufficient to support a motion for summary judgment and summary judgment should be denied.

### D. Must Disprove All Affirmative Defenses

Alejandre v. Deutsche Bank Trust Company Americas, 44 So. 3d 1288 (Fla. 4th DCA 2010), (summary judgment reversed when RESPA, TILA, unclean hands affirmative defenses were not disproved).

### First Affirmative Defense

The Defendant's First Affirmative Defense asserts that the Plaintiff has failed to state a cause of action based upon a missing assignment of mortgage. The Plaintiff's affidavits in support of summary judgment do not support the Plaintiff's assertion that it owns and holds the note and mortgage. As previously stated, the Plaintiff is neither an owner nor a holder and thus has failed to state a cause of action. The Plaintiff has failed to submit sufficient admissible evidence to overcome this affirmative defense.

### Third Affirmative Defense

The Plaintiff has failed to submit evidence sufficient to overcome the Defendant's Third Affirmative Defense. The payment history filed in support of Ms. Herrera's Affidavit - if admitted over objection of the Defendant - illustrate that the Plaintiff failed to credit payments made by the Defendant to the debt owed.

The Defendant was not a member of any designated and recognized class in In Re Wachovia Corporation. The Federal Court in In Re Wachovia Corporation designated three separate classes, A, B, and C. (Affidavit of Claudia L. Herrera, Exhibit 4, pp. 29 of 62 and 30 of 62). Class A consisted of persons who no longer had a Pick-A-Payment loan; Class B consisted of persons who, on December 10, 2010, still had Pick-A-Payment loans and were not in default; Class C consisted of persons who, on December 10, 2010, still had Pick-A-Payment loans and were in default. (Affidavit of Claudia L. Herrera, Exhibit 4, pp. 29 of 62 and 30 of 62). However, all three classes required that the Pick-A-Payment loan were secured by the class

member's primary residence.  (Affidavit of Claudia L. Herrera, Exhibit 4, pp. 29 of 62 and 30 of 62).

Here, the Pick-A-Payment loan did not secure the Defendant's primary residence.  In fact, the subject Note indicated that the property address was 33 Seagate Blvd, Key LArgo, FL 33037-4369 (Note, p. 1, PROPERTY ADDRESS).  The Note further indicated that the Defendant resided at a different address of 7532 SW 122nd CT, MIAMI, FL 33183-3634.  (Note, p. 4, para. 8).  The Note required all notices from the Lender be mailed to the Defendant at the Miami, Florida address.

The subject Mortgage evidences the fact that the secured property was not the Defendant's primary residence.  Section III (i) listed the property address - the secured property - was located at 33 Seagate BLVD, KEY LARGO, FL 33037-4369.  (Mortgage, p. 2, para. III(i)).  The introductory statement to that section provided, "I give Lender rights in the Property described below."  (Mortgage, p. 2, para. III(i)).  The Mortgage also provided that Notices required under the security instrument were to be mailed to the Defendant at 7532 SW 122nd CT, MIAMI, FL 33183-3634.

Clearly, the Defendant did not qualify as a class member of In Re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation (5:09-md-02015-JF).  Due to the fact that the Defendant was not a class member of In Re Wachovia, she is not limited, restricted, or otherwise bound by the waiver of rights to defend or bring suit against the Plaintiff for the alleged illegal mortgage marketing scheme.

Although counsel argue that the Defendant waived any rights against the Plaintiff for illegal marketing of the Pick-A-Payment loans, argument of counsel does not constitute admissible evidence.  Further, the Plaintiff failed to submit any evidence to this Court that the Defendant was a member of the class action lawsuit, In Re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation Class Action Settlement Agreement or that the Defendant failed to "opt out" of the lawsuit and settlement.

The Plaintiff has failed to establish any basis upon which federal law overrides Florida Law where the Plaintiff uses a Court of this state to obtain a judgment for illegal charges, illegal lending practices and intentional failure to disclose material facts in the mortgage contract.

Prepared with assistance of Counsel

evidence over the appellants' and thus, in the process, impermissibly encroached upon the province of the trier of fact); Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3rd DCA 2000) (In ruling for a motion for summary judgment, the court may neither adjudge the credibility of the witnesses nor weigh the evidence.)

It is well-settled law that the appellate courts place the burden on the movant for summary judgment to show conclusively the complete absence of any genuine issue of material fact. A summary judgment motion should not be granted unless the facts are so crystallized that nothing remains but questions of law. Laughlin v. Household Bank, Ltd., 969 So.2d 509, 513 (Fla. 1st DCA 2007). See Millennium Group I, L.L.C. v. Attorneys Title Ins. Fund, Inc., 847 So. 2d 1115, 1117 (Fla. 1st DCA 2003) (reversing summary judgment where trial court failed to take all material allegations of the opposing party as true and failed to take as false all allegations denied by the non-movant). "Generally, '[t]he party moving for summary judgment has the burden to prove conclusively the nonexistence of any genuine issue of material fact.'" Krol 1v. City of Orlando, 778 So. 2d 490, 92 (Fla. 5th DCA 2001), (citing City of Cocoa v. Leffler, 762 So. 2d 1052, 1055 (Fla. 5th DCA 2000) (citing Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966))).

It is the movant's burden to prove the nonexistence of genuine issues of material fact, "and the burden of proving the existence of such issue is not shifted to the opposing party until the movant has successfully met his burden." Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So. 2d 1138, 1140 (Fla. 2d DCA 2000) (quoting Holl, supra, at 44)

The burden of proving existence of such issues is not shifted to opposing party until movant has successfully met his burden. Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966). ("Only when the movant has tendered competent evidence in support of its motion does the burden shift and fall on the non-moving party to come forward with opposing evidence demonstrating that a question of material fact exists." Knight Energy Services, Inc. v. Amoco Oil Co., 660 So.2d 786, 789 (Fla. 4th DCA 1995)

The court must draw every possible inference in favor of the nonmoving party. Kitchen v. Ebonite 6 Recreation Ctrs., Inc., 856 So. 2d 1083, 1085 (Fla. 5th DCA 2003). The slightest doubt

will bar an entry of summary judgment. Mivan (Florida), Inc. v. Metric Constructors, Inc., 857 So. 2d 901, 902 (Fla. 5th DCA 2003).

"Because summary judgment in most instances brings sudden and drastic conclusion to lawsuit, thus foreclosing litigant from benefit of right to trial on merits of claim, caution must be exercised in granting summary judgment, and procedural strictures governing it must be observed." Bifulco v. State Farm Mutual Auto. Insurance Company, 693 So.2d 707, 709 (Fla. 4th DCA 1997).

II.

## SUMMARY JUDGMENT PRECLUDED BY OPERATION OF s. 201.08 Fla. Stat. AND THE ACTION MUST BE DISMISSED WITHOUT PREJUDICE BY OPERATION THEREOF

The Plaintiff failed to comply with Florida law 201.08 - a condition precedent to the enforcement of the promissory note in Florida Courts.

Florida Statute s. 201.08 provides:

On mortgages [] recorded in this state, [] the tax shall be 35 cents on each $100 or fraction thereof of the indebtedness or obligation evidenced thereby. [] When there is both a mortgage, [] or security instrument and a note, [] the tax shall be paid on the mortgage, trust deed or security instrument at the time of recordation. A notation shall me made on the note, certificate of indebtedness, or obligation that the tax has been paid on the mortgage, trust deed or security agreement. [] The mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been paid thereunder has been paid. 201.08(1)(b) Fla. Stat. 2011.

"The case law is well established that, in an action to enforce a promissory note, the documentary taxes must be paid in order for the note to be enforceable in court." WRJ Development, Inc., v. North Ring Limited, 979 So.2d 1046, 1047 (3rd DCA 2008). "Once the court discovers that the documentary taxes have not been paid, the court must dismiss the action without prejudice, or upon proper motion abate the action for a time sufficient to enable the

Prepared with assistance of Counsel

plaintiff to purchase documentary stamps and affix them to the note." <u>Somma v. Metra Electronics Corp.</u>, 727 So.2d 302, 305 (5th DCA 1999)

Failure to pay the documentary stamp tax is not an affirmative defense.   It is a statutory law that precludes enforcement of the note prior to the payment of the tax.  <u>Id.</u>

The Plaintiff submitted an alleged copy of the Mortgage which contained a stamp of the Monroe County Clerk of Court.  This stamp reflects payment of $3,412.50.  A simple computation of the tax owed on the original principal amount of $975,000.00 reveals that the tax due at that time was $3,412.50.  ($975,000.00 / $100.00 x $0.35 = $3,412.50)  However, the Plaintiff in this action did not suing upon the original amount loaned.  The Plaintiff alleged and has brought this action upon an increased principal amount totaling $1,019,330.00.  Pursuant to s. 201.08(b) Fla. Stat. (2011), the total tax due to the Monroe County Clerk of Court is $3,567.65.  No documentary tax stamp has been affixed to the Mortgage or Note evidencing the payment of the additional tax due on the increased principal.

By operation of law, this promissory note and mortgage are not enforceable unless and until the Plaintiff renders the additional tax in the amount of $155.15 to the Monroe County Clerk of Court.

Therefore, the Court must deny summary judgment and must dismiss this action as the Plaintiff has not filed a Motion to Abate the action pending purchase of the tax stamps and affixation thereof to the note.

### FACTUAL DISPUTES

#### A. Lack of Standing

In Florida, the prosecution of a residential mortgage foreclosure action must be by the owner and holder of the mortgage and the note. <u>BAC Funding</u>, 28 So. 3d at 939 (Fla. 2nd DCA 2010) (BAC required to establish, through admissible evidence, that it held the note and mortgage and had standing to foreclose the mortgage before it would be entitled to summary judgment in its favor), <u>Greenwald v. Triple D Properties, Inc.</u>, 424 So. 2d 185, 187 (Fla. 4th DCA 1983), See also Rule 1.210(a), Fla. R. Civ. P. *But see,* <u>In Kahn v. Bank of America, N.A.</u>, 5D10-3288 (5th DCA, April 8, 2011), (where the Court stated "[t]he proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage or the holder's

Therefore, the Plaintiff has failed submit evidence sufficient to overcome the Affirmative Defense of illegal charges added to the debt.

### Sixth Affirmative Defense

The Plaintiff has failed to overcome the Defendant's Sixth Affirmative Defense of lack of standing. Defendant reasserts and re-alleges all arguments and facts as previously stated in section II. C. Lack of Standing as if stated herein. Based thereon, the Plaintiff has failed to overcome this affirmative defense and summary judgment must be denied.

### Seventh Affirmative Defense

The Plaintiff again relies upon the Home Owner's Loan Act, 12 U.S.C. 1461, yet fails to explain how HOLA preempts and precludes a Florida resident from asserting and defending on the basis of lack of standing, lack of ownership, and lack of holdership and a general inability to sue on a promissory note and mortgage. Further, the seventh affirmative defense asserts that the Plaintiff is suing on behalf of an undisclosed entity. The Plaintiff's own affidavits indicate the Plaintiff is the servicer and does not own the note. Therefore, the Plaintiff has failed to overcome, by admissible evidence, the seventh affirmative defense.

### Eighth Affirmative Defense

The Plaintiff failed to submit admissible evidence, and in fact, its Affidavits fail to address the affirmative defense of T.A.R.P. and H.A.M.P. violations of the Plaintiff. Counsel's arguments within its Motion for Summary Judgment do not constitute admissible evidence and cannot overcome this affirmative defense.

Tenth Affirmative Defense

The Defendant asserted that the Plaintiff failed to plead its capacity. The Plaintiff failed entirely to address capacity within its Affidavits and supporting documents. The Plaintiff failed entirely to address how, when, where, why, etc, it came to be the holder of the subject note and mortgage when in fact its affidavits indicate it is only the servicer. Thus, the Plaintiff has failed to overcome the tenth affirmative defense.

### E. Discovery Pending

It is reversible error for a court to enter summary judgment when there is relevant discovery pending. Kimball v. Publix Super Markets, Inc., 901 So.2d. 293, 295 (Fla. 2d DCA

2005); <u>Payne v. Cudjoe Gardens Property Owners Association</u>, 837 So. 2d 458, 461 (Fla. 3d DCA 2002)(where summary judgment reversed when discovery not complete because the facts were not sufficiently developed to enable the trial court to determine whether genuine issues of material facts exist).

On December 26, 2011, discovery was drafted.  On December 27, 2011, discovery was served by first class mail to the Plaintiff's counsel.  This discovery was initiated in order to obtain evidence and present defenses at trial and was not drafted at this late stage merely for the purposes of delay.

Discovery is pending at this time and, therefore, summary judgment should not be granted.

**CONCLUSION**

WHEREFORE, Defendant prays that this Honorable Court deny Plaintiff's Motion for Summary Judgment and for such other and further relief as this Honorable Court deems necessary and just.


Respectfully Submitted,

December 27, 2011


Caridad Marquez
7532 SW 122 Court
Miami, FL 33183



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail, this 27th day of December 2011 to George Mahfood, Broad And Cassel, 2 S. Biscayne Blvd, 21st Floor, Miami, FL 33131.

Caridad Marquez



Prepared with assistance of Counsel

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

"Exhibit D"

WACHOVIA MORTGAGE FSB, f/k/a
WORLD SAVINGS BANK, FSB

Plaintiff,

V.                                      Case No.: 2008-CA-200972P

CARIDAD MARQUEZ, et. al.,
Defendant,
_____/

## AFFIDAVIT OF JAMES E. ORTH, JR.

Respectfully Submitted,
March 21, 2012
_Caridad Marquez_ @
Caridad Marquez
7532 SW 122 Court
Miami, FL 33183

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished
by U.S.
Mail, this 21th day of March 2012 to George Mahfood, Broad And Cassel, 2 S. Biscayne
Blvd, 21st Floor, Miami, FL 33131.

_Caridad Marquez_ @
Caridad Marquez

Received by Monroe County Clerk's Office
Date 3/21/12 By PK

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

WACHOVIA MORTGAGE FSB, f/k/a                    Case No.: 2008-CA-200972P
WORLD SAVINGS BANK, FSB

        Plaintiff,

v.

CARIDAD MARQUEZ, et. al.,

        Defendant,
_____/

### AFFIDAVIT OF JAMES E. ORTH, JR.

I, James E. Orth, Jr., hereby swear as follows:

1.    I am a licensed attorney in the State of Florida and represented the Defendant, Caridad Marquez in this pending action during the period of December 27, 2011 through Wednesday, March 7, 2012 when our representation in this matter was terminated by the Defendant.

2.    This declaration is based upon my personal knowledge, and if called upon as a witness in this matter I could competently testify to the facts as set forth below.

3.    At the January 4, 2012 hearing on Plaintiff's Motion For Summary Judgment, Plaintiff's Counsel George Mahfood advised the Court that the original promissory note was in the Court's file.

4.    On January 17, 2012, I, as counsel of record for the Defendant, appeared at the 16th Judicial Circuit Court located at 88820 Overseas Highway in Plantation Key, Florida, 33070.  Upon arrival, your Affiant contacted the Clerk of Court who refused to allow me access to the Court's file in this action.

5.    The Clerk of Court made your affiant a copy of the alleged original promissory note as it then existed in the court file.  There was no signature page on the document.

6.    On February 1, 2012, towards the end of the Pre-Trial conference, I advised the Court and Plaintiff's Counsel that there was no signature page located in the Court file on the alleged original note.  The Court responded: "It will be a short trial then."

7.  Your affiant then advised the Court that the Clerk of Court refused your affiant access to the Court's file.  The Court then made an order in open court that your affiant and Plaintiff's Counsel George Mahfood could review the entire file in the courtroom.

8.  Your affiant and Plaintiff's Counsel George Mahfood then searched through the Court's file and discovered there was no signature page to the alleged original promissory note.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

James E. Orth, Jr.

STATE OF FLORIDA        )
COUNTY OF BREVARD    )

Sworn to or affirmed and signed before me on March 16, 2012, by James E. Orth, Jr.

NOTARY PUBLIC

_____ Personally known

_____ Produced Identification
Type of identification produced

Document #:641143787CARIDADMARQUEZ

Doc# 1876284      03/29/2012   1:36PM
Filed & Recorded in Official Records of
MONROE COUNTY  DANNY L. KOLHAGE

**Instrument Prepared by:**
Caridad: Marquez
c/o 7532 SW 122 Court
Miami, Florida near [33183]

Doc# 1876284
Bk# 2562  Pg# 510

"Exhibit E"

# PUBLIC NOTICE TO PUBLIC AND PRIVATE CONCERNS

### NOTICE of Non-Abandonment of Property and Claims
### NOTICE of Secured Interest of Property
*NOTICE TO PRINCIPAL IS NOTICE TO AGENT*
*NOTICE TO AGENT IS NOTICE TO PRINCPAL*

### NOTICE of Non-Abandonment of Property and Claims

**KNOW ALL MEN BY THESE PRESENTS,** that I, Caridad: Marquez, the undersigned, do hereby give NOTICE that the land, improvements thereon and therein, have not and will NOT be abandoned by We, Me, Myself, and I, nor any of My heirs or assigns and/or through any simulation of a legal process as under color of law, color of authority, and/or color of title or overlay or by the sale of the legal description known as:

> BK 7 LT 13 KEY LARGO BEACH PB-149 KEY LARGO OR23-141/42  OR1344-2046D/C  OR1351-22OR1351-26AFF  OR1351-27DC/AFF    OR1448-90/91C    OR1546-2152/53    OR1676-1180/81Q/C OR2176-1568Q/C OR2254-1106

No word, action, notice, and/or writing be construed to imply the granting of any power of attorney, waiver of private property, land, or rights as One of the People, or any certificate or assignment of title to any purchaser in CARIDAD MARQUEZ by operation of law, or any seizure or 5th Amendment taking without just compensation by force of arms, and all rights and interests remain in Me, Myself, and I, or to My heirs, forever.

I will not and/or have not abandoned the aforementioned property and/or associated accounts, contracts or trusts willingly, intelligently or voluntarily, unless done so by force, threat of force and/or duress that would be in violation of the Fifth Amendment of the united States Constitution, and ALL CLAIMS, CAUSES OF ACTION, ETC., TO THE PROPERTY BY CARIDAD MARQUEZ ARE STILL RIPE AND SHALL BE PURSUED TO THE FULLEST EXTENT THAT THE LAW PERMITS. You have been **NOTICED**.

### NOTICE of Secured Interest of Property

NOTICE of Non-Abandonment of Property and Claims
NOTICE of Secured Interest of Property

Page 1 of 3

Document #:641143787CARIDADMARQUEZ        Doc# 1876284
                                          Bk# 2562  Pg# 511

The undersigned has an equitable, secure interest in the subject property. The undersigned's equitable, secured interest in the subject property is itemized in a separate **Affidavit of Secured Interest** dated March 28, 2012.Document #:RE 149 048 664CARIDAD MARQUEZ, available upon request. The undersigned's equitable, secured interest exceeds **Five Hundred Thousand Dollars** ($500,000.00).

The undersigned says in accordance with labor, services, and materials furnished by the undersigned and/or others, since on or about November 24, 1998, on and for the land, improvements therein and thereon, for labor, materials, and services for the upkeep and maintenance, payments, interest, taxes, fees, assessments, new construction, all repairs and replacements, and any and all improvements thereon and therein, for said land that is under deed by CARIDAD MARQUEZ, for a total value of and in sum set certain as of this date of **Three Million Twenty-One Thousand Nine Hundred Ten Dollars and 32/100  ($3,021,910.32)** of which remains unpaid and as outstanding principal of **Three Million Twenty-One Thousand Nine Hundred Ten Dollars and 32/100  ($3,021,910.32)**, together with interest thereon at the rate of seven percent (7%) per annum from November 24, 1998, as of March 28, 2012.

THE UNDERSIGNED RESERVES ALL RIGHTS TO ADJUST THE SUM CERTAIN OF SECURED, EQUITY INTEREST IN THE SUBJECT PROPERTY TO REFLECT ADDITIONAL IMPROVEMENTS, MAINTENANCE OR EXPENSES.

No word or action, notice, and/or writing can be construed to imply the granting of any power of attorney, waiver of rights, or assignment of title to name and/or private land improvements therein and thereon as inheritance and reinstatement of claim of right.  The undersigned is the holder in due course and the secured party.

Any interested party may contact: Caridad: Marquez, the secured party, whose mailing address is c/o 7532 SW 122Court, Miami, Florida [33183] and whose telephone number is 305-804-8120.

ALL PROSPECTIVE PURCHASERS BEWARE, the undersigned's secured, equitable interest herein described must be SATISFIED before any legal transfer of title to the subject property. THIS DOCUMENT REFLECTS THAT A POSSESSORY LIEN AND A PRESERVATION OF EQUITY INTEREST LIEN HAS BEEN PLACED ON THE SUBJECT REAL PROPERTY LISTED HEREIN, A CLAIM OF LIEN TO EQUITABLE, SECURED INTEREST. ALL RIGHTS AND REMEDIES RESERVED/RETAINED WITHOUT PREJUDICE, WITHOUT RECOURSE.

Dated this 28th day of March, 2012.   Done under my hand and seal of my freewill act and deed.

By: *Caridad Marquez* ©

Caridad:Marquez, Authorized Signatory for and Director
of CARIDAD MARQUEZ, a Legal Person

NOTICE of Non-Abandonment of Property and Claims
NOTICE of Secured Interest of Property

Page **2** of **3**

Document #:641143787CARIDADMARQUEZ

Doc# 1876284
Bk# 2562  Pg# 512

c/o 7532 SW 122 Court
Miami. Florida

*Use of a Notary Public on this document does not constitute an adhesion contract or waiver of rights retained by Caridad:Marquez and nor does it alter Caridad:Marquez's Neutral standing in intinere in original Common Law Jurisdiction.*

State of Florida          )
                          )ss.:  JURAT/ACKNOWLEDGMENT
County of Dade            )

On this _29_ day of ___March___, 2012, before me, _Caridad Marquez_,
_____, a Notary Public in and for the State of _Florida_ and
County of _Miami-Dade_, personally appeared Caridad:Marquez, who proved to me on the basis of satisfactory evidence to be the living woman who attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument.

Witness my hand and seal this _29_ day of ___March___, 201_2_.

_____                    Seal:
Notary Public
My Commission Expires: _11\30\12_

EFRAIN GALVEZ
MY COMMISSION # DD834791
EXPIRES: November 30, 2012
Fl. Notary Discount Assoc. Co.

NOTICE of Non-Abandonment of Property and Claims
NOTICE of Secured Interest of Property

Page 3 of 3

MONROE COUNTY
OFFICIAL RECORDS

"Exhibit F"

| PREPARED BY:<br>RETURN ADDRESS:<br>Caridad Marquez<br>7532 SW 122 CT<br>Miami Fl 33183 | Doc# 1876149   03/28/2012   2:30PM<br>Filed & Recorded in Official Records of<br>MONROE COUNTY   DANNY L. KOLHAGE<br><br><br>Doc# 1876149<br>Bk# 2562  Pg# 47 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# AFFIDADVIT OF STATUS

All documents are to be recorder as one (1) file.

CONTENTS;

- AFFIDAVIT OF STATUS

I declare this is an Affidavit of Status and this includes all attached documents.
GRANTOR:CARIDAD MARQUEZ
Grantee: Caridad Marquez

LS: _Caridad Marquez_ ©

Caridad Marquez, Real Living Woman, date March 28, 2012

# AFFIDAVIT

## ASSERVATION IN THE NATURE OF AN OATH
## BY
## DECLARATION OF STATUS OF Caridad: Marquez

FLORIDA                  )
                         )  vs:
DADE COUNTY              )

      Comes Now **Caridad: Marquez** (hereinafter "the undersigned"), with personal knowledge of matters set forth herein based on the undersigned's own research, who is one of the people of Florida, in correct public capacity, being of majority in age, competent to testify with clean hands without waiving any rights, remedies, or defenses declares and verifies that the facts stated herein are true, correct and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws for these united States of America and Florida (*since the undersigned does not swear {see Matt. 5:34; James 5:2}*), except as to those matters that are therein made upon information and belief, and as to those claims or facts, the undersigned believes them to be true and admissible as evidence in a court of law, and if called upon as a witness, the undersigned will testify to the veracity of her statements:

1. That are of the undersigned beings are a creation of God .

2. The undersigned is a living, breathing, sentient being on the land, a Natural Man, not an animal; and the undersigned is not and cannot be any ARTIFICIAL PERSON and is exempt from any and all identifications, treatments, and requirements as such pursuant to any process, law, code, or statute or any color thereof pertaining to ARTIFICIAL PERSONS, LEGAL PERSONS OR OTHER ARTIFICIAL ENTITIES.

3. The undersigned hereby NOTICES that in these united States of America the authority of any and all governments reside in the People of the land.

4. The undersigned hereby further NOTICES that in these united States of America the government is a fiction of the mind and can only be created by the People, effected/effectuated by the People and overseen by the People for the benefit of the People.

5. The undersigned at all times claims all and waives none of his God-given, secured and guaranteed Rights pursuant to the Declaration of Independence and the Constitution of the united States of America as ratified 1791 with the Articles of the Amendments.

6. The undersigned NOTICES that pursuant to the Constitution of the united States of America as ratified 1791 with the Articles of the Amendments, Article VI paragraph 2, which states:

> This Constitution and the Laws of the united States which shall be made in Pursuance thereof; and all Treaties made, under the authority of the United States, *shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby*, any Thing in the Constitution òr Laws of any State to the Contrary notwithstanding (emphasis added).

7. The undersigned hereby further NOTICES that as a matter of their lawful compliance to the referenced Constitution, any of the People while functioning in any Public capacity, in return for the trust of the People, are granted limited delegated authority of and by the People with specific duties delineated in accordance thereof, shall only do so pursuant to a lawfully designated sworn and subscribed Oath of Office and any and all bonds required thereof.

8. The undersigned hereby further NOTICES that the only court authorized by the referenced Constitution to hear matters of the People is a court that conforms to and functions in accordance with Article III Section 2 of the referenced Constitution in which all officers of said court must abide by their sworn and subscribed oaths of office and to support and defend the Rights of the People; and said matters are heard only by Trial by Jury and in accordance with all aspects of Due Process of Law.

9. The undersigned hereby further NOTICES that pursuant to the supreme Law of the Land and the God-given rights secured and guaranteed therein, the Constitution is established to ensure that the dominion granted by God to all People on this land shall endure, and shall ensure forever that the People on this land be free from any and all slavery, indenturement, tyranny, and oppression under color of any law, statute, code, policy, procedure, or of any other type of inferior authority to the Constitution and the Bill of Rights in the Declaration of Independence.

10. The undersigned hereby further NOTICES that pursuant to this Constitution, the undersigned cannot be compelled, manipulated, extorted, tricked, threatened, placed under duress, or coerced, or so effected under color of law by any Natural Man or Woman, who individually, or in any capacity as or under any Artificial Person, agency, entity, officer, or party, into the waiving of any of Affirmant's Rights or to act in contradiction thereof, or to act in opposite of the moral conscience and dominion granted Affirmant by God, nor can Affirmant be deprived of any of these Rights, privileges, and immunities except by lawful process in accordance with the Law, without that Natural and/or Artificial Person, in whatever capacity, in so doing, causing injury to your Affirmant and thereby committing numerous crimes, requiring lawful punishment therefrom.

11. The undersigned hereby further NOTICES that she reserves the right to amend this Declaration from time to time as deemed necessary and as the undersigned's knowledge increase.

Further, the undersigned sayeth naught.

AFFIDAVIT OF STATUS OF Caridad: Marquez
Page 2 of 3

Dated this 28 day of March, 2012. Done under my hand and seal of my freewill act deed.

*Caridad Marquez* ©

Caridad Marquez, a Living Woman, Authorized Signatory
For and Director of  CARIDID MARQUEZ, a Legal Person
c/o 7532 SW 122 Court, Miami, Florida

*Use of a Notary Public on this document does not constitute an adhesion contract or waiver of rights retained by Caridad Marquez and not does it alter Cardid Marquez's Neutral standing in intinere in original Common Law Jurisdiction.*

FLORIDA            )
                   ) va.: **ACKNOWLEDGEMENT**
DADE COUNTY        )

On the  28  day of March  in the Year 2012, before me, the undersigned Notary Public of the State of Florida, personally appeared **Caridad: Marquez,**who proved to me on the basis of satisfactory evidence to be the living woman who affirmed, attested and subscribed to the within above instrument, by the above-named party's unlimited commercial liability, as true, correct, complete and not misleading, and further proven that she is the woman subscribed to within this instrument  and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument in my presence via affirmation under the penalties of perjury.

_____ (Seal)
Notary Public

**Print Name:** _____

Commission Expires: _____

EFRAIN GALVEZ
MY COMMISSION # DD834791
EXPIRES: November 30, 2012
Fl. Notary Discount Assoc. Co.

AFFIDAVIT OF STATUS OF Caridad: Marquez
Page 3 of 3

MONROE COUNTY
OFFICIAL RECORDS

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL
CIRCUIT IN AND FOR MONROE COUNTY, FLORIDA

WACHOVIA MORTGAGE FSB, f/k/a          Case No.: 2008-CA-200972P
WORLD SAVINGS BANK, FSB,
WELLS FARGO BANK

      Plaintiff,

v.

CARIDAD MARQUEZ, et. al.,

      Defendant, Pro se

_____/

**CARIDAD MARQUEZ'S AFFIDAVIT OF TRUTH**

The undersigned Affiant Caridad Marquez, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury U.S.C. Title 28 § 1746, and state as follows:

Your Affiant truly feels that there is deliberate indifference, foul play, corruption, fraud and fabrication at hand, within The 16th Judicial Circuit In And For Monroe County Courthouses & Wachovia Mortgage FSB, f/k/a, World Savings Bank, FSB, Wells Fargo Bank, and the Plaintiffs' legal counsel. Your Affiant no longer trusts nor believes within said Courts nor Jurisdictions. All the Judges, JA, Clerk of Courts and staff in Monroe County are corrupt and have only shown deliberate indifference towards Your Affiant. Your Affiant has been harassed, Your Affiant's legal Rights and Due Process Violated by said staff and unjustly treated inappropriately. Your Affiant fears for her well-being and case within said Monroe County and the said so mentioned individuals. Hence that is why the Your Affiant feels a great urgency to file a "Notice of Removal" & "Counter Claim" to the United States District Court – Southern District of Florida, in reference to this case.

**28 U.S.C. § 1443 : US Code - Section 1443: Civil Rights Cases**
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

**Bill of Rights:**

I.   **Freedom of Speech, Press, Religion And Petition**: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

II.  **Rights To Keep And Bear Arms**: A well-regulated militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed.

III. **Conditions For Quarters of Soldiers**: No soldier shall, in time of peace be quartered in any house, without the consent of the owner, nor in time of war, but in a manner to be prescribed by law.

IV.  **Right of Search And Seizure Regulated**: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

V.   **Provisions Concerning Prosecution**: No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation.

VI.  **Right To A Speedy Trail, Witnesses, Etc.:** In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

VII. **Right To A Trail By Jury**: In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a

jury shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

VIII.   **Excessive Bail, Cruel Punishment**: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

IX.   **Rule of Construction of Constitution**: The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

X.   **Rights of The State Under Constitution**: The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

**Rule 60 Relief From Judgment Or Order**: (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

**28 USC § 1441 – Actions Removable Generally**: (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
**(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
**(c)** Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.
**(d)** Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.
**(e)**
**(1)** Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if—

**(A)** the action could have been brought in a United States district court under section <u>1369</u> of this title; or

**(B)** the defendant is a party to an action which is or could have been brought, in whole or in part, under section <u>1369</u> in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

The removal of an action under this subsection shall be made in accordance with section <u>1446</u> of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section <u>1369</u> in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

**(2)** Whenever an action is removed under this subsection and the district court to which it is removed or transferred under section <u>1407(j)</u> has made a liability determination requiring further proceedings as to damages, the district court shall remand the action to the State court from which it had been removed for the determination of damages, unless the court finds that, for the convenience of parties and witnesses and in the interest of justice, the action should be retained for the determination of damages.

**(3)** Any remand under paragraph (2) shall not be effective until 60 days after the district court has issued an order determining liability and has certified its intention to remand the removed action for the determination of damages. An appeal with respect to the liability determination of the district court may be taken during that 60-day period to the court of appeals with appellate jurisdiction over the district court. In the event a party files such an appeal, the remand shall not be effective until the appeal has been finally disposed of. Once the remand has become effective, the liability determination shall not be subject to further review by appeal or otherwise.

**(4)** Any decision under this subsection concerning remand for the determination of damages shall not be reviewable by appeal or otherwise.

**(5)** An action removed under this subsection shall be deemed to be an action under section <u>1369</u> and an action in which jurisdiction is based on section <u>1369</u> of this title for purposes of this section and sections <u>1407</u>, <u>1697</u>, and <u>1785</u> of this title.

**(6)** Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum.

**(f)** The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

01. On **December 4, 2008**, Wachovia Mortgage filed the Complaint in this action wherein the Wachovia Mortgage alleged the Promissory Note was lost, or destroyed prior to the filing of the lawsuit. Wachovia Mortgage sought reestablishment of the lost note, Case No. 2008-CA 972-P.  Please see "**Exhibit A**". There are six reasons for this foreclosure complaint to be illegal:

02. On **February 6, 2009**, Your Affiant filed an Answer.

03. On **October 04, 2010**, Your Affiant sent Wachovia Mortgage, FSB "Legal Notice, Validation of Proof of Claim", Certified Mail #: 7009 0820 0001 8991 5092.

04. On **November 05, 2011**, Your Affiant sent To Wachovia Mortgage a Demand For Debt Validation.

05. On **November 08, 2010**, Your Affiant received a computer generated printout letter of Wachovia Mortgage, being extremely vague.

06. On **December 08, 2010**, Your Affiant sent Wachovia Mortgage  a letter, Requesting (QWR) Demand Full Disclosure, Point by Point, Certified Number #:  7010 1060 0000 3079 0150.

07. On **December 08, 2010**, Your Affiant sent Wachovia Mortgage, a Default Provision under The (QWR), Certified Number #:  7010 1060 0000 3079 0150.

08. On **January 10, 2011**, without leave of court or permission of Your Affiant, Wachovia Mortgage filed what it **alleged** to be the original promissory note and mortgage. Which means the Plaintiffs were lying, within their prior statements.

09. On or about **January 10, 2011**, Your Affiant, by and through prior legal counsel, Kenneth Eric Trent, filed an Answer, Affirmative Defenses & Counterclaim in this action.

10. Wachovia Mortgage never responded if they are the true owners of the Note and Mortgage.

11. On **November 05, 2011**, Your Affiant sent Wachovia Mortgage  a Demand For Debt Validation.

12. On **November 14, 2011**, Wachovia Mortgage, received documentation Return Receipt No.: RA 641 144 703 US. No Response was provided.

13. On **November 14, 2011**, Your Affiant filed a Rebuttal To Witness List and Exhibit List.

14. On **December 21, 2011**, Your Affiant filed a Motion To Set Aside All Actions Taken.

15. On **December 27, 2011**, Your Affiant filed an Opposition to Summary Judgment.

16. On **December 27, 2011**, Your Affiant Sent Wachovia Mortgage, a Request For Admissions,

17. On **December 27, 2011**, Your Affiant sent Wachovia Mortgage, Request For Production of Documents.

18. On **December 27, 2011**, Your Affiant sent Wachovia Mortgage, a Request For, First Set of Interrogatories To The Plaintiff.

19. On **December 27, 2011**, Your Affiant's last counsels James E. Orth, Jr. and George Gingo entered their appearance on behalf of my person.

20. On **January 4, 2012**, a hearing was held on the Wachovia Mortgage's Motion for Summary Judgment wherein both the Wachovia Mortgage's Counsel and my last Counsels James E. Orth, Jr. and George Gingo  were under the mutually mistaken belief that the original promissory note had been filed in the court's record on **January 10, 2011**.  Please note "**Exhibit B**".

21. No evidence was offered as the any facts surrounding the claim to reestablish a lost promissory note.

22. The Court withheld its ruling on the Wachovia Mortgage's Motion pending evidence of payment of the documentary tax stamp by Wachovia Mortgage.

23. On or about **January 17, 2012** my last counsels James E. Orth, Jr. and George Gingo appeared at the Courthouse to review the court file.  The Clerk of Court refused to allow my last counsels James E. Orth, Jr. and George Gingo access to the Court file.

7 of 28

(Affidavit of James E. Orth, Jr. to be filed with the Court subsequent to the filing of Motion Requesting A Rehearing in order to preserve my rights to a rehearing.)  The Clerk of Court made a  copy of the alleged Original Note as it was found on January 17, 2012.  (Affidavit of James E. Orth, Jr.)  There was no signature page on the document.  (Affidavit of James E. Orth, Jr.).

24. On **February 1, 2012**, a Pre-Trial conference was held in which my last Counsel James E. Orth, Jr. advised the Court and Wachovia Mortgage's Counsel that there was no signature page located in  the Court file on the alleged original note.  The Court responded: **"It will be a short trial then."**

25. On **February 28, 2012**, three days prior to the scheduled trial, the Court granted a "Default Judgment" on the case.  Please note "**Exhibit C**".

26.  No Motion for Default Judgment was presented to the Court.

27. The Court failed to rule on the Motion for Summary Judgment.

28. Your Affiant Objected to the Order entered on **02/28/2012** and also the Wachovia Mortgage's "Motion To Correct Clerical Error In Final Judgment of Foreclosure, in which I am Objecting to said fact, due to the so mentioned in this motion.

29. On **February 29, 2012**, Your Affiant filed a Notice of Demand, Request To Hold Proceedings In Abeyance.

30. On **March 07, 2012** Your Affiant filed a Motion To Withdraw Legal Counsel of Record And Continue To Proceed Pro se.

31. On **March 07, 2012**, Your Affiant filed Defendant's Motion In Objection To Order Entered 02/28/2012; Defendant's Motion To Cancel The Sale; Vacate Summary Judgment And Requesting For Evidentiary Hearing.

32.  On **March 07, 2012**, Your Affiant filed Defendant Motion In Opposition To Summary

Judgment Order Entered 02/28/2012; Defendant's Motion To Cancel The Sale And Change of Title; Vacate Summary Judgment And Request For Evidentiary Hearing.

33. On **March 08, 2012**, Your Affiant filed Defendant Caridad Marquez's Motion For Rehearing Of Plaintiff's Motion For Default Judgment of Foreclosure / Plaintiff's Motion For A Summary Final judgment of Foreclosure; Petition To Vacate Summary Final Judgment of Foreclosure And Objection To Plaintiff's Motion To Correct Clerical Error In Final Judgment of Foreclosure.

34. On **March 08, 2012 at 5:15PM**, Your Affiant had an e-mail sent directing to Ms. Kathleen Lavelle – Administrative Assistant II, Requesting a Court Hearing date before March 27, 2012, with the Honorable Judge Luis Garcia.

35. On **March 09, 2012 at 8:03AM**, Ms. Kathleen Lavelle replied to said e-mail and I quote: "The earliest hearing date available is April 10 @ 10:30 am. We have no dates set before that in March. Let me know how that works or not and we can look at other dates and times".

36. On **March 12, 2012** Your Affiant filed a "Motion Requesting An Emergency Hearing" and also filed "File Transcript Hearing January 04, 2012".

37. On **March 12, 2012**, Marta Gomez and Your Affiant arrived to Renee's Office (JA) of the Honorable Judge, Luis Garcia. Your Affiant provided Renee with a "Motion Requesting An Emergency Hearing". Renee (JA) even looked in her book of scheduling, as to confirm that the defendant already had a Court Hearing date with the Honorable Judge Luis Garcia, set for **04/10/2012** at **10:30 AM** for a **Twenty (20) minute hearing** to discuss said motions, so mentioned. Renee (JA) informed me that there were no available dates before **03/27/2012**.

9 of 28

In which, Renee's older assistant also inquired, as to when was the date to verify the Sale of the Property.  Renee (JA) again verified, via her scheduling book, that it was on the very same day, being **04/10/2012** at **11:30AM**, the Hearing of Sale was to be argued as well.

Sadly and inappropriately, without my consent nor knowledge my Court date for **04/10/2012** for my motions to be heard, being:

01. "Defendant Motion In Opposition To Summary Judgment Order Entered 02/28/2012; Defendant's Motion To Cancel The Sale And Change of Title; Vacate Summary Judgment And  Request For Evidentiary Hearing". - **Filed 03/07/2012.**

02. "Defendants Caridad Marquez's Motion For Rehearing Of Plaintiff's Motion For Default Judgment Of Foreclosure / Plaintiff's Motion For A Summary Final Judgment Of Foreclosure; Petition To Vacate Summary Final Judgment of Foreclosure And Objection To Plaintiff's Motion To Correct Clerical Error In Final Judgment of Foreclosure". - **Filed 03/08/2012.** were changed from **04/10/2012** to **04/03/2012**, again **without my consent nor knowledge**.

38. On **March 12, 2012 at 11:23AM**, Your Affiant had an e-mail sent directing to Ms. Kathleen Lavelle –  Administrative Assistant II, Requesting that a Hearing be set for 04/10/2012 at 10:30AM, for a total of 20 minutes, as to permit both the above so mentioned motions to be heard, by the Honorable Judge Luis Garcia.

39. On **March 12, 2012 at 1:37PM**, Ms. Kathleen Lavelle replied to said e-mail and I quote: "OK!  I have scheduled in at 10:30 on April 10 for 2 motions.  I need to know which 2 motions will be heard by the Judge.  Please reply asap."

40. On **March 12, 2012 at 1:52PM**, Your Affiant had an e-mail sent directing to Ms. Kathleen Lavelle – Administrative Assistant II, providing the information requested.

41. On **March 12, 2012 at 2:05PM**, Ms. Kathleen Lavelle replied to said e-mail and I quote: Thank you!

42. On **March 13, 2012**, Your Affiant reviewed the docket of said case over the internet, and verified that said Court hearing was scheduled for 04/10/2012 at 10:30AM.

43. On **March 15, 2012**, Your Affiant received a Notice of Hearing, in reference to the My Motions, with a new hearing date of 04/03/2012 at 11:30AM.

44. On **March 15, 2012**, Your Affiant reviewed the docket of said case over the internet again, and verified that said Court hearing date of 04/10/2012 at 10:30AM was removed from the docket.

45. The Plaintiff changed the Court Hearing date, that Your Affiant had already scheduled with Ms. Kathleen Lavelle, without the consent of Your Affiant.

46. Your Affiant was unable to attend the Court Hearing date of 04/03/2012, because Your Affiant was undergoing medical treatments outside of the State of Florida.  Being that Your Affiant had already arranged a Court Hearing date of 04/10/2012, as per the statement of Ms. Kathleen Lavelle – Administrative Assistant II, stating there were no hearings available until 04/10/2012.

47. Your Affiant could not change my medical treatment dates, and was not able to attend said Court Hearing date of 04/03/2012.

48. On **March 16, 2011**, Your Affiant filed a Motion To Reschedule Hearing For 04/03/2011 And Have It Returned Back To The Proper And Original Date of 04/10/2012 or Later .

49. On **March 19, 2012**, James Orth Jr, Esq., Filed his Affidavit.

50. On **March 21, 2012**, Your Affiant filed a Affidavit of Caridad Marquez of Request & Notification, please note my previous motion filed 03/16/2012 as to not be repetitious.

51. On **March 28, 2012**, Your Affiant filed a Defendant Affidavit of Truth In Opposition To Summary Judgment And Proposed Sale.

52. On **March 28, 2012**, Your Affiant filed a Defendant Motion For Appeal And Legal Notice.

53. On **March 29, 2012**, Your Affiant filed a Motion For Conspiracy Against Rights 18 USC

§ 241, Request For All Motions And Affidavit And Motion To Vacate Summary Final Judgment.

54. On **March 29, 2012**, Your Affiant filed a Defendant Motion In Opposition To Telephonic Hearing With a New Judge In Foreclosure Judgment.

55. On **March 29, 2012**, Your Affiant filed a Defendant Motion To cancel The Sale, For Stay of Certificate of Title, Writ of Possession And All Further Execution of Judgment Pending Appeal.

56. On **April 09, 2012**, Your Affiant filed a Defendant Motion For A Jury Trail 05-10-2012, 1030AM.

57. On **April 09, 2012**, Your Affiant filed Defendant's Motion In Opposition To Property Auction.

58. On **April 09, 2012**, Your Affiant filed Notary's Certificate of Services.

59. On **April 10, 2012**, Your Affiant's house was illegally sold to Well Fargo Bank, for solely $100.00 dollars.

60. On **April 11, 2012**, Your Affiant filed a Defendant Motion For Rule 60 Relief From Judgment.

61. On **April 11, 2012**, Your Affiant filed Defendant Motion In opposition To Sale And Set Aside All Actions Taken.

62. On **April 17, 2012**, Your Affiant filed a Defendant's Legal Notice.

63. Wachovia Mortgage is not the " originator Mortgage nor of the Note, searched" the loan originator World Savings Bank had given any assignment of mortgage to anyone due to their assets were behold in receivership until, 2008.

64. There is no such evidence as a recorded Assignment of Mortgage in Monroe County Clerk of Courts giving any standing to World Savings Bank. See Public Records.

65. There is no such evidence as an Original Note and Mortgage.

66. It is a fact Lis Pendens were recorded by the same Attorney Kass Shuler ,Clay A. Holtsinger.

67. The Law Offices  Kass Shuler, Solomon, Sprctor; foreclosure proceedings were improper and also signed by the Attorney.

68. Wachovia Mortgage has failed in response request of Caridad Marquez to Validate the Debt.

69. Pursuant to section 90.953, Florida Statutes, (2002), Florida's code of evidence, the plaintiff in a mortgage foreclosure must present the original promissory note; a duplicate of a note is not admissible. Plaintiff filed a complaint without proper standing and made material misrepresentations in their pleadings.

70. The **"Lost Promissory Note" lawsuit is reaching high levels of popularity, especially in the present backlash against mortgage-backed securities**. The reason is that the original note is long gone as it has been most likely sold, or most likely assigned or securitized in a stream of transactions. **Without the original Note, the deed of trust is a "nullity" and there is no proof the borrower ever incurred the debt.**

71. On December 4, 2008, the Plaintiff filed the Complaint in this action wherein the Plaintiff alleged the Promissory Note was lost, or destroyed. Plaintiff sought reestablishment of the lost note. The filing of the alleged Original Promissory Note on January 10, 2011 was in violation of the Florida Rules of Civil Procedure and case law. The filing of a supposedly original promissory note after an Answer has been filed in the action without leave of Court or permission of the Defendant violated 1.190(a) Fla. R. Civ. P.

72. On January 10, 2011, without leave of court or permission of the Your Affiant, the Plaintiff filed what it alleged to be the original promissory note.  In Feltus v. U.S. Bank National Association, --- So.3d ----, 2012 WL 246464 (2nd DCA Jan 20, 2012) the District Court of Appeals held that where:

"U.S. Bank's reply of June 4, 2010, was the only pleading in which it alleged that the note was no longer lost, and it was the only pleading to which a copy of the alleged original

note was attached [] [t]he reply could not serve as an amended complaint because U.S. Bank had not secured leave of court or Feltus's written consent to amend its complaint after Feltus filed her answer and affirmative defenses. See Fla. R. Civ. P. 1.190(a). A pleading filed in violation of rule 1.190(a) is a nullity, and the controversy should be determined based on the properly filed pleadings. Warner–Lambert Co. v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983)."

73. On January 4, 2012, a hearing was held on the Plaintiff's Motion for Summary Judgment wherein both the Plaintiff's Counsel and Defense Counsel were under the mutually mistaken belief that the original promissory note had been filed in the court's record on January 10, 2011.

74. No evidence was offered as the any facts surrounding the claim to reestablish a lost promissory note. Your Affiant deny the authenticity of affidavits and documents presented in support to this foreclosure action. Plaintiff violated Public Notary Laws in the State of Florida by creating and allowing creating false documents on its behalf and filing it with the Clerk of the Court.

75. The Plaintiff has the burden to conclusively establish the nonexistence of a disputed issue of material fact and entitlement to judgment as a matter of law rests squarely with the movant. **Gee v. U.S. Bank**,72 So.3d 211, 214 (5th DCA 2011) In Gee, the Court held that "because U.S. Bank's motion did not address any facts or law pertaining to its entitlement to summary judgment on its claims to reestablish the lost instruments; the trial court erred in entering summary judgment on these grounds." Id.

76. **Here, this case is squarely on point with Gee**, The Plaintiff failed to allege any facts in Support of its assertion that the original promissory note **was LOST PRIOR** to the filing of this action in support of its motion for summary judgment. The Plaintiff failed to offer any evidence to support a claim that the original promissory note **was LOST AFTER** the case was initiated.

77. The Plaintiff failed to offer any facts at summary judgment or within the affidavits in support thereof to establish the elements to reestablish a lost instrument and Summary Judgment hereon must be denied.

78. Here, Your Affiant filed an Answer to the Complaint on February 6, 2009. Here, the Defendant filed a responsive pleading and defended the action. No Motion for Default Judgment was presented to the Court. Default Judgment was inappropriate. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1)mistake, inadvertence, surprise. 1.540(b) Fla. R.Civ.P.

79. Plaintiff defaulted the term of 2 weeks given to pay Documentary Taxes by Court order dated January 4, 2012 **(See court order).** It was ratified on hearing February 1, 2012 when Honorable Judge Garcia his Assistant verified that taxes still pending to be paid therefore Judgment should be reversed. In fact Documentary Taxes were paid February 9, 2012 check # 57891 from

80. The Plaintiff failed to offer any facts at summary judgment or within the affidavits in support thereof to establish the elements to reestablish a lost instrument and Summary Judgment thereon must be denied.

81. Here, Your Affiant filed an Answer to the Complaint on February 6, 2009. Here, Your Affiant filed a responsive pleading and defended the action. No Motion for Default Judgment was presented to the Court. Default Judgment was inappropriate. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1)mistake, inadvertence, surprise. 1.540(b) Fla. R.Civ.P.

82. The Plaintiff defaulted the term of 2 weeks given to pay Documentary Taxes by Court order dated January 4, 2012 **(See court order).** It was ratified on hearing February 1, 2012 when Honorable Judge Garcia his Assistant verified that taxes still pending to be paid therefore Judgment should be reversed. In fact Documentary Taxes were paid February 9,

2012 check # 57891 from BROAD & CASSEL and cashed by MONROE COUNTY February 15, 2012 far away from the terms of two weeks ordered by this Honorable Court. Can be verified with court transcripts hearing January 4, 2012 Please note **"Exhibit D".**

83. Please note attachment in support of the this Affidavit. Please note **"Exhibit DD".**

84. The Plaintiff gave false testimony to this Honorable Court when during the hearing on February 1, 2012 they showed to Honorable court a copy of one check to demonstrate that Documentary Taxes were paid. Defendant is requesting to plaintiff counsel to provide copy of Court Transcripts but Plaintiff refuses blatantly to produce it to mask their fraudulent behavior. **Pursuant FRCP 1.540 the court may relieve a party or a party's legal representative from a final judgment.**

85. The Plaintiff is claiming that they are the owner and holder of the note, which **is a fraudulent statement.** Never introduce evidence to support their allegations. Our case as a thousand cases in the State of Florida show an scheme of defraud in violation of Fla. St. 817.034(3)(c)(d) and (4)(a)(1)(c).This is a common mode operands for most of the Servicers like Plaintiff.

86. Pursuant to section 90.953, Florida Statutes, (2002), Florida's code of evidence, the plaintiff in a mortgage foreclosure must present the original promissory note; a duplicate of a note is not admissible. Plaintiff filed a complaint without proper standing and made material misrepresentations in their pleadings.

87. The **"Lost Promissory Note" lawsuit is reaching high levels of popularity, especially in the present backlash against mortgage-backed securities**. The reason is that the original note is long gone as it has been sold, or assigned or securitized in a stream of transactions. **Without the original Note, the deed of trust is a "nullity" and there is no proof the borrower ever incurred the debt.**

88. On December 4, 2008, the Plaintiff filed the Complaint in this action wherein the Plaintiff alleged the Promissory Note was lost, or destroyed. Plaintiff sought reestablishment of the lost note. The filing of the alleged Original Promissory Note on January 10, 2011 was in violation of the Florida Rules of Civil Procedure and case law. The filing of a supposedly

original promissory note after an Answer has been filed in the Action without leave of Court or permission of the Defendant violated 1.190(a) Fla. R. Civ. P.

89. On January 10, 2011, without leave of court or permission of the Your Affiant, the Plaintiff filed what it alleged to be the original promissory note. In Feltus v. U.S. Bank National Association, --- So.3d ----, 2012 WL 246464 (2nd DCA Jan 20, 2012) the District Court of Appeals held that where:

"U.S. Bank's reply of June 4, 2010, was the only pleading in which it alleged that the note was no longer lost, and it was the only pleading to which a copy of the alleged original note was attached [] [t]he reply could not serve as an amended complaint because U.S. Bank had not secured leave of court or Feltus's written consent to amend its complaint after Feltus filed her answer and affirmative defenses. See Fla. R. Civ. P. 1.190(a). A pleading filed in violation of rule 1.190(a) is a nullity, and the controversy should be determined based on the properly filed pleadings. Warner–Lambert Co. v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983)."

90. The Plaintiff gave false testimony to this Honorable Court when during the hearing on February 1, 2012 they showed to Honorable court a copy of one check to demonstrate that Documentary Taxes were paid. Defendant is requesting to plaintiff counsel to provide copy of Court Transcripts but Plaintiff refuses blatantly to produce it to mask their fraudulent behavior. **Pursuant FRCP 1.540the court may relieve a party or a party's legal representative from a final judgment**.

91. Plaintiff is claiming that they are the owner and holder of the note, which **is a fraudulent statement.** Never introduce evidence to support their allegations. Our case as a thousand cases in the State of Florida show an scheme of defraud in violation of Fla. St. 817.034(3)(c)(d) and (4)(a)(1)(c).This is a common mode operands for most of the Servicers like Plaintiff.

92. The Summary Judgment should be reversed because the Plaintiff did not file the note and

mortgage at the time of filing the complaint opposed to the statutory requirements of being included with the filing of the complaint. In an attempt to cover up their sham pleading Plaintiff made the false statement that supposedly Original Note and Mortgage was filed in this Court on January 10, 2011 almost one year later after the complaint was filed. Procedurally is illegal and Contrary to plaintiff Assertions Court Records do not show any of this documents are in the Court file corroborated personally by Defendant and their counsel.

93. The clerk staff of Monroe County, were disrespectful, rude, verbally abusive, there were times that they would refuse to provide Your Affiant's own Case file to review, would not want to provide Your Affiant copies of Your Affiant own Case file at times as well. The Judges' JA would not want to provide Your Affiant, proper assistance in obtaining Court Hearing dates. Said staff would schedule a hearing date for Your Affiant, then change the Court date without informing Your Affiant. Said staff was completely unprofessional and treated the Your Affiant with utter deliberate indifference. When Your Affiant requested their names, said Monroe County staff refused to provide them and stated that they were under no obligation to do so.

94. On or about January 17, 2012, Your Affiant's counsel appeared at the Courthouse to review the court file. The Clerk of Court refused to allow Defense Counsel access to the Court file. (Affidavit of James E. Orth, Jr filed in order to preserve the Defendant's rights. Please note **"Exhibit DD"**. The Clerk of Court made a copy of the alleged Original Note as it was found on January 17, 2012. (Affidavit of James E. Orth, Jr.) There was no signature page on the document. (Affidavit of James E. Orth, Jr.)

95. Original Promissory Note and Mortgage should be filed at least twenty days before of the hearing, as required by rule 1.510(c) and 1.510(e). Failure to abide by these rules also require reversing the order of summary judgment Verizo, **28 So. 3d at 977-78 Mack vs. Commercial Indust. Park, Inc. 2d 800(Florida 4th DCA 1989). It never happened in this case.**

18 of 28

96. This court overlooked the fact that Plaintiff was filing a complaint **without** present or file the Note and without having being recorded a valid assignment prior or at the time Plaintiff filed the complaint at least to prove has minimum standing to attempt the Foreclosure in completely opposition to statutory requirements.

97. The Supreme Court of Florida required as of February 11, 2010, that all residential foreclosure Complaint be verified .**Booker vs. Sarasota, Inc. 707So 2d 886-889(Florida 1st DCA1998).**The trial court held, when considering motion for summary judgment in an action of a Promissory Note, was, **not permitted to simply assume that the plaintiff was the holder** of the note in the absence of verified evidence of proof**. Your Affiant requests this be done and receive proof of same.**

98. Plaintiff Affidavits in support to Summary Judgment do not support the plaintiff assertion that it owns and hold the note and mortgage. Affiant declaration Defendant objected as **"incompetent hearsay"** by persons with no personal knowledge. Affidavits presented in support to summary judgment fails to support Plaintiff Complaint offering contradictory evidence of Plaintiff assertions. **Florida Rules of Evidence 90.802 Hearsay Rule states "hearsay is inadmissible".** The Affidavits rely on unverified, unauthenticated, inadmissible hearsay records of an alleged predecessor in interest and cannot support summary judgment.

99. **Plaintiff does not own the Note and has failed to endorse the note, to show a certificate of Corporate succession, and/or to execute an assignment of mortgage. Plaintiff made** various breaches of duty as they relate to accounting, assignments and substitution of trustee.

100. For a mortgage loan to be included into this trust it MUST include a recorded Assignment **(Which it never had)** as wells an Original Note, both endorsed or "Pay to the order of'', as trustee **with a full chain of endorsement from originator to trustee.** Under the Plaintiffs own filed bogus documents, their assignment was not executed. **A**

**Broken Chain of Assignments renders the "Deed of Trust" Void and Unenforceable under UCC 3-201, 3-204 & 3-302.**

**UCC 3-204 provide in part:(d) If an <u>instrument</u> is payable to a holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection**

101. Bank's put mortgages into securitized Trusts which are then sold to investors. **The Bank use Securitized Trusts as a tax shelter**, and many times Banks do not record their Assignment with the Comptroller's office. Most likely is that they sold the Note to investors and no longer have possession or even ownership. **These banks which have not paid taxes, did not record an assignment proving ownership, sold the Note to investors and still try to foreclose on your property to get a windfall should be punished.**

102. The promissory note is not, nor was it ever, indorsed to Wachovia Mortgage.  As such, by operation law, The Plaintiff cannot be a "holder" of the subject note and mortgage. Based upon the fact that the Plaintiff cannot be a "holder" **and admits it is only a servicer** at best, the Plaintiff's affidavits fail to support the Complaint's assertion that it owns and holds the note and mortgage. Reviewing the records does not constitute Personal knowledge thereof. Simply stating that affidavit is made on personal knowledge is legally insufficient. **Iglesias vs. City of Miami Beach, 487 So. 2d 1205 (Fla. 3d DCA).**

103. Your Affiant,  Caridad Marquez holds and has more interest in said property, than any other party.  And has filed a "Public Notice To Public And Private Concerns".

104. **It should be noted:**

**NOWHERE WITHIN THE AFFIDAVITS DID THEY ALLEGE THAT THE DOCUMENTS REVIEWED WERE TRUE AND UNDER PERJURY OR PENALTY AS REQUIRED BY LAW IN A FORECLOSURE ACTION.**

On February 11, 2010 Florida Supreme Court amended FRCP 1.110(b) and provide in part 'the document" shall include an oath, affirmation or the following statement: "Under penalty of perjury". The primary purpose is to incentive for the Plaintiff to appropriately investigate and verify its ownership of the note or right to enforce the note. Plaintiff affidavit do not meet this criteria therefore procedurally is incorrect.

105. Plaintiff made **various breaches of duty as they relate to accounting, assignments and substitution of trustee.**

**Florida Statutes 673.4041"Impostors; fictitious payees" (2) provide in part: the following rules apply until the instrument is negotiated by special endorsement (b) An endorsement by any person in the name of the payee stated in the instrument is effective as the endorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection.(3) Under subsection (1) or subsection (2), an endorsement is made in the name of a payee if:(a) It is made in a name substantially similar to that of the payee.**

The note contains no blank endorsement. As such, by operation of law, the Plaintiff cannot bea "holder" of subject note and mortgage.

106. **Florida Statutes 673.4051"Employer's responsibility for fraudulent endorsement" provide in Part: (b) "Fraudulent endorsement" means":**

1-In the case of an instrument payable to the employer, **a forged endorsement** purporting to be that of the employer; or

2. In the case of an instrument with respect to which the employer is the issuer, **a forged endorsement purporting to be that of the person identified as payee. <u>Fraud in the factum makes a note void ab initio.</u>**

107. The plaintiff lack of ownership of the mortgage and promissory note in this case goes to The **heart of its claim of standing, permeates the entire proceeding and subverts the**

integrity of the action. **Metropolitan Dade County v. Martinsen, 736so. 2d 794 (Fla. 3rd DCA 1999).** Court may not assume the truth of allegations in a pleading which is contradicted by Affidavit **Data Disc, Inc. vs. Systems Tech Assocs. Inc.  557 F 2d 1280(9th 1977).**

108. Plaintiff is neither an owner nor a holder and thus has failed to state cause of action. The Plaintiff has failed to submit sufficient admissible evidence to support ownership and holdership. Failure to state a cause of action, unlikely technical deficiencies, is a fatal pleading deficiency. **"Lascar Intern. Inc. v. Carballo, 957 So. 2d 1191, 1193 (Fla. 3rd DCA 2007).**

109. **Base on information and belief the Note has been securitized. I did not authorized the Securitization.** The securitization converts the note in unenforceable instrument. The law does not prohibit sell or transfer the note but do not authorize to convert into a security.  When the note is securitized changes from enforceable instrument to unenforceable instrument therefore cannot be transferred and least likely sold. **Plaintiff is trying to change their status and pretend to be a holder after was securitized.**

110. Securitization documents represent a **CLAIM of ownership** and no evidence such actually exists. **The <u>ORIGINAL NOTE</u> should always be brought to Court whenever it is questioned in a proceeding.** Plaintiff does not own and hold the note. The Mortgage /Note and documents in support it claims are a fraudulent document. Defendant demand strict, clear and convincing evidence **Pursuant to Florida Statutes 673.3081 about authenticity all documents.**

111. The Defendant denies the authenticity, terms and conditions and authority of all signatures on my not pursuant UCC 3-308. This includes my signature as I understood that I was loaned from the  lender named within the four corners of the document. The substance of the transaction I executed was quite different. I was deceived by fraud or trickery into signinga document when I wasn't aware. **This is really fraud in the factum. Fraud makes a note voidable.**

**673.3081 Proof of signatures and status as holder in due course provide in part:**

**(1) In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument..**

112. Your Affiant also serves as a LAWFUL NOTICE. Your Affiant requests and demands Plaintiff present an Original Mortgage and Note with the ORIGINAL BLUE INK paperwork I signed the day of closing the loan . If the NOTE can't be produced with me blue ink signature, there is no note that can be lawfully collected against me. Anything less than the ORIGINAL document is a forgery and not admissible as legal tender. Certified copies will not be accepted.

113. **The <u>ORIGINAL NOTE</u> should always be brought to Court whenever it is questioned in a proceeding.** Plaintiff does not own and hold the note. The Mortgage /Note and documents in support it claims are a fraudulent document. Defendant demand strict, clear and convincing evidence **Pursuant to Florida Statutes 673.3081about authenticity all documents**

114. **Summary judgment is appropriate only upon record proof not assumptions.** Is a reversible error for a Court to enter summary judgment when there is a relevant discovery pending…**Kimball v. Public Supermarket, Inc 901 So. 2d 293, 295 (Fla. 2d DCA2005).**Plaintiff in order to mask their illegal actions refused to provide the discovery requested by Defendant. Under FRCP incomplete answers is treated as no answer.

115. Owner of loan are undisclosed investors who purchased the mortgage .True balance of the loan is unknown .Default most likely does not exist by virtue of advances and insurance payments. The homeowner, the servicer, nor the trustee will be able to determine loan status until a complete accounting of all debits and credits, including but not limited to, all 3rd party payment proceeds.

116. In the case of residential mortgages, a **"Creditor"** is a legal entity or group of entities persons under the law who has advanced money for the funding of mortgage loans. The **creditor in this instance can be generically described as an Investor**. Plaintiff has never been the real party in interest.

117. Plaintiff failed to produce documentary evidence that they are the real party in interest therefore their status limits their authority to act or take any action in this case. When Plaintiff in

a foreclosure action is not identified on the note or mortgage must introduce documentation but not limited to a trust or assignments executed before the action was commenced . 2007 WL 4034554 at *1 (N.D. Ohio 2007) ;demonstrating that it is the owner and the holder of the note. A separate entity cannot maintain suit on a note payable to another entity unless the requirements of Rule 1.210(a) of the Florida Rules of Civil Procedure are met.

118.The existence and identity of the real parties in interest was withheld in the closing and servicing of the loan. Participants fail to meet one of requirements for HDC status: 1) in good faith. **The unknown and undisclosed Investors constitute the only Creditor presumed to exist until contrary evidence is presented. So far Plaintiff never introduce any evidence to support their allegations that they are the" owner and holder "of the Note.**

119. Therefore if there remain any Creditors, pursuant to the Note, they are the unidentified Investors .All other parties are intermediary or representative or disinterested like Plaintiff. Total fees and profits generated by the creation to loan were actually never provided to the Borrower/Investors. The only way this could be accomplished was by preventing both the Borrower and the Investor from accessing the true information.

120. It is unlikely that any HDC exists. Hence the loan product sold to the subject homeowner included a Promissory Note that was evidence of a real obligation that arose when the transaction was funded but lost its negotiability in the securitization process, which thus bars anyone from successfully claiming HDC status

121. Your Affiant knows that the only reason why the Plaintiff would refuse to provide the identity of the Lender/Creditor is that they either doesn't know, don't care or are hiding something. It is my opinion that the answer can fairly be stated as all three.

122. Plaintiff do not have Constitutional Standing because funds proceeds from 3rd party payments**; the investor/creditor.**

123. The Plaintiff has the burden to proof that is the "owner and holder" and there is no evidence Of holdership, ownership and right to enforce, when applying the proper legal standard. **<u>The Plaintiff does not legally own the Note or at least it has not been proven.</u>**

24 of 28

This Foreclosure is illegal, invalid and void is because Wachovia Mortgage, Wells Fargo Bank  has no right nor standing to foreclose on this property. The Law firm that filed said complaint was The Law Offices of Kass, Shuler which has been on the news and news papers for their illegal foreclosure proceedings. The Attorney whom filed said complaint and instructed said case was Clay A Holtsinger.

In said Complaint  Wachovia Mortgage, F.S.B. alleges under "COUNT I" number five (5) that the Plaintiff or Wachovia  Mortgage owns and holds the Note & Mortgage, which is contradicting to the allegation on the Complaints Title and under  "COUNT II" allegations seventeen (17) and twenty (20) the Original Note and Mortgage lost, destroyed or stolen.

In this Case U.S. Wachovia Mortgage . does not have the Note and Mortgage and therefore claim in said Complaint under allegation number four (4) Wachovia Mortgage states that said Mortgage had been assigned to them; however the complaint and original summons failed to supply a copy of said assignment of Mortgage and None have ever been filed in the County Clerks Recorders Office which is a violation of Florida Statutes 559.715, 559.72 and once again proving that Wachovia Mortgage. has no Right or Standing to pursue a foreclosure action against me .
Wachovia Mortgage's Complaint  under allegation number eight (8) states that all conditions precedent to the acceleration of the Mortgage Note had occurred, however the Summons issued to  me, lacks any proof that said conditions had been met and also proves that it is a false statement.

Another clear indication of the Fraud and the Foreclosure Factory the Law Offices of Kass Shuler had, is that in this Case against me the Lis Pendens were recorded allegedly by the same person Clay A, Holtsinger . However, if you take a look at the signatures it is obvious that one was a forgery and it is unclear why it was recorded and documented, This is falsification of Documents and obvious lack of Control within said Law Firm.

On **October 04, 2010**, Your Affiant sent Wachovia Mortgage a Legal Notice of Validation of Debt/ Proof of Claim/ Qualified Written Request, Mortgage Fraud Complaints were also sent to the Federal Trade Commission and Florida State Attorney Bill McCollum, On **December 07, 2010** a Second RESPA request was sent as a chance to right their wrong through a Notary Presentment, as of this present day Defendant have not received any answer to said Legal Notice. Hence, making Plaintiff's failure to response a violation of Title 12 U.S.C. § 2605, Title 15 U.S.C. § 1692d (§806 Florida Fair Debt Collection Practice hereafter "FDCPA"), § 1692e (§807 FDCPA), §1692f (§ 808 FDCPA), § 1692g (§ 809 FDCPA), and § 1681i (§611 Fair Credit

Reporting Act hereafter "FCRA"), §1681s-2 (§623 FCRA). Plaintiffs also failed to supply proof of claim upon a written presentment by a third party Notary in violation of Title 12 U.S.C., Chapter 27 § 2605, Florida Statutes 673.5011(U.C.C. § 3-501) and Florida Statues 673.5021 ( U.C.C. § 3-502). However, again Wachovia Mortgage & Wells Fargo Bank failed to Validate said Debt in Violation of the Fair Debt Collection Practice Act, while continually proving to have NO standing to pursue this foreclosure.


The Florida Rule 1.110(b) is amended to require verification of mortgage foreclosure complaints involving residential real property. The primary purposes of this amendment are (1) to provide incentive for the plaintiff to appropriately investigate and verify its ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate; (2) to conserve judicial resources that are currently being wasted on inappropriately pleaded "lost note" counts and inconsistent allegations; (3) to prevent the wasting of judicial resources and harm to defendants resulting from suits brought by plaintiffs not entitled to enforce the note; and (4) to give trial courts greater authority to sanction plaintiffs who make false allegations.

Wachovia Mortgage., Kass Shuler. and now in continuing this foreclosure is committing Fraud, Corruption, Fabrication, and Misuse of Title. Wells Fargo Bank. have broken and failed to follow any and all protocols and procedures in an effort to enforce a foreclosure action without having any authority to do so in violation of all Florida Statute, Rules of Procedure, and Your Affiant's legal rights to a proper and valid due process of Law.

Any action against Your Affiant must be fully described in writing, issued by a court of law, signed by a judge, and sworn on oath, no person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation, no person to be deprived of anything without due process; or abridging the freedom of speech, all rights belong to the people some are stated some are not, the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized, no law-abiding person shall be forced to act against his will, all government power comes from the consent of the people governed, all persons born or naturalized are US citizens and protected by US Constitution, all persons equally protected and restricted by law, no person to hold office if he rebels against or violates US Constitution (treason), no state shall make or enforce any law limiting rights of US Constitution, all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. no state shall deprive anyone of anything without fair trial, no state shall set anyone above the common man, no state shall work against US Constitution with anyone, no state shall declare war on a person (resort to force) in

violation of Constitution, no state shall allow any person or group to make a law, judge on it, and punish under it, no person or group can make a law, judge on it, and punish under it, no controlling agency shall harass a US citizen (mixed war/treason), no controlling agency shall be formed in violation of US Constitution, the US to protect every citizen against personal attack or attack on rights, **"This Constitution is the Supreme Law of the Land"**, all law makers court officials and enforcement officers are bound by oath to the US Constitution. See Unites States Constitution  Articles and Amendments.

Despite all this Evidence of Fraud and the Facts that Wachovia Mortgage & Wells Fargo Bank. has no Standing to Enforce this Foreclosure,  Defense of Response to any of our Motion, therefore, this Complaint is Void, Null and should be dismissed with prejudice for Lack of Standing and Wachovia Mortgage & Wells Fargo Bank. failure to be the True Party In Interest.

124.   On **April 10, 2012**, Your Affiant's house was illegally sold to Well Fargo Bank, for solely $100.00 dollars.  Please note **"Exhibit E"**.

How in GOD's name has so much law, so many facts, so much FRAUD been totally ignored, just to serve the interests of the parties who created such Colossal Disaster?

1-In 99 percent of the residential foreclosure cases, plaintiffs are asking the court to accept promissory note copy as the original because it is presumed lost." Why are judges all across this country just ignoring all of this?

Plaintiffs are neither the owner nor a holder and thus has failed to state cause of action. The Plaintiffs have failed to submit sufficient admissible evidence to overcome Your Affiant Statement. Plaintiff have manipulated the Judicial System with malice intent in order to obtain a Judgment without evidence to support said claim, violating all protocols and procedure in an effort to obtain what they sought after.

Caridad Marquez, Pro se
7532 SW122 Court
Miami, Florida  33183
772-882-2430

In Witness Whereof, the said grantor(s) have hereunto set their hands and seals this 30 day of April, 2012 A.D. _____ Signed Sealed and Delivered in the Presence of:

_____
Witness Signature

_____
Witness Signature

Kevin Mendez      4/30/12
Witness Printed Name      Date

MARTA MARTINEZ   4/30/12
Witness Printed Name      Date

STATE OF FLORIDA            )
COUNTY OF MIAMI-DADE        )

    I hereby Certify that on this day, before me, an officer duly authorized to administer oath and take acknowledgements, personally appeared _____ known to me to be the person(s) described in and who executed the foregoing instrument, who acknowledged before me that they executed the same, and an oath was taken ( Check one) _X_ Said person(s) are personally known to me. __Said person(s) provided the following type of Identification_____

**NOTARY SEAL**

Witness My Hand and OFFICIAL SEAL in the County and State last aforesaid this:

30 day of May, 2012

_____
Notary Signature

Efrain Galvez
Notary Printed Name

EFRAIN GALVEZ
MY COMMISSION # DD834791
EXPIRES November 30, 2012
FL Notary Discount Assoc. Co.

28 of 28

"Exhibit A"
8 Pages

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR MONROE COUNTY
CIVIL DIVISION

WACHOVIA MORTGAGE, FSB. f.k.a. WORLD
SAVINGS BANK

    Plaintiff,

vs.

CARIDAD MARQUEZ, et. al.

    Defendants.

Case No. 08-CA-972-P

Division

REC'D
SERVED
DATE 12/11/0 TIME 6:05
PS 1
(Print / Sign Name)

DEC 10 2008

MILITARY: YES___ NO___
MOBILE HOME: YES___ NO___
VIN#:_____
CONTINUOUS MARRIAGE: YES___ NO___

TO:    CARIDAD MARQUEZ
    7532 SW 122ND CT
    MIAMI, FL 33183

THE STATE OF FLORIDA

TO ALL AND SINGULAR APPOINTED PROCESS SERVERS AND SHERIFFS OF THE STATE: YOU ARE
COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT OR PETITION IN THIS LAWSUIT
ON THE ABOVE-NAMED DEFENDANT.

## SUMMONS
### PERSONAL SERVICE ON NATURAL PERSON
### IMPORTANT

A LAWSUIT HAS BEEN FILED AGAINST YOU. YOU HAVE 30 CALENDAR DAYS AFTER THIS SUMMONS IS
SERVED ON YOU TO FILE A WRITTEN RESPONSE TO THE ATTACHED COMPLAINT IN THIS COURT. A PHONE
CALL WILL NOT PROTECT YOU. YOUR WRITTEN RESPONSE, INCLUDING THE ABOVE CASE NUMBER AND
NAMED PARTIES, MUST BE FILED IF YOU WANT THE COURT TO HEAR YOUR CASE. IF YOU DO NOT FILE
YOUR RESPONSE ON TIME, YOU MAY LOSE THE CASE, AND YOUR WAGES, MONEY, AND PROPERTY MAY
THEREAFTER BE TAKEN WITHOUT FURTHER WARNING FROM THE COURT. THERE ARE OTHER LEGAL
REQUIREMENTS. YOU MAY WANT TO CALL AN ATTORNEY RIGHT AWAY. IF YOU DO NOT KNOW AN
ATTORNEY, YOU MAY CALL AN ATTORNEY REFERRAL SERVICE OR A LEGAL AID OFFICE (LISTED IN THE
PHONE BOOK). IF YOU CHOOSE TO FILE A WRITTEN RESPONSE YOURSELF, AT THE SAME TIME YOU FILE
YOUR WRITTEN RESPONSE TO THE COURT YOU MUST ALSO MAIL OR TAKE A CARBON COPY OR
PHOTOCOPY OF YOUR WRITTEN RESPONSE TO THE "PLAINTIFF/PLAINTIFFS ATTORNEY" NAMED BELOW.

ATTORNEYS FOR PLAINTIFF
Clay A. Holtsinger
1505 N. Florida Ave.
Post Office Box 800
Tampa, Florida 33601-0800

WITNESS MY HAND AND SEAL OF THIS COURT ON _December 4_, 2008

    Danny L. Kolhage
    Clerk of the Circuit Court
    500 Whitehead Street
    Key West, Florida 33041-

    By: _____
        Deputy Clerk

(SEAL)

633383

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, 16th Judicial Circuit, Law Library, 500 Whitehead Street, Key West, Florida 33041, phone (305) 292-3423 within 2 working days of your receipt of this notice if you are hearing or voice impaired, call 1-800-955-8771. *Notice: Under the Fair Debt Collection Practices Act as described in the Complaint, no default will be taken until after 30 days have elapsed as required by Federal law.

SUMMONS:<br>PERSONAL SERVICE ON AN INDIVIDUAL

IMPORTANT

A lawsuit has been filed against you.  You have 30 calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

IMPORTANTE

Usted ha sido demandado legalmente.  Tiene  threnta (30) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiendades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney".  (Demandate o Abogado del Demanadante".

IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous.  Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse escrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff/Plaintiff's Attorney:

Clay A. Holtsinger
Florida Bar No.: 0294330
Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A.
Post Office Box 800
Tampa, Florida  33601-0800

317300.080313A/jsm





IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR MONROE COUNTY
CIVIL DIVISION

WACHOVIA MORTGAGE, FSB. f.k.a. WORLD SAVINGS BANK

    Plaintiff,

vs.

CARIDAD MARQUEZ AND UNKNOWN TENANTS/OWNERS,

    Defendants.

_____/

Case No. *08 CA 972 P*

Division

## COMPLAINT

Plaintiff, WACHOVIA MORTGAGE, FSB. f.k.a. WORLD SAVINGS BANK, by and through its undersigned attorneys, sues Defendants, CARIDAD MARQUEZ, , and UNKNOWN TENANTS/OWNERS, and states:

### GENERAL ALLEGATIONS

1.    WACHOVIA MORTGAGE, FSB. f.k.a. WORLD SAVINGS BANK, is the holder of the Note and Mortgage which are the subject of this suit.

2.    Defendant(s), CARIDAD MARQUEZ, is/are the record owner(s) of the property sought to be foreclosed by the Plaintiff, and hold title to the property subject to the Mortgage described herein.

3.    Defendants, , and UNKNOWN TENANTS/OWNERS, are persons and/or entities who have or may claim some right, title, interest, or lien in, to, or upon the Property described below.

4.    On February 6, 2007, CARIDAD MARQUEZ, AN UNMARRIED WOMAN, executed and delivered a Note, and a Purchase Money Mortgage securing the Note in favor of WORLD SAVINGS BANK, FSB.  The Mortgage was recorded on February 20, 2007 in Official Records Book 2273, Page 2256, of the Public Records of Monroe County, Florida.  A copy of the Mortgage and Promissory Note is attached hereto.  Said Note and Mortgage were subsequently assigned and/or endorsed in favor of the Plaintiff.  Said Assignment(s) and endorsements are attached hereto, and incorporated by reference herein.

5.    Plaintiff now owns and is the holder of the Note and Mortgage.

6.    A default exists under the Note and Mortgage as a result of a lack of payment of the installment due September 1, 2008, and all subsequent payments on the Note.

7.    Plaintiff has, if required by the Note or Mortgage, demanded payment of the obligation reflected by the aforesaid Note and Mortgage, but despite such demand, said default has not been cured.

8.    Plaintiff hereby accelerates all principal and interest under the Note and Mortgage to be immediately due and payable.

9.    Plaintiff is due the sum of ONE MILLION NINETEEN THOUSAND THREE HUNDRED THIRTY AND 00/100 Dollars ($1,019,330.00) in principal under the Note and Mortgage, plus interest from August 1, 2008, title search expenses for ascertaining necessary parties to this action, unpaid taxes, insurance premiums, accumulated late charges, and inspection fees.

10.    As a result of the default under the Note and Mortgage, it has become necessary for the Plaintiff to employ the undersigned attorneys to prosecute this action, and Plaintiff has agreed to pay such attorneys a reasonable fee for their services. Under the terms and provisions of the Note and Mortgage, Plaintiff is entitled to recover its reasonable attorney's fees in bringing

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT, IN AND
FOR MONROE COUNTY, FLORIDA

**WACHOVIA MORGAGE, FSB. F.K.A. WORLD
SAVINGS BANK**

Case No.: 08–CA–972–P

vs.

**CARIDAD MARQUEZ,, ET AL**

**VERIFIED RETURN OF SERVICE**



**633383**

Pursuant to the request of **KASS, SHULER, SOLOMN, SPECTOR, FOYLE & SINGER (TPA)**,
received this process on **12/10/2008** at **11:16 AM** to be served upon:

**CARIDAD MARQUEZ**

STATE OF FLORIDA
COUNTY OF DADE     ss.

317300.080313A

I, **JOSE DAVID MONTERO**, depose and say that: I am authorized to serve this process in the
circuit/county it was served in.

On **12/11/2008** at **6:05 PM**, I served the within **SUMMONS/COMPLAINT/LIS PENDENS** on
**CARIDAD MARQUEZ at 7532 SW 122nd Court, Miami, FL 33183** in the manner indicated below:

**INDIVIDUAL SERVICE: – F.S. 48.031 (1)(a):** By delivering to the within named person a true copy of
this process with the date and hour of service endorsed thereon by me, and a copy of the complaint,
petition or other initial pleading or paper (if any) and informing the person of the contents.

Comments/Prev. Attempts: **PROPERTY IS NOT A MOBILE HOME.**

I asked the person spoken to if the person served is married and I received an affirmative reply.

I asked the person spoken to if the person served was in the active military service of any of the armed
forces of the United States of America or his/her state of residence and I received a negative reply.

Under penalty of perjury I declare that I have read the foregoing Verified Return of Service and that the
facts stated in it are true and correct.

X

**JOSE DAVID MONTERO – Cert/Appt#: 540**
Notary Not Required Pursuant To F.S. 92.525.
PRO–VEST, LLC.; 4520 Seedling Circle; Tampa, FL 33614; 800.587.3357

this action. Plaintiff alleges that a reasonable attorney's fee in this matter would be $1,250.00 and will seek an award of such amount in the event that a default judgment is entered against the Defendant. In the event that this matter is contested, Plaintiff intends to seek additional attorney's fees based upon the hours spent, services rendered and other reasonable factors.

11.     Defendant(s), CARIDAD MARQUEZ, and/or UNKNOWN TENANTS/OWNERS, now own, possess, or have the right to possess the Property.

12.     Defendant(s), UNKNOWN TENANTS/OWNERS, may claim some interest in the subject property by virtue of their possession of the property.

**COUNT I**
**MORTGAGE FORECLOSURE**

13.     Plaintiff realleges and incorporates Paragraphs 1 through 12 of this Complaint.

14.     This is an action to foreclose the first Mortgage on real property (the "Property") in Monroe County, Florida, having a legal description as follows:

> LOT 13, IN BLOCK 7, OF KEY LARGO BEACH, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 2 AT PAGE 149 OF THE PUBLIC RECORDS OF MONROE COUNTY, FLORIDA.

with a street address of 33 SEAGATE BLVD, KEY LARGO, FL 33037, herein referred to as "the Property."

15.     Under the terms of the Mortgage and in accordance with Florida law, Plaintiff is entitled to foreclosure of its Mortgage upon default in payment.

16.     All conditions precedent to the enforcement of Plaintiff's right to foreclosure herein and the maintenance of this action have been performed, have occurred, or have been waived.

WHEREFORE, Plaintiff requests that this honorable Court:

(a)     Take jurisdiction of the parties hereto and of the subject matter hereof;

(b)     Order that the lien of Plaintiff's Mortgage is a valid first lien on the Property described and is superior to any lien of record ;

(c)     Order foreclosure of the Mortgage, and that all Defendants named herein, their estates, and all persons claiming under or against them since the filing of the Notice of Lis Pendens, be foreclosed;

(d)     Determine the amount due Plaintiff under the Note and Mortgage sued upon herein;

(e)     Order that if said sum due Plaintiff is not paid in full within the time set by this Court, the Property be sold by Order of this Court to satisfy Plaintiff's claims;

(f)     Order that if the proceeds from such court ordered sale are insufficient to pay Plaintiff's claim, then a deficiency judgment be entered for the remaining sum against all Defendants who have assumed personal liability for same and who have not received a discharge in bankruptcy;

2

(g)     Order delivery and possession of the real property to the Purchaser, who shall be responsible for condominium or homeowner association assessments and other charges in accordance with §§718.116 and 720.3085, Florida Statutes (2007), respectively.and upon proof of the demand or refusal of any Defendant to vacate and surrender such possession, and the clerk be directed to issue a writ of possession without further order of this Court;

(h)     Retain jurisdiction of this cause and the parties hereto to determine Plaintiff's entitlement to a deficiency judgment and the amount thereof; and

(i)     Grant such other and further relief as appears just and equitable under the circumstances.

## COUNT II

## ENFORCEMENT OF LOST INSTRUMENTS

17.     This is an action to enforce lost instruments under §673.3091, Florida Statutes.

18.     Paragraphs 1, 2, and 4 through 6 are hereby incorporated and made a part of this Count II.

19.     The Note and Mortgage owned by Plaintiff, copies of which are attached to the Complaint, have been lost or misplaced.

20.     Plaintiff was in possession of the Note and Mortgage at the time the Note and Mortgage were lost or misplaced, or Plaintiff has been assigned the right to enforce the lost or misplaced instruments by the entity which had possession at the time that the instruments were lost.

21.     The loss of possession of the Note and Mortgage was not the result of a transfer by the Plaintiff or a lawful seizure.

22.     Plaintiff cannot reasonably obtain possession of the instruments because the whereabouts of the instruments cannot be determined.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff establishing its right to enforce said instruments pursuant to §673.3091, F.S.

## NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT

Pursuant to Title 15 United States Code Section 1692, Plaintiff is providing the following notice:

a)     The amount of the debt is contained in this Complaint;

b)     The Creditor to whom the debt is owed is WACHOVIA MORTGAGE, FSB. f.k.a. WORLD SAVINGS BANK;

c)     Unless this debt, or any portion thereof, is disputed within thirty days after receipt of this notice, the debt will be assumed to be valid by the Plaintiff;

d)     If a consumer notifies the undersigned in writing within the thirty day period that the debt, or any portion thereof, is disputed, the undersigned will obtain verification of the debt and a copy of such verification will be mailed to such consumer;

3

e)      Upon a consumer's written request within the thirty-day period, the undersigned will provide the consumer with the name and address of the original creditor, if different from the current creditor;

f)      This is an attempt to collect a debt, and any information obtained will be used for that purpose.

DATED:  November 25, 2008.

Clay A. Holtsinger
Florida Bar No.: 0294830
Kass, Shuler, Solomon, Spector,
Foyle & Singer, P.A.
P.O. Box 800
1505 N. Florida Ave.
Tampa, FL  33601
(813)  229-0900 ext 1350
Attorneys for Plaintiff

317300.080313A/jsm

 

  

4

"Exhibit B
39 Pages

1

IN THE CIRCUIT COURT OF THE
16th JUDICIAL CIRCUIT IN
AND FOR MONROE COUNTY, FLORIDA
CASE NO. 2008-CA-200972-P

WACHOVIA MORTGAGE F.S.B.
f/k/a WORLD SAVINGS BANK,

               Plaintiff,                 ▯ORIGINAL

vs.

CARIDAD MARQUEZ, et al,

               Defendant.

───────────────────────────────────/

                         Plantation Key Courthouse
                         88820 Overseas Highway
                         Tavernier, Florida
                         Wednesday, 10:00 a.m.
                         January 4, 2012

     The above-entitled cause came on for hearing
before The Honorable Luis M. Garcia, Judge of the
above-styled court, at the Plantation Key
Courthouse, pursuant to notice.

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

2

1    APPEARANCES:

2         BROAD AND CASSEL, by

          George G. Mahfood, Esq.

3         Attorneys for Plaintiff.

4         JAMES ORTH, ESQ.

          Attorney for Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FRIEDMAN, LOMBARDI & OLSON
COURT REPORTERS

3

1        (Thereupon, the following proceedings were had:)

2        THE COURT:  Wachovia versus Marquez.  Announce

3    your presence for the record, please.

4        MR. MAHFOOD:  George Mahfood for Wachovia

5    Mortgage F.S.B., Your Honor.

6        MR. ORTH:  James Orth, O-r-t-h, for the

7    Defendant, Your Honor.  She's been unable to attend

8    today because she was admitted into Kendall Regional

9    Medical Center this morning on heart pains.

10       I've been asked to request a continuance because

11   she'd like to be here.  So I'm asking for that at

12   this time.

13       THE COURT:  Any response?

14       MR. MAHFOOD:  I object, Your Honor.  We've had

15   this matter set for some time.  We have it scheduled

16   for trial coming up.  I think it would be

17   inconvenient and would interfere with the trial

18   setting.

19       THE COURT:  Motion for continuance is denied.

20       Ready for the motion for summary judgment?

21       MR. MAHFOOD:  I am, Your Honor.

22       THE COURT:  All right.  You may argue your

23   motion.

24       MR. MAHFOOD:  Your Honor, my client is Wachovia

25   Mortgage, F.S.B., formerly known as World Savings

4

1     Bank.   World Savings Bank changed its name to

2     Wachovia Mortgage, F.S.B.  The Plaintiff in two of

3     its affidavits, the affidavit of Claudia Herrera

4     filed August 30 of 2011, and the affidavit of Belinda

5     Nova, filed December 14, 2011, each state that they

6     have personal knowledge of the name change and each

7     attach to their affidavit a statement from

8     Nicholas J. Dyer, Assistant Regional Director, Office

9     of Thrift Supervision, stating that the board of

10    directors resolution adopting the changes to the

11    charter and bylaws met federal requirements.  That's

12    been offered and it's been objected to as not an

13    admissible document.  The argument will be the same,

14    legal argument will be the same as to both documents.

15         In addition, Your Honor, Wachovia Mortgage

16    F.S.B. later merged into Wells Fargo Bank National

17    Association.  And that merger is supported by both

18    affidavits and by the official certification of the

19    Office of the Comptroller of the Currency through

20    Steven A. Lybarger, large bank licensing lead expert

21    for the OCC.

22         Our position is, Your Honor, that, one, each of

23    the affiants has personal knowledge of the name

24    change from World Savings Bank F.S.B. to Wachovia

25    Mortgage F.S.B. and of the merger between Wachovia

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

5

1    Mortgage F.S.B. to Wells Fargo, N.A.  And those

2    documents are independently admissible documents.

3    Both reports, which are attached to the affidavit,

4    Your Honor, are public records and reports under

5    90.803 Subpart Eight of the Evidence Code, as a

6    record, report, statement reduced to writing of

7    public offices or agencies setting forth the

8    activities of the office or agency, or matters

9    observed pursuant to duty.  So it is an exception to

10   the hearsay rule under 90.803.

11        In addition, Your Honor, they are both

12   self-authenticating documents under 90.902 Subpart 2,

13   which it's entitled "Extrinsic evidence of

14   authenticity as a condition precedent to

15   admissibility is not required for:  2, A document not

16   bearing a seal, but purporting to bear a signature of

17   an officer or employee of any entity listed in

18   Subsection 1, affixed in the officer's or employee's

19   official capacity."  One of the officers is that of

20   the United States.

21        Under these circumstances, Your Honor, both

22   documents are exceptions to the hearsay rule,

23   self-authenticating.  So for purposes of this

24   hearing, there is no evidentiary dispute but that

25   Wachovia Mortgage F.S.B. is the same entity as World

6

```
1    Savings Bank F.S.B., and as such, is the owner and
2    holder of the mortgage and the note which were issued
3    to World Savings Bank F.S.B. by the borrower in this
4    case.   The borrower in this case admits in her answer
5    that there has not been a payment made on this
6    mortgage since September 1, 2008, more than three
7    years.
8         The attempt to defend this mortgage foreclosure
9    action is simply an attempt to say that the mortgage
10   was assigned and the assignor is not in the case,
11   there's no assignment document, to say that there is
12   an investor and the investor is not in the case and
13   it's the real party in interest.   None of those
14   arguments bear any weight given the history of this
15   corporation, which went from World Savings Bank to a
16   name change, and then a merger into Wells Fargo Bank
17   N.A.   It is the entity.
18        Now, the holder of an instrument is defined in
19   673.3001 of the UCC, and the -- I'm sorry, the holder
20   of the instrument is defined in 671.201 of the UCC.
21   "Holder means the person in possession of a
22   negotiable instrument that is payable either to
23   bearer or to an identified person that is the person
24   in possession."   In this case the person in
25   possession is, in fact, World Savings Bank F.S.B.   It
```

7

1    just happens to have changed its name and merged, but

2    it happens in fact to be World Savings Bank.

3        The party entitled to enforce an instrument is

4    the holder of the instrument, World Savings Bank, now

5    Wachovia and Wells Fargo.  And this happens to be a

6    negotiable instrument under 673.1041.  An instrument

7    is a note if it is a promise.

8        So what we have here, Your Honor, is the holder

9    of the note and the owner of the note, World Savings

10   Bank, Wachovia, Wells Fargo, seeking to enforce the

11   note.  There is no issue about the authenticity of

12   the note.  The original of the note and the mortgage

13   were filed with this Court on January 11 -- I'm

14   sorry, January 10, 2011 as reflected in the docket

15   entries, Your Honor.

16       So the Court has before it the original note,

17   which was presented by the Plaintiff in this case,

18   Wachovia Mortgage F.S.B., and we have an admission

19   that there has been no payment since September 1,

20   2008.  That is sufficient to establish a breach of

21   the contract, sufficient to establish a default,

22   sufficient to establish liability on the part of

23   Ms. Marquez.

24       Ms. Marquez seeks to avoid liability through a

25   series of affirmative defenses.  All of the

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

8

1    affirmative defenses are barred, Your Honor, by the

2    Home Owners' Loan Act of 1933, in which the Congress

3    passed a statute and delegated to the Office of

4    Thrift Supervision the power to fully occupy the

5    field of lending for thrift supervision.  It's

6    entitled 12 Code of Federal Regulations, Section

7    560.2.  It's cited in our brief and I won't belabor

8    that point.  My point is simply that overarching all

9    of this is that the defenses are preempted by that

10   statute and that regulation and the case law fully

11   supports that.

12        Taking each affirmative defense individually.

13   The first affirmative defense is that the complaint

14   fails to state a cause of action because there has

15   been an assignment and the assignment isn't attached.

16   Well, as we've shown, there has been no assignment.

17   This is simply the owner of the note and the mortgage

18   seeking to enforce it.  There is no evidence to the

19   contrary.  There's not been an affidavit filed by the

20   borrower to contest any of this.  There's been no

21   evidence offered by the borrower to contest any of

22   this.  So the evidence of World Savings Bank being

23   Wachovia Mortgage, being Wells Fargo, is uncontested

24   and self-authenticating and admissible.

25        Second affirmative defense alleges simply in a

9

1      very vague term that Wachovia has failed to provide

2      proper statutory notice prior to filing suit.  We

3      don't know exactly what statute that is because it's

4      not been cited.  No matter what it is, however, it's

5      preempted by the Home Owners' Loan Act, and, two, the

6      documents don't require notice prior to filing suit.

7              Paragraph 10 of the note expressly waives notice

8      of presentment, default, dishonor and acceleration,

9      and Paragraph 27 of the mortgage expressly provides

10     that Wachovia does not have to provide notice to the

11     borrower in breach.  In addition, law of Florida is

12     pretty clear for many, many years that you can give

13     notice of breach by the filing of the complaint and

14     notice of acceleration by the filing of the

15     complaint.  Those cases are cited in our brief,

16     starting with Seligman versus Bisz, from Florida

17     Supreme Court 1936, Rones versus Charlisa at 948

18     So.2d 878, Fourth DCA, 2007, and Third DCA, Poinciana

19     Hotel of Miami Beach versus Kasden, 370 So.2d 399.

20             Third affirmative defense is that the note is

21     unenforceable because Wachovia breached or repudiated

22     the contract by demanding sums greater than that,

23     greater than and in addition to those due under the

24     contract prior to any alleged breach by the borrower.

25     They don't allege where that comes from, but what we

10

1    know here is that this is a pick-a-pay mortgage,

2    which means that the borrower has the right and did

3    choose to pick a sum of a monthly payment that did

4    not cover all of the interest due.  So this borrower

5    knew that she was entering into a loan agreement and

6    a mortgage which allowed her to defer interest.  And

7    that deferred interest was to be added to the

8    principal.

9         The mortgage on top, the mortgage, itself, at

10   the very front, says -- let me read it from the

11   mortgage document, itself, Your Honor.  First of all,

12   the note says, "This note contains provisions

13   allowing for changes in my monthly payment in my

14   unpaid principal balance.  My monthly payment

15   increases and my principal balance increases are

16   limited.  This note is secured by a security

17   instrument," giving notice of the fact that the

18   payments are going to be altered, or can be altered

19   and changed.  And the mortgage, itself, says, "This

20   is a first mortgage which secures a note and which

21   contains provisions allowing for changes in my

22   payment amount in principal balance, including future

23   advances and deferred interest at lender's option.

24   The secured note may be renewed or renegotiated.  The

25   maximum aggregate principal balance secured by this

11

1    mortgage is $1,218,750."  The amount of principal

2    balance sought is less than that:  $1,019,000.  So we

3    are not seeking an amount in excess of the amount

4    authorized under the documents.

5        In any event, Your Honor, that defense has not

6    been shown to be incorrect in any sense and the

7    specificity of it is so weak that it's very difficult

8    for us to offer any negation of the affirmative

9    defense in any way.  However, to the extent that they

10   are alleging that there is something wrong with the

11   manner in which we have added deferred interest to

12   the principal balance, that argument is preempted by

13   the Home Owners' Loan Act, Your Honor.

14       The fourth affirmative defense is based on the

15   Truth In Lending Act in Regulation Z.  First of all,

16   they allege failure to deliver borrower copies of the

17   right to rescind.  We've offered an affidavit in

18   which we have presented the right to rescind signed

19   by the borrower that was provided to her at the time

20   of the transaction.  There's been no counter

21   affidavit concerning that topic.

22       In addition, the Truth In Lending Act claims are

23   two-fold.  There are two kinds of claims you can

24   bring under the Truth In Lending Act.  One for

25   damages, which is barred by a one-year statute of

12

1   limitation. They have not sought that.  But even if

2   they have, it is barred by a one-year statute of

3   limitations.

4        And the second component of a Truth In Lending

5   Act claim or defense in this case would be recision.

6   And to the extent that this defense may be a claim

7   for recision under the Truth In Lending Act, that's

8   barred by a three-year statute of repose actually.

9   And the time is measured from the date of the

10  transaction.  This was a February 6th, 2007

11  transaction.  The answer and affirmative defenses and

12  counterclaim were not filed until January 10, 2011.

13  So more than three years has elapsed.  Those claims

14  are barred under the Truth In Lending Act, itself.

15       In addition, Your Honor, if you want to rescind

16  a transaction, a mortgage transaction under the Truth

17  In Lending, you have got to tender the money.  You

18  know, she's got $975,000 in a loan that she has to

19  tender back.  She hasn't made payments since

20  September 1 on the mortgage, September 1, 2008 on the

21  mortgage.  So she's in no position.  She hasn't

22  offered to tender.  She hasn't put herself in that

23  position, so she can't rely upon that.  Case law is

24  pretty clear:  Unless they can do that, you can't

25  today advantage of the Truth In Lending Act.  So

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

13

1   there's more than one basis for defeating on Truth In

2   Lending Act.

3        Fifth affirmative defense is unclean hands,

4   because we allegedly engaged in loan flipping.  They

5   don't describe what loan flipping is.  Our research

6   shows that there are really two kinds of definitions

7   for loan flipping.  One is loan flipping is a

8   refinance in which the borrower receives no tangible

9   benefit.

10       Well, through our affidavit we have shown that

11  the borrower in this case, who refinanced this

12  property, received a tangible benefit.  She actually

13  received a net benefit of $107,000 at the time of

14  closing.  And so she can't claim she didn't get any

15  benefit from this transaction.  She took equity out

16  of that house and converted it into cash.

17       Another jurisdiction provides that loan flipping

18  is when a lender offers to refinance the borrower's

19  existing loan, concealing the fact that the new terms

20  are highly disadvantageous.  Well, the new terms were

21  clearly disclosed to her.  To the extent that she

22  contends that the new terms were disadvantageous,

23  that's barred by the Home Owners' Loan Act and by the

24  Truth In Lending Act, because her statute of

25  limitation, statute of repose bars that.

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

14

1          In addition, Your Honor, if you're looking to

2     engage in a -- no, that's the loan flipping.  She has

3     an unclean hands -- well, the sixth affirmative

4     defense, I'm jumping ahead, the sixth affirmative

5     defense is indispensable party, failure to join an

6     indispensable party.  That goes back to who is the

7     real party in interest.  And the evidence is clear

8     that the real party in interest is the right party,

9     is the plaintiff in this case, holder and owner of

10    the note.

11         Seventh affirmative defense is that the

12    Plaintiff is attempting to collect for an unknown

13    principal, unnamed principal.  Same argument phrased

14    in a different way.  Plaintiff is trying to secure

15    payment and foreclosure for its own benefit, and

16    that's made clear by the documents.

17         Eighth affirmative defense is that they're

18    entitled to rely on the Home Affordable Modification

19    Program with TARP, the TARP Program, except TARP does

20    not require lenders -- does not provide private

21    causes of action to borrowers against lenders.  And

22    we've cited cases in the memo, one out of the Western

23    District of Washington, one out of Eastern District

24    of California, another out of the Southern District

25    of California.  There is no claim here that can be

15

1    brought by the borrower against the lender under the

2    TARP claim.

3         There's an allegation of an attempt to defraud

4    by claiming the right to foreclose pursuant to

5    nonexistent or entirely fabricated assignment or

6    endorsement.  Well, we're not seeking to enforce this

7    loan based upon an assignment or an endorsement.

8    We're seeking to enforce the loan based upon being

9    the mortgagee.  And so under those circumstances that

10   fails.  There's no evidence to deal with that.

11        And to the extent that there is a -- I did miss

12   the unclean hands argument.  And the unclean hands

13   argument really says -- in order to assert unclean

14   hands, what they have to do is they have to allege

15   that the bank has done something to prevent them from

16   making payment.  They've not done that.  There's no

17   affidavit to that effect.  And to the extent unclean

18   hands comes in because of some unspecified lending

19   practice, that's barred by the Home Owners' Loan Act.

20        In addition, they've raised one other argument,

21   Your Honor, in their most recently filed papers, and

22   that has to do with failure to pay the doc stamps,

23   taxes, under 201.08.  What they have alleged is that

24   we have paid it on $975,000.  That is admitted.  So

25   no matter what, we have the right to a judgment and

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

16

1    to foreclose for $975,000. But more importantly,

2    Your Honor, there's an exception to that rule, and

3    that exception is in 201.08.

4        May I show Counsel?

5        Your Honor, if I may hand it up to you. Thank

6    you. I've highlighted it on yours, Your Honor,

7    because it's hard to find.

8        But it says in that highlighted section,

9    "Notwithstanding the aforestated general rule," the

10    aforestated general rule means that you have to make

11    payment for the full amount, "where any increase in

12    the amount of original indebtedness caused by

13    interest accruing under an adjustable rate note or

14    mortgage having an initial interest rate adjustment

15    interval of not less than six months shall be taxable

16    as a future advance only to the extent such increase

17    is a computable sum certain when the document is

18    executed."

19        Our position is, Your Honor, that is not a

20    computable sum certain at the time the document is

21    executed, because what you have are deferrals going

22    on throughout each month, deferrals, and since

23    there's a pick-a-pay choice where the borrower gets

24    to pick the amount of mortgage it pays within a

25    certain range, could not be calculated.

17

1        And so under those circumstances the bank paid

2    the taxes on the $975,000.  That's what it was

3    required to do.  That's what it did.  That's all that

4    it was required to do.

5        And in any event, you can't stop this

6    foreclosure proceeding or a judgment because we're

7    entitled to that much for $975,000 at a minimum.  At

8    a minimum.

9        Thank you for listening, Your Honor.  I hope I

10   didn't speak too fast.

11       THE COURT:  No.

12       Counsel, again would you tell us your name?

13       MR. ORTH:  Yes, Your Honor.  My name is James

14   Orth, O-r-t-h, Junior.

15       THE COURT:  I don't have a notice of appearance

16   from you in this case.

17       MR. ORTH:  We did file a notice of appearance,

18   Your Honor.  It was filed on the 27th.

19       THE COURT:  Of December?

20       MR. ORTH:  Of December.

21       THE COURT:  All right.

22       MR. MAHFOOD:  I did receive a copy, Your Honor.

23       THE COURT:  All right.  Because I have

24   Ms. Marquez as being pro se for a while.

25       MR. ORTH:  Yes, Your Honor.  We were just very

18

1   recently retained.

2       THE COURT:  All right.  Would you like to

3   respond to the motion for summary judgment?

4       MR. ORTH:  Yes, Your Honor.  First and foremost,

5   summary judgment is not appropriate unless the facts

6   are so crystallized that nothing remains but question

7   of law.  There are factual disputes here.  I'll get

8   to those.  There is insufficient evidence to support

9   their motion for summary judgment.  I'll get to that.

10      First thing I want to get to, Your Honor, we did

11  file an opposition to summary judgment.  It was filed

12  on December 27th.

13      THE COURT:  I have not seen that.

14      THE CLERK:  Do you have a copy?

15      MR. ORTH:  May I approach, Your Honor?

16      THE COURT:  Yes.

17      MR. ORTH:  Would Your Honor like a few minutes

18  to read it or would you like me to --

19      THE COURT:  Go ahead and proceed.  If you file

20  it on the 27th, it takes some time to get to me

21  because of the holidays.  So what I'm going to do is

22  I'm going to listen to your argument, then I'm going

23  to reserve as to my ruling, and I'll read your

24  memorandum, also, and then I'll issue a ruling.

25      MR. ORTH:  Thank you, Your Honor.

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

19

1          First and foremost, summary judgment actually

2     can't be entered at this time pursuant to operation

3     of law in the state of Florida.  Section 201.08

4     provides for documentary tax stamp.  And to a certain

5     extent I do agree with opposing counsel in that they

6     were only obligated to pay at the time the amount

7     that was loaned on the date that the note was

8     executed.  However, the statute provides that the

9     mortgage trustee or other instrument shall not be

10    enforceable in any court of this state as to any such

11    advance unless and until the tax due thereon, upon

12    each advance that may have been paid thereunder, has

13    been paid.

14         Now, they're not suing on $975,000.  Their

15    motions for summary judgment were not suing on

16    $975,000.  And to change their motion today to say we

17    have the right to a judgment on $975,000 changes the

18    argument before the Court, and the defense hasn't had

19    an opportunity to specifically respond to that.  So

20    that would be inappropriate.

21         Their affidavits all are alleging $1,019,000 and

22    some -- a little bit more than that, Your Honor.  I

23    don't have the specific number offhand.  And our

24    brief, our opposition shows that they paid $3,412.50

25    documentary tax stamp when it was initially recorded.

20

1       That equates to the statutory requirement on

2       $975,000.  But they're not suing on $975,000.

3       They're suing on $1,019,330.  Because of that, the

4       problem is that they still owe Monroe County Clerk of

5       Court $155.15 in documentary tax stamp in order to

6       enforce the note in this court for a judgment.

7           Now, the law in the state of Florida provides

8       the Court must dismiss the action without prejudice

9       or, upon proper motion, abate the action for a time

10      sufficient to enable the plaintiff to purchase the

11      documentary tax stamps and affix them to the note.

12      That's the core meaning to Somma v. Metra Electronics

13      Corporation, 727 So.2d 305.  It is statutory law that

14      precludes enforcement of the note prior to payment of

15      the full tax.

16          THE COURT:  It's undisputed they paid the

17      documentary tax for 975,000?

18          MR. ORTH:  Yes, Your Honor.  But they're not

19      suing on the 975.  They're suing on a million

20      nineteen, which because they're suing on the

21      increased amount, the note is not enforceable until

22      they pay the full taxes.

23          There's no motion before the Court to abate the

24      action to pay the taxes.  So if for no other reason

25      because operation of 201.08, they can't enforce the

21

1   note for purposes of this foreclosure action on

2   $1 million because the taxes haven't been paid.

3       Now, there are factual disputes in this case,

4   Your Honor.  Standing.  Standing has been equated to

5   jurisdiction over the matter, Your Honor.  And in

6   their complaint, on Paragraph 5, they say plaintiff

7   now owns and is the holder of the note and mortgage.

8       They've submitted two affidavits in support of

9   summary judgment.  Neither one says they own the

10  note.  In fact, the affidavit here of -- this is

11  Affidavit of Amounts Due and Owing of Claudia

12  Herrera, states that they are a servicer.  It nowhere

13  says that they own and hold the note.

14      The documents attached to her affidavit, of

15  which we would object to Comptroller of Currency

16  document, Office of Thrift Supervision document is

17  inadmissible hearsay, because the affiant is not an

18  employee of those departments, cannot testify as to

19  authenticity of that document.  They don't appear to

20  be certified copies.  They don't appear to be

21  original wedding documents.

22      But if Your Honor turns to what would be -- it's

23  after the document entitled Attention, and it is --

24  it says Page 1.  And it begins, "The purported

25  payment history."  And on this document, if the Court

22

1    looks towards the upper right corner, you'll see

2    14:03:24.  It says I-N-V, that's investor.  Investor

3    Number 081.  That means that they're a servicer,

4    according to this own affidavit.  They're not the

5    owner and there's an unknown investor.

6           Now, that's important because they don't claim

7    in their complaint to be servicing the loan and the

8    holder.  They claim to own and hold.  That is a big

9    difference.  And my client, whether she's made the

10   payments or not, needs to have the ability to

11   negotiate with the true owner, or an actual

12   authorized representative of the owner and holder of

13   the note to try and either negotiate a settlement,

14   negotiate some kind of modification, potentially give

15   a deed in lieu.  But this is not the first instance.

16         THE COURT:  Speaking of that, this being a 2008

17   case, have you all gone to mediation?

18         MR. ORTH:  We have not had an opportunity to go

19   to mediation.

20         THE COURT:  Why not?

21         MR. ORTH:  I understand it's been ordered before

22   the trial.

23         THE COURT:  Right.

24         MR. ORTH:  Like I said, Your Honor, I was just

25   hired in the third week of December.  So I don't know

23

1     why it hasn't gone to mediation.

2          THE COURT: Is this for a homestead or a second

3     home?

4          MR. ORTH: It's a second home. Which that comes

5     in later as the plaintiff alleges -- I know there was

6     a counterclaim in this lawsuit that was dismissed. I

7     was not privy to those hearings. I don't know why it

8     was dismissed. But much was placed in their

9     documents in regards to the class action settlement,

10    which -- on the pick-a-payment loan.

11         THE COURT: Right.

12         MR. ORTH: Which apparently destroyed all kinds

13    of homeowners' rights.

14        The problem is when you look at the documents

15    that they filed in this case, the Federal Court

16    certified three classes: Those who no longer have a

17    pick-a-payment; those who do have a pick-a-payment

18    but aren't yet in default; and those that still have

19    a pick-a-payment are in default. But all three of

20    those classes require that that mortgage be on their

21    residential primary residence.

22        This loan was not on her residential primary

23    residence. It was on an investment property. The

24    Plaintiff knew it was investment property because the

25    note and the mortgage throughout, and it's all listed

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

24

1     in our motion, identified that this is the property,

2     this is the property that's secured, she lives here

3     and our notices go here.  She's up in Miami.

4         So they knew that she didn't belong to the

5     class.  Therefore, her rights by that class action

6     lawsuit, she could not have been a party to it and it

7     could not have wiped out any of her rights against

8     the Plaintiff for illegal actions.  It's impossible.

9     She would have to qualify as a member.  Plus, there's

10    no evidence before the Court that she was paid

11    anything, but they assert that it wipes out all the

12    defenses.

13        As to the affidavits, as Your Honor continues

14    through them -- what I had to do was because the

15    documents that are attached -- I guess they are

16    numbered up in the upper left.  I went through and

17    put a number on each individual page for my own

18    reference, starting with Page 1 of the loan payment

19    history.

20        There are multiple pages throughout here where

21    for some reason the loan number and it appears the

22    investor number are masked by a black line in an

23    attempt to prevent at least my client, if not the

24    Court, from knowing who the investor identity is.

25    That's further evidence that there's somebody else

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

25

1   and not the plaintiff who owns and holds the note.

2        Further, I indicated on Page 1 in the upper

3   right corner, it says, "Investor Number 081," on the

4   24th page there is a different document.  Now, if you

5   look at the very top of that document, not only does

6   the document appear completely different than the

7   Wells Fargo documents, which is the predecessor, this

8   document says "Wachovia Mortgage" on top.

9        And if you look on that, one concern we have,

10  which I'm sure was just simply a mistake, is my

11  client's Social Security number has not been masked.

12  We would ask the Court to take whatever remedies need

13  to be made to mask out my client's Social Security

14  number in these documents since it is a public

15  record.

16       MR. MAHFOOD:  No objection, Your Honor.

17       MR. ORTH:  However, on this there is an investor

18  loan number.  And that investor loan number I found

19  in here, and I apologize for not knowing exactly

20  where it is, it's 24056, which that's a Wachovia

21  document.  It says 24056 is the investor.  The Wells

22  Fargo then says Investor 081.

23       So it appears during the course of this history

24  of this lawsuit or the history of the loan that there

25  have been multiple investors.  Regardless, neither of

26

1    their affidavits state the Plaintiff owns and holds

2    the note.  They both say that -- one says,

3    Ms. Herrera says, "We're the servicer."  Ms. Nova

4    says, "We're the holder."  Neither of them say they

5    own and hold the note.  That is a factual dispute

6    which would preclude summary judgment today.

7         Also, another issue about these documents, Your

8    Honor, is neither of these affiants indicate in any

9    way, shape or form that they were ever employed by

10    Wachovia.  They say that they're employed by Bank of

11    America -- or Wells Fargo.  Therefore, there's no

12    evidence before this Court that they have any basis

13    of knowledge for the recordkeeping, the accuracy, the

14    date of entry of the records for Wachovia.

15    Therefore, according to the Glarum case, which is a

16    recent Fourth Circuit Court of Appeals, it's

17    inadmissible evidence, it's hearsay.  Glarum versus

18    LaSalle Bank National Association is a Fourth DCA

19    September 7th, 2011 case.  Westlaw Number 557-3941.

20    It's so new we don't have an So.3d citation.

21         In that situation the servicer was testifying as

22    to a private servicer, and that servicer couldn't say

23    those records are kept in the normal course of

24    business for that servicer.  He couldn't say the

25    prior servicer -- how they were created, when they

27

1    were created, that they were correct, they weren't

2    verified.  Nothing in these documents, these

3    affidavits, support their assertion that the

4    documents are true and correct.

5        In fact, that's incredibly important, because

6    they say that in 2009 there was this merger with

7    Wells Fargo.  Yet they say the default occurred in

8    2008.  So it's necessary for Wells Fargo to rely

9    completely on a previous entity's documents, without

10   any indication whatsoever in the affidavits that

11   anything was verified, that anything was

12   cross-checked, that they had personal knowledge as to

13   how the Wachovia employees entered the data.

14   Completely lacks foundation.

15       Any evidence submitted by Wells Fargo at this

16   point is inadmissible hearsay based on unverified,

17   unauthenticated prior records of another servicer,

18   and Glarum prevents those from coming in.

19       Another thing that they allege, and I believe

20   it's Ms. Nova says they're the holder.  Now, in

21   Florida there's only two ways to be a holder:  Either

22   the instrument is payable to the individual or the

23   entity, or it's endorsed in blank and it's in their

24   possession.  That's the holder law.

25       Now, there's no evidence -- I haven't seen the

28

1    original that's in the court file, but what we have

2    seen, there's no endorsement whatsoever to any other

3    party.  There's no endorsement over to Wells Fargo,

4    there's no endorsement to Wachovia.  Therefore, that

5    half of the holder statute is out the door because

6    it's not endorsed specifically to them.  Therefore,

7    the only other way to become a holder is for an

8    endorsement in blank.  That note does not have an

9    endorsement in blank.

10        If, in fact, there's any action to be taken,

11   it's Wells Fargo going back and getting a judicial

12   order granting them the proper endorsements from the

13   predecessors in interest.  That's a lawsuit as to

14   them, not my client.  But today they don't have

15   holder status because it's not in Wells Fargo's name,

16   it's not in Wachovia's name and it's not endorsed in

17   blank.

18        So they can't be a holder.  Their affidavits do

19   not in any way, shape or form assert that they own

20   the note.  And their documents in support thereof

21   indicate there's an investor.  The affidavit of

22   Ms. Herrera indicates they're the servicer.  Clearly

23   somebody else owns and holds the note.  And these two

24   weren't willing to lie to say, "We own and hold the

25   note."

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

29

1   So we don't have somebody who is before the

2   Court as a holder under Florida law.  We don't have

3   anybody before this Court who owns the note.

4   Therefore, there's no apparent authority to enforce

5   this note in this court.

6   Now, that is also important, because Ms. Herrera

7   alleges they're the servicer, and servicing rights

8   are not a negotiable instrument.  It's a contract.

9   So when and if World Savings changed its name to

10  Wachovia, did Wachovia get to take the contractual

11  rights of World Savings?  We don't know because

12  there's no evidence here.

13  When Wachovia merged into Wells Fargo, did Wells

14  Fargo purchase the servicing rights of Wachovia?  We

15  don't know because there's no evidence here.

16  Servicing rights require a contract generally and

17  some sort of documentation to support that the

18  servicer actually is entitled to be the servicer for

19  the true owner and holder.

20  There's no servicing agreement.  There's no

21  evidence whatsoever supporting that they actually

22  have the rights to service, that they have the rights

23  to enforce the note, that they have the right to

24  foreclose.  All we have is Ms. Herrera's affidavit,

25  which is -- there's nothing in here attesting that

30

1    everything in there is true and correct.  This says

2    they're the servicer.

3         So we don't have the right entity before the

4    Court.  Thus, without a proper authenticated

5    servicing agreement before the Court, there's no

6    evidence establishing that the Plaintiff before this

7    Court is entitled to enforce it.  The owner has to

8    come forward.

9         THE COURT:  We're almost out of time.  How much

10   longer do you need?

11        MR. ORTH:  Your Honor, just a few more moments.

12        I want to point out some very important

13   discrepancies, and everything that I would argue is

14   in our motion, our opposition.  There are a couple of

15   very interesting points in Ms. Herrera's affidavit.

16   The record she's relying on says, and this is on Page

17   8 of the payroll history, it says -- they say that

18   summary judgment was granted in this action on

19   May 26th, 2011.  No summary judgment was granted.

20   They say there was a third-party sale that occurred

21   on June 7th, 2011.  That hasn't happened.  And they

22   say sale confirmed.  That's all on Page 8 of the

23   documents.  Clearly the records she's relying on are

24   wrong, and subject to cross examination.

25        So the rest of our -- there's lack of personal

31

1   knowledge in these affidavits.  They haven't properly

2   overcome our affirmative defenses.  Some of them

3   we're not arguing.  The ones that we're arguing are

4   the first, third, sixth, seventh, eighth and tenth.

5   The other ones we're abandoning at this time.

6        Because there is ample factual disputes, also,

7   Your Honor -- and I specifically put in our motion

8   that our discovery requests are not an attempt to

9   delay this action, but proper discovery apparently

10  was not previously done.

11       When we were retained in December we drafted the

12  discovery request and got them served.  There is

13  discovery requests.  It pertains to the very issues

14  we have raised in our opposition, and because of that

15  we're going to need response from the plaintiff and I

16  suspect, if history plays itself out, we get a lot of

17  objections, have to come back down here and get an

18  order from the Court as to whether or not they should

19  be granted or not.

20       We would respectfully request that the Court

21  postpone the trial just to get discovery.

22       THE COURT:  No.  It's a 2008 case.  Ms. Marquez

23  chose to pick counsel just a week ago.  And if you're

24  coming into the case, you're accepting it with the

25  understanding that you're going to trial in February

32

1      if I deny this motion for summary judgment.

2            MR. ORTH:  Yes, Your Honor.

3            Nothing further at this time, Judge.

4            MR. MAHFOOD:  May I have a bit of rebuttal?

5            THE COURT:  Briefly.

6            MR. MAHFOOD:  Yes, Your Honor.  First, as to the

7      discovery issues, Your Honor, the discovery was

8      served with insufficient time to respond by the

9      discovery deadline.  Based upon the Court's order

10     scheduling case management conference, required

11     mediation, an order setting cause for trial, the

12     discovery deadline is January 16.  The discovery was

13     not served in sufficient time to allow the Plaintiff

14     30 days.  So I ask that we be permitted to disregard

15     that discovery altogether and not be required to

16     answer that, Your Honor.

17            Secondly --

18            THE COURT:  No.  That's also denied.  You will

19     respond to discovery by -- you have 30 days to

20     respond to discovery.

21            MR. MAHFOOD:  Thank you, Your Honor.

22            Secondly, Your Honor, while we disagree that my

23     client is obligated to pay the additional doc stamps

24     tax, for $155 we're not going to allow that to stand

25     in the way of getting this case completed.  So I'm

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

33

1    making an oral motion that if the Court believes that

2    our argument is wrong, that we abate the action for

3    an appropriate period of time to allow us to make

4    that payment, because it doesn't make any sense.

5    We're talking about a million plus dollars,

6    1.3 million total when you add up all the expenses.

7    So we're not going to allow that to stand in the way.

8    So we would ask the Court --

9         THE COURT: You're asking me to abate --

10        MR. MAHFOOD: Assuming you disagree with our

11   legal argument that we don't have to pay, then I'm

12   asking you --

13        THE COURT: I think you have to pay if you want

14   more than $975,000.

15        MR. MAHFOOD: Well, I think under that

16   exception, Your Honor, we do not. But assuming that

17   you disagree with that --

18        THE COURT: I disagree.

19        MR. MAHFOOD: -- we'll pay. I'm asking you to

20   abate until we can pay the $155.

21        THE COURT: What does that do to your motion for

22   summary judgment then?

23        MR. MAHFOOD: If I ask you, for example, a

24   period of two weeks to get it paid, I think you can

25   just hold the summary judgment under advisement and

34

1    after we present to the Court notice that the amount

2    has been paid, and then you can resolve the motion

3    for summary judgment as you see fit.

4         THE COURT:  Okay.

5         MR. MAHFOOD:  Secondly, Your Honor, there's been

6    a lot of argument about holders and owners.  There's

7    been no assignment.  World Savings Bank is Wachovia,

8    is Wells Fargo.  The evidence is before the Court.

9    The evidence is before the Court on exceptions to the

10   hearsay rule and self-authenticating documents.  We

11   don't need anything more than that.  That's what's

12   before the Court.

13        Plus, each of the affiants has said -- and I'll

14   hand up the two rules, Your Honor, that address that

15   issue.  It's 90.803 and 90.202.

16        In addition, Your Honor, the Plaintiff in this

17   case filed the original mortgage.  The case law says

18   that's sufficient.  We'll hand up those cases.

19        We cited three statutes under the Uniform

20   Commercial Code, and I'm citing three cases which

21   I'll provide to Counsel.  Taylor versus Bayview Loan

22   Servicing, Isaac versus Deutsche Bank National Trust,

23   and Gee versus U.S. National Bank.  I'll hand up the

24   statutes and those three cases, Your Honor.

25        In addition, Your Honor, there's been a

35

1   contention that the affiants do not have personal

2   knowledge, but if you look at Paragraph 2 of the

3   affidavit of Claudia Herrera and if you look at

4   Paragraph 3 of the affidavit of Belinda Nova, each of

5   them provides an explanation of how they acquired

6   their personal knowledge concerning the amounts at

7   issue.

8       Secondly, the amounts at issue are what are at

9   issue in this case, not whether there is an investor.

10   And I find it fascinating that Counsel, without the

11   benefit of any kind of affidavit or evidence,

12   suggests that the letters "INV" on a document mean

13   investor.  That can mean many other things and it

14   doesn't mean investor, doesn't necessarily mean --

15   and there's no evidence.  So the Court is left to

16   speculate about whether it's an investor or not.  In

17   the absence of evidence on that point the Court need

18   not address it.

19       More importantly, Your Honor, it does not matter

20   for the Court's purposes of whether there are

21   investors or not.  What matters is who is the holder

22   and entitled to enforce it?  The Plaintiff in this

23   case, World Savings, Wachovia, Wells Fargo is the

24   holder by virtue of the fact that they have filed the

25   original of the note with this Court.  The cases and

36

1    the statutes that I have provided to you suggest

2    that.

3         Now, the other thing is we don't have to have an

4    assignment where there has been no assignment.  When

5    the entity which is the mortgagee simply changes its

6    name, where the entity which is the mortgagee merges

7    into a company, it is still the same entity.  Nothing

8    has changed in that regard.  There is no need for any

9    kind of judicial process where Wells Fargo has got to

10   acquire through a judicial determination the rights

11   of Wachovia F.S.B.  That happens as a matter of law.

12   That doesn't have to -- we don't need such a

13   document.  So to the extent that there they are

14   arguing that we are not the right party in interest,

15   that is dead wrong and is not supported.

16        By the way, servicing a loan, an owner of a loan

17   can service the loan.  A servicer of the loan need

18   not be the owner.  The holder of the loan can be also

19   the servicer.  So to the extent that an affidavit

20   says we are servicing the loan, it does nothing more

21   than provide a factual basis for how the information

22   was acquired.  It's not a denial of ownership.  It is

23   not a denial of holder.  That's not -- that does not

24   fall.

25        THE COURT:  I understand.

37

1      MR. MAHFOOD:  Thank you, Your Honor.  So I would

2  ask the Court to postpone ruling for two weeks.

3  We'll get the additional amounts paid.  We'll provide

4  the Court -- we will file with the Court the doc

5  stamp tax receipt, and then we'd ask the Court to

6  rule on our motion for summary judgment.

7      THE COURT:  Well, the problem with all of that

8  is there is an administrative order that requires you

9  all to go to mediation before you get a ruling on a

10  motion for summary judgment, and you all haven't done

11  that, correct?

12      MR. MAHFOOD:  Correct.

13      THE COURT:  So what I'm going to do is I'm going

14  to hold this in abeyance for three weeks, give you,

15  the Plaintiff, a chance to pay the doc stamps that

16  are necessary for the -- or pay the additional doc

17  stamps and to attend mediation.

18      Upon showing that you've paid the doc stamps and

19  that you've gone to mediation, then I will rule on

20  the motion for summary judgment.  And you have three

21  weeks to do that.

22      MR. MAHFOOD:  Thank you, Your Honor.

23      THE COURT:  Thank you.

24      MR. MAHFOOD:  Would Your Honor like the

25  transcript of this proceeding filed with the Court?

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

38

1          THE COURT:  Yes, please.

2          MR. MAHFOOD:   Thank you.

3          (Thereupon, the foregoing proceedings were

4     concluded at 10:51 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

39

```
 1                       CERTIFICATE

 2

 3    STATE OF FLORIDA       )

 4    COUNTY OF MONROE       )

 5

 6         I, Jennifer D. Belz, CM, RPR, CRR, FPR, do

 7    hereby certify that I was authorized and did

 8    stenographically report the foregoing proceedings

 9    and that this transcript is a true record of the

10    proceedings before the Court.

11

12         I further certify that I am not a relative,

13    employee, attorney, or counsel for any of the

14    parties, nor am I a relative or employee of any of

15    the parties, attorney or counsel connected with the

16    action, nor am I financially interested in the

17    action.

18

19         IN WITNESS WHEREOF, I have hereunto set my hand

20    this 13th day of January 2012.

21

22

23                          JENNIFER D. BELZ

24

25
```

FRIEDMAN, LOMBARDI & OLSON
C O U R T   R E P O R T E R S

Exhibit C
6 Pages

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND
FOR MONROE COUNTY, FLORIDA

WACHOVIA MORTGAGE, F.S.B.
f/k/a WORLD SAVINGS BANK

    Plaintiff,

v.

CARIDAD MARQUEZ, et al.

    Defendants.

_____/

CASE NO.: 2008-CA-200972-P

FILED FOR RECORD
2012 MAR -1 AM 9:32
DANNY L. KOLHAGE
CLK. CIR. CT.
MONROE COUNTY, FLA.

## FINAL JUDGMENT OF FORECLOSURE

**THIS ACTION** was heard before the Court on Plaintiff's Motion for Default Judgment of Foreclosure.             On the evidence presented it is ORDERED AND ADJUDGED that:

    1.     Plaintiff's Motion for Default Judgment is **GRANTED**. Service of process has been retained over CARIDAD MARQUEZ Defendant.

    2.     **Amounts Due**: There is due and owing to the Plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed | $1,019,330.55 |
| Interest on the Note and Mortgage from 08/01/2008 to 7/30/2011 at 7.550% | $230,790.58 |
| Per diem interest at $16.86 from 7/31/11 to 1/04/12 (157 days) | $2,647.02 |
| Pre acceleration Late Charges | $756.17 |
| Hazard Insurance Disbursements | $24,518.23 |
| Tax Disbursements | $0.00 |
| Property Inspections | $410.00 |
| **SUBTOTAL** | **$1,278,452.55** |

**Court Costs**:

| | |
|---|---|
| Filing Fee | $320.00 |
| Service of Process | $90.00 |

| | |
|---|---|
| Mediation Fee | $400.00 |
| **SUBTOTAL** | **$1,279,262.55** |

**Additional Costs:**

| | |
|---|---|
| Title Search | $325.00 |
| Title Update | $75.00 |
| Recording Fee | $10.00 |
| Attorney's fees of Kass, Shuler, Solomon, Spector, P.A. | $1,250.00 |
| Attorney's fees of Broad and Cassel | RESERVED |

| | |
|---|---|
| **GRAND TOTAL** | **$1,280,922.55** |

3.      Interest.  The grand total referenced in paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4.      Lien on Property.  Plaintiff, whose address is 4101 Wiseman Blvd. Bldg 2303, San Antonio, TX 78251, holds a lien for the grand total sum specified in Paragraph 2 herein. The lien of the Plaintiff is superior in dignity to any right, title, interest, or claims of the Defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the Defendants, with the exception of any assessments that are superior pursuant to sections 718.116 and 720.3085.  The Plaintiff's lien encumbers the subject property located at Miami-Dade County, Florida and described as:

> **LOT 13, IN BLOCK 7, OF KEY LARGO BEACH, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 2 AT PAGE 149 OF THE PUBLIC RECORDS OF MONROE COUNTY, FLORIDA.**
>
> **A/K/A 33 SEAGATE BLVD, KEY LARGO, FLORIDA  33037.**

5.      Sale of Property.  If the grand total sum with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of this

2

Court shall sell the Property at public sale on _April 10ᵗʰ, 2012_,

to the highest bidder for cash, except as prescribed in Paragraph 6, at:

**Key West Courthouse**

500 Whitehead Street

Key West, FL 33040

305-294-4641

6.     Costs. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff or its assignee is not the purchaser of the Property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid or its assignee's bid with the total sum with interest and costs accruing subsequent to this judgment, or, such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title shall be assessed as costs.

7.     Right of Redemption. On filing of the Certificate of Sale, Defendants' right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.

8.     Distribution of Proceeds. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying: first, all of Plaintiff's or its assignee's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's or its assignee's attorneys' fees; fourth, the total sum due to Plaintiff or its assignee, less the items paid, plus interest at the rate prescribed in Paragraph 2 from this date to the date of the sale; During the (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9.     Right of Possession. On filing the Certificate of Sale, Defendants and all persons

claiming under or against Defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the Property and the purchaser at the sale shall be let into possession of the property, subject to the provisions of the "Protecting Tenant At Foreclosure Act of 2009."

10.    Attorneys Fees.   The Court finds, based upon affidavits presented and upon inquiry of counsel for the Plaintiff, that 10.0 hours were reasonably expended by Plaintiff's counsel, and that $100.00 per hour for paralegals, and $250.00 per hour for attorneys is appropriate.

11.    **PURSUANT TO FLORIDA STATUTES, SECTION 45.031, FLA. ST. (2006)**

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, DANNY L. KOHLAGE RUVINN, 305-294-4641, 500 WHITEHEAD STREET, KEY WEST, FLORIDA WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD**

4

**TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL SERVICES OF GREATER MAIAMI, INC. (TELEPHONE:   (305) 576-0080), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTANCT LEGAL SERVICES OF GREATER MAIAMI, INC. (TELEPHONE:   (305) 576-0080) FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

      12.      Jurisdiction. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments

      **DONE AND ORDERED** in Chambers in Monroe County, Florida, on _Feb 28_, 2012.

                                       CIRCUIT COURT JUDGE

*Copies furnished to:*

Christopher Lindhart, Esq.
Kass Shuler, PO Box 800
Tampa, FL 33601

Caridad Marquez
7532 SW 122nd Court
Miami, FL 33183

5

## Fwd: Wachovia v. Caridad Marquez          1

Hide Details

FROM:   Harry O

Thursday, March 1, 2012 6:55 PM

TO:    Marcos Velazquez    Caridad Marquez

## Please note e-mail.

---------- Forwarded message ----------
From: **James Orth** <jamesorthlaw@gmail.com>
Date: Thu, Mar 1, 2012 at 6:02 PM
Subject: Fwd: Wachovia v. Caridad Marquez
To: leal336567@gmail.com

Please see below.

James

---------- Forwarded message ----------
From: **George Mahfood** <gmahfood@broadandcassel.com>
Date: Thu, Mar 1, 2012 at 5:37 PM
Subject: Wachovia v. Caridad Marquez
To: James Orth <jamesorthlaw@gmail.com>
Cc: Michelle De Vera <mdevera@broadandcassel.com>, Laura Schwartz <lschwartz@broadandcassel.com>

Dear James,

This email follows our telephone conversation of a few moments ago.

My associate Michelle de Vera received a voicemail from Renee, Judge Garcia's judicial assistant, this afternoon while we were in a conference room preparing for trial.  We recently listened to the voice mail and I called you as soon as I heard it.

Renee stated that Judge Garcia had granted the motion for summary judgment yesterday, February 29, 2012, and had entered the final judgment of foreclosure.  Renee instructed Ms. de Vera to notify all parties that we should not appear for trial tomorrow morning.

I listened to the message with Michelle when she notified me.  I then called you to notify you.

We checked the court's docket.  The judgement does not yet appear on the docket, but the message was clear that the judgment had been entered and that we should not appear for trial tomorrow morning.

Please call me if you have any questions or if you are able to learn anything else about this situation.

George

|     HOME    |   BIO   |   VCARD

**George G. Mahfood**
PARTNER
2 SOUTH BISCAYNE BLVD.
21ST FLOOR
MIAMI, FL 33131
TELEPHONE: 305.373.9400
FACSIMILE: 305.373.9443
DIRECT LINE: 305.373.9427
DIRECT FACSIMILE: 305.995.6437
E-MAIL: GMAHFOOD@BROADANDCASSEL.COM

**BROAD AND CASSEL**
ATTORNEYS AT LAW

**www.broadandcassel.com**

http://36ohk6dgmcd1n-c.c.yom.mail.yahoo.net/om/api/1.0/openmail.app.invoke/36ohk6dg...   3/3/2012

Exhibit B

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT OF
THE STATE OF FLORIDA, IN AND FOR MONROE COUNTY

CASE NO. 08 CA 972 P

DATE: 1/4/12

TIME: 10:15

THE HONORABLE L. Garcia , JUDGE PRESIDING

L. Cokes , CLERK

J. Belz , COURT REPORTER

J. Torres , BAILIFF

PLAINTIFF Wachovia

ATTORNEY FOR PLA Matfood

VS

DEFENDANT Caridad Marquez ATTORNEY FOR DEF Orth

MINUTES:   HEARING  X   NON-JURY TRIAL

Motion for Summary judgment –

Def requests a continuance as his
client was not able to appear – Denied

Arguments were made by both sides.
Judge will review memorandum
& issue order at a later time

30 days for pltf to respond to discovery.

Pltf Requests 2 weeks before ruling –
Pltf will pay X additional
dock stamps.

JUDGE KEPT FILE: YES X  NO___ DEPUTY CLERK Laura Cokes

Granted – Held in abeyance for 3 weeks
& parties are ordered to mediation.

"Exhibit DD
3 Pages

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

WACHOVIA MORTGAGE FSB, f/k/a
WORLD SAVINGS BANK, FSB

        Plaintiff,

                V.                                    Case No.: 2008-CA-200972P
CARIDAD MARQUEZ, et. al.,
        Defendant,
_____/

# AFFIDAVIT OF JAMES E. ORTH, JR.

Respectfully Submitted,
March 21, 2012
*Caridad Marquez*
Caridad Marquez
7532 SW 122 Court
Miami, FL 33183

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S.
Mail, this 21th day of March 2012 to George Mahfood, Broad And Cassel, 2 S. Biscayne Blvd, 21st Floor, Miami, FL 33131.

*Caridad Marquez*
Caridad Marquez

Received by Monroe County Clerk's Office

date 3/21/12 By PK

7010 1060 0000 3081 0117

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

WACHOVIA MORTGAGE FSB, f/k/a          Case No.: 2008-CA-200972P
WORLD SAVINGS BANK, FSB

        Plaintiff,

v.

CARIDAD MARQUEZ, et. al.,

        Defendant.

_____/

### AFFIDAVIT OF JAMES E. ORTH, JR.

I, James E. Orth, Jr., hereby swear as follows:

1. I am a licensed attorney in the State of Florida and represented the Defendant, Caridad Marquez in this pending action during the period of December 27, 2011 through Wednesday, March 7, 2012 when our representation in this matter was terminated by the Defendant.

2. This declaration is based upon my personal knowledge, and if called upon as a witness in this matter I could competently testify to the facts as set forth below.

3. At the January 4, 2012 hearing on Plaintiff's Motion For Summary Judgment, Plaintiff's Counsel George Mahfood advised the Court that the original promissory note was in the Court's file.

4. On January 17, 2012, I, as counsel of record for the Defendant, appeared at the 16th Judicial Circuit Court located at 88820 Overseas Highway in Plantation Key, Florida, 33070. Upon arrival, your Affiant contacted the Clerk of Court who refused to allow me access to the Court's file in this action.

5. The Clerk of Court made your affiant a copy of the alleged original promissory note as it then existed in the court file. There was no signature page on the document.

6. On February 1, 2012, towards the end of the Pre-Trial conference, I advised the Court and Plaintiff's Counsel that there was no signature page located in the Court file on the alleged original note. The Court responded: "It will be a short trial then."

7.  Your affiant then advised the Court that the Clerk of Court refused your affiant access to the Court's file.  The Court then made an order in open court that your affiant and Plaintiff's Counsel George Mahfood could review the entire file in the courtroom.

8.  Your affiant and Plaintiff's Counsel George Mahfood then searched through the Court's file and discovered there was no signature page to the alleged original promissory note.


I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.


James E. Orth, Jr.

STATE OF FLORIDA        )
COUNTY OF BREVARD       )

Sworn to or affirmed and signed before me on March 16, 2012, by James E. Orth, Jr.

NOTARY PUBLIC

____ Personally known

____ Produced Identification
Type of identification Produced

*Exhibit E*

IN THE CIRCUIT CIVIL COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR MONROE COUNTY
CIVIL DIVISION

WACHOVIA MORTGAGE, FSB. f.k.a. WORLD
SAVINGS BANK, FSB
     Plaintiff,
vs.

           Case No.     2008-GA-000972

CARIDAD MARQUEZ, et al.
     Defendants.           Division

Doc# 1877915   04/10/2012   4:17PM
Filed & Recorded in Official Records of
MONROE COUNTY   DANNY L. KOLHAGE

FILED FOR RECORD
2012 APR 10 PM 3:
DANNY L KOLHAGE
CLK CIR. CT.
MONROE COUNTY FL

## CERTIFICATE OF SALE

The undersigned Clerk of the Court certifies that Notice of Public Sale of the property described in the Order or Judgment was published in the The Key West Citizen, a newspaper circulated in Monroe County, Florida, in the manner shown by the proof of publication attached and on <u>April 10, 2012</u>, the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property was submitted by <u>Wells Fargo Bank, N.A., 3476 STATEVIEW BLVD., FORT MILL, SC. 29715</u> to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the Order or Final Judgment.

WITNESS my hand and the seal of this Court this <u>10</u> day of <u>April</u>, 20<u>12</u>.

<u>Bid 100.00</u>
(SEAL)

CLERK OF THE CIRCUIT COURT

**DANNY L. KOLHAGE, Clerk**

By: _____
        Deputy Clerk

WACHOVIA MORTGAGE, FSB. f.k.a. WORLD SAVINGS BANK, FSB
C/O WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD.,
FORT MILL, SC. 29715

cc:
Kass Shuler, P.A., PO Box 800, Tampa, FL 33601

CARIDAD MARQUEZ Caridad Marquez, 7532 SW 122ND CT, MIAMI, FL 33183

317300.080313A/q65

Doc# 1877915
Bk# 2564   Pg# 566